FILED
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Brunswick, Georgia
By JBergen at 4:45 pm, Dec 05, 2017

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA

BRUNSWICK DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 CASE |
| | ) | No. 07-20244 |
| MARVIN B. SMITH, III, and | ) | |
| SHARON H. SMITH, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |

## ORDER DENYING MOTION FOR ENTRY OF ORDER ON VIOLATION OF THE AUTOMATIC STAY AND EMERGENCY VERIFIED MOTION FOR STAY OF WRIT OF POSSESSION AND ENFORCEMENT OF THE AUTOMATIC STAY

The Smiths presented a document entitled "Motion for Entry of Order on Violation of the Automatic Stay and Emergency Verified Motion for Stay of Writ of Possession and Enforcement of the Automatic Stay" to the Bankruptcy Court Clerk's Office as a contested matter for pre-filing review on July 27, 2017, and supplemented that document four times (as supplemented, the "Motion"). (ECF Nos. 728, 729, 732, 734, 736.)[1] The Bankruptcy Court submitted a report and recommendation regarding filing the Motion to the District Court on August 8,

---

[1] Unless otherwise indicated, all docket citations are to the docket in the lead bankruptcy case.

2017.[2]  (ECF No. 726.)  The following day, the District Court issued an order to the Bankruptcy Court to docket the Smiths' filing.  (ECF No. 727.)  The Smiths' Motion was docketed on August 9, 2017.

Meanwhile, the Smiths pursued a wrongful foreclosure action in District Court.  See Smith v. HSBC Bank USA, N.A., No. 2:15-CV-70 (S.D. Ga. Aug. 9, 2017).  In that case, the Smiths filed a motion seeking the same relief they seek here: an injunction against HSBC Bank enforcing the automatic stay.  The District Court entered an order (the "District Court Order") on August 9, 2017, denying their motion, finding that when Countrywide was granted relief from the automatic stay under the terms of the Consent Order, so was HSBC Bank.  Id.

The instant Motion is therefore barred by res judicata, which prohibits repeat litigation of a claim that was brought or could have been brought in an earlier proceeding.  Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999).  Res judicata applies to subsequent litigation when four conditions are satisfied: (1) "a final judgment on the merits," (2) made by an appropriate court, (3) the same parties or "those in privity with them," and (4) the same cause of action.  Id.  A "judgment" includes "a decree and any order from which an appeal lies."  Fed. R. Civ. P. 54(a).  A judgment is "on the merits" when the

---

[2] The Bankruptcy Court submitted a report and recommendation rather than rendering a decision, because the Motion was subject to pre-filing review by the District Court.  Smith v. Countrywide Home Loans Inc., No. 13-13808 (11th Cir. Dec. 19, 2013), cert. denied, 134 S. Ct. 2141, reh'g denied, 134 S. Ct. 2897 (2014).

2

521

decision is not reached on procedural grounds, but upon the facts of the case. See Vasquez v. YII Shipping Co., 692 F.3d 1192, 1199 (11th Cir. 2012). Here, the prior judgment is the District Court Order, which satisfies all four conditions for claim preclusion.

Moreover, as a "unit" of the District Court, the Bankruptcy Court is bound by the District Court's orders. 28 U.S.C. § 151; GRP Fin. Servs. Corp. v. Olsen (In re Olsen), No. 06-66198, 2007 Bankr. LEXIS 614, at *37 (Bankr. N.D. Ga. Jan. 8, 2007) (finding that the bankruptcy court was bound by the decision of the district court in parallel district court litigation between the parties); In re Wright, 144 B.R. 943, 949 (Bankr. S.D. Ga. 1992) (cataloging a list of bankruptcy decisions bound by prior district court orders). Here, the Smiths presented to the Bankruptcy Court the same claim they brought to the District Court. The Bankruptcy Court will not permit the Smiths to use it to disregard and side step a proper order from the District Court.

Because this claim has already been decided by the District Court, the Motion is barred by res judicata and **ORDERED DENIED**, and

**FURTHER ORDERED** the Smiths' Motion for Instruction on Repair of the Pleading, incorporated into one of their supplemental briefs (ECF No. 732), is **DENIED** as moot.

3

AO 72A
(Rev. 8/82)

522

Michele J. Kim
United States Bankruptcy Judge

Dated at Brunswick, Georgia,
this 5th day of December, 2017.

AO 72A

(Rev. 8/82)

-FILED

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

2017 DEC -8 AM 11: 58

U.S. BANKRUPTCY COURT
BRUNSWICK, GA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Marvin B. Smith, III and | ) | Chapter 7 |
| Sharon H. Smith, | ) | |
| Debtors. | ) | Case No. 07-20244 |
| | ) | |

| | | |
|---|---|---|
| | ) | |
| Marvin B. Smith, III and | ) | |
| Sharon H. Smith, | ) | CONTESTED MATTER |
| Movants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HSBC BANK USA, | ) | |
| HSBC BANK USA, N.A., | ) | |
| and | ) | |
| HSBC BANK USA, National Association | ) | |
| as Trustee for the Holders of | ) | |
| BCAP LLC Trust 2006-AA2, | ) | |
| Respondents. | ) | |

## EMERGENCY MOTION FOR RECONSIDERATION

**COME NOW** Marvin B. Smith, III and Sharon H. Smith, "Smiths", Debtors/ Movants

*pro se*, and move the Court to reconsider its December 5, 2017 Order, Dkt. #740, Denying

Motion for Entry of Order on Violation of the Automatic Stay and Emergency Verified Motion

for Stay of Writ of Possession and Enforcement of the Automatic Stay.

## BACKGROUND

On August 8, this Court filed a Report and Recommendation to the U.S. District Court,

Dkt. #726 with regard to the Smiths' Motion for Entry of Order on Violation of the Automatic

Stay and Emergency Verified Motion for Stay of Writ of Possession and Enforcement of the

1

Automatic Stay filed in this Court on July 27, 2017 and amended on July 28, 2017, Dkts. #728

and #729, but not docketed until August 9, 2017.

On August 9, 2017 the Smiths filed an Emergency Motion in the District Court 2:15 cv

70, Dkt. #69.  The prayers for relief in said Motion:

> **WHEREFORE**, the Smiths pray unto this Honorable Court
> 1. To notify the Bankruptcy Court that HSBC Bank USA and HSBC
> Bank USA, N. A. are not subject to the pre-filing injunction as ordered by the
> Eleventh Circuit;
> 2. To stay the execution of the Writ of Possession granted to HSBC Bank
> USA, N.A.;
> 3. To notify the Glynn County Sheriff's Office; and
> 4. For any further relief this Court deems appropriate.
> Respectfully submitted this 9th day of August, 2017.

On August 9, 2017 the U.S. District Court issued two Orders in response to the Eergen

One Order, Dkt. # 727, was filed in this Court rejecting the Report and Recommendation and

directing this Court "to file the Smiths' July 27, 2017 submission and rule upon it."  The other

Order was filed in the District Court 2:15 cv 70, Dkt. #70 denying the Smiths' Emergency

Motion, Dkt. #69, filed in that Court, Smith v. HSBC Bank USA, N.A., No. 2:15-CV-70 (S.D.

Ga. Aug. 9, 2017); which was appealed on August 11, 2017 to the Eleventh Circuit Court of

Appeals, No. 17-13622.

At the time the Smiths filed the Interlocutory Appeal on August 11, 2017 from the August

9, 2017 Order, 2:15-CV-70,  Dkt. #70, they were unaware of the second order of the U.S. District

Court filed the same day which was filed on August 9, 2017 in the U.S. Bankruptcy Court, Case

07-20244, Dkt. #727, directing the Bankruptcy Court to rule on the Smiths' motions regarding

enforcement of and violation of the automatic stay by HSBC Bank USA, N.A.  The Smiths were

notified through the Bankruptcy mailing system and did not receive notification until August 15,

2017.

On  September 1, 2017 the Smiths moved the District Court to reconsider its August 9, 2017 Order, Dkt. #70, denying the Smiths' Emergency Verified Motion to Stay Writ of Possession and to Enforce the Automatic Stay, because in the Order, Dkt. #70, the U. S. District Court stated: "The Consent Order modifying the stay was entered into by Countrywide Home Loans, Inc.-'as <u>Servicing Agent for HSBC Bank USA.'</u> ... An authorized agent [ ] has standing to bring a stay relief motion" for the 'the real party in interest,' and that is what happened here. [citations omitted].  Therefore, HSBC Bank USA was relieved when Countrywide Home Loans, Inc. was."  However, the Smiths have shown the U.S. District Court with support of documents in the record, Dkt. #85, that HSBC Bank USA was <u>not</u> an authorized agent and was <u>not</u> relieved from the stay when Countrywide Home Loans, Inc. was.  Consequently, the denial, Dkt. #70, of the Smiths' Emergency Motion, Dkt. # 69, was based on a mistaken assumption.

Said Motion for Reconsideration, Dkt. #85, attached and incorporated herein as **Exhibit A,** is still pending in case 2:15-CV-70

On September 5, 2017 the Smiths moved the Eleventh Circuit Court to stay the proceedings in Appeal No. 17-13622-BB, pending reconsideration of the August 9, 2017 District Court Order; and the motion was granted on September 22, 2017. Order of the Eleventh Circuit staying proceedings is attached and incorporated herein as **Exhibit B.**  The Interlocutory Appeal is still pending.

## ARGUMENT AND CITATION OF AUTHORITY

## I.  The Smiths' Motion, Dkt.# 728, Cannot Be Barred by Res Judicata.

The Smiths' Motion, Dkt. #728, cannot be barred by *Res Judicata* because the District

3

Court Order is not a final judgment on the merits.  A motion for reconsideration of the District

Court Order, Smith v. HSBC Bank USA, N.A., No. 2:15-CV-70 (S.D. Ga. Aug. 9, 2017) is still

pending and the Eleventh Circuit Court Appeal, No. 17-13622 is still pending.  Therefore, the

four necessary elements under Eleventh Circuit precedent to bar a claim as *res judicata* have not

been met. See *Ragsdale v. Rubbermaid, Inc*, 193 F.3d 1235, 1238 (11th Cir. 1999).


## II. The District Court Directed the Bankruptcy Court to Rule on the Smiths' Motion, Dkt. #728, which Cannot Be Considered a Parallel Litigation Side Stepping the District Court.

In their Emergency Motion in District Court, No. 2:15-CV-70, Dkt. #69, the Smiths

prayed, as quoted above at page 2, unto the District Court: "To notify the Bankruptcy Court that

HSBC Bank USA and HSBC Bank USA, N. A. are not subject to the pre-filing injunction as

ordered by the Eleventh Circuit;".   Despite having denied the Smiths' Emergency Motion, Smith

v. HSBC Bank USA, N.A., No. 2:15-CV-70 (S.D. Ga. Aug. 9, 2017), the District Court, on the

same day, rejected this Court's Report and Recommendation and ordered this Court to rule on

the Smiths' Motion, Dkt. #728, as requested by the Smiths in their Emergency Motion, Dkt. #69.

The Bankruptcy Court is bound by the District Court's orders.  28 U.S.C. Section 151*; In re*

*Wright*, 144 B.R. 943, 949 (Bankr. S.D. Ga 1992) (cataloging a list of bankruptcy decisions

bound by prior district court orders).  The District Court clearly directed this Court to rule on the

merits, allowing a challenge to the Consent Order granting relief of stay to Countrywide Home

Loans, Inc. as Servicing Agent for HSBC Bank USA, National Association as Trustee for the Holders

of BCAP LLC Trust 2006-AA2:

> Although the Bankruptcy Court intended to limit the Smiths' ability to
> challenge the Consent Order—as evidenced by the first, prefatory paragraph—it
> did not actually do so in the second, operative paragraph.  Nor does the present
> submission fall under the previous order.
> …..

...The present submission does not seek relief against any of the named parties. See Dkt. No. 726 at 3-4. And the parties named in the submission are not predecessors or successors to parties included in the injunction—rather, as the Report and Recommendation notes, they are in an agency relationship. Dkt. No. 726 at 5.

This Order is in no way meant as a comment on the Report and Recommendation's substantive analysis. Rather, the Bankruptcy Court is now permitted to file the Smiths' July 27 submission and rule upon it.

Order, Dkt. #727 at p. 2,3

Despite having made an erroneous assumption that Countrywide Home Loans Inc. and HSBC Bank USA, N.A. were in an agency relationship[1], which was reflected in Smith v. HSBC Bank USA, N.A., No. 2:15-CV-70 (S.D. Ga. Aug. 9, 2017), the District Court directed this Honorable Court to consider the merits and rule upon them without considering the District Court's comment and without allowing its comment to influence this Court's decision on the merits.

The Smiths have filed in this Court a Complaint against HSBC Bank USA, HSBC Bank USA, N.A. and HSBC Bank USA, National Association as Trustee for the Holders of BCAP LLC Trust 2006-AA2, Adversary No. 17-020216-MJK, which is incorporated herein by reference. The Smiths have asked this Court, *inter alia*, to determine the validity, priority, or extent of the alleged lien on the subject property, because only a real party in interest can be granted relief of stay. A motion under § 362(d) requires the movant to be a "party in interest." A moving party without a valid lien on the debtor's property is not a "party in interest" under § 362(d). See In re *Dino & Arties Automatic Transmission Co., Inc.*, 68 B.R. 264 (Bankr. S.D.N.Y. 1986); see also In re

---

[1]    The U.S. District Court mistakenly assumed that there was an agency relationship. Countrywide Home Loans, Inc. was not an authorized agent for HSBC Bank USA, National Association as Trustee for the Holders of BCAP LLC Trust 2006-AA2. See the Certified SEC document attached as **App. T at a-84**, Dkt #736. Countrywide Home Loans Servicing LP was a servicer for the trust. Regardless, the Smiths' mortgage was never in said trust.

5

*Comcoach Corp.*, 698 F.2d 571, 573 (2d Cir. 1983) (a nondirect creditor is not a party in interest); In re *Brown Transport*, 118 B.R. 889, 893 (Bankr. N.D. Ga. 1990) (same).

Additionally the Smiths submit that the Trustee objected to Claim #10 of Countrywide Home Loans, Inc., Dkt. #588; and on March 11, 2013 Judge Dalis issued an Order disallowing Claim #10, Dkt #603. The Fourth Circuit adopted the opinion of the District Court *National Capital Management v. Gammage-Lewis,* No. 5:10-cv-00468-F (E.D. N.C. Aug. 14, 2012), which affirmed the bankruptcy court and held that the court's disallowance of the claim rendered the lien void under section 506(d) upon debtor's discharge. The court found that Rule 7001(2), which provides for an adversary proceeding to determine the "validity, priority, or extent of a lien," is the mechanism under which a disallowed lien is extinguished upon discharge. The court further found that the trustee's objection to the claim served the same purpose as an adversary proceeding because it provided to the lender the necessary notice and opportunity to be heard.

### III.  It is in the Public Interest to Reconsider the Present Motion, Dkt. #728.

The Smiths have learned that an auction is currently being held to "sell" the subject property at 311 10th Street, Unit B, St. Simons Island, GA 31522 to the highest bidder.  No disclosures as to the pending lawsuits have been made by the listing broker.  See Listing by Ronnie Perry Realty and Auction by Xome, an affiliate of Nationstar, attached and incorporated herein as **Exhibit C**.

Any subsequent transfer of the subject property would be void for violation of the automatic stay. *Borg-Warner Acceptance Corp. v. Hall*, 685 F.2d 1306 (11th Cir. 1982); citing *Kalb v. Feuerstein*, 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370 (1940).

Additionally, the property would be void under the principle of *nemo dat quod non habet*.

6

Amicus Levitin Brief[2] regarding the principle of *nemo dat quod non habet*, applied by the

Massachusetts[3] Supreme Court in *Bevilacqua v. Rodriquez*:

> The principle of *nemo dat quod non habet*-that you can't give what you don't have-is the bedrock principle on which all
> commercial law is built. See, e.g., JOHN F, DOLAN ET AL.,
> CORE CONCEPTS OF COMMERCIAL LAW: PAST, PRESENT AND
> FUTURE: CASES AND MATERIALS 2 (Thompson West, 2004) ("The First
> Rule of Conveyancing-Nemo Dat"),
> .... As the Circuit Court for the District of Massachusetts noted 135 years ago,
> "No person can sell a thing he does not own, unless as the duly authorized agent
> of the owner. *Nemo dat quod non habet*." *Barnard v. Norwich & W.R. Co.*, 2 F.
> Cas. 841,845(Cir. Ct. D. Mass. 1876).
> ....as the *nemo dat* doctrine trumps the *bona fide* purchase doctrine. It is well
> established, black letter law that the "good faith purchaser from a thief or a mere
> bailee took subject to claims of ownership". William Warren, <u>Cutting Off
> Claims of Ownership Under the Uniform Commercial Code</u>,
> 30 U. CHI. L. REV. 469, 470 (1963).

According to the principle of *nemo dat quod non habet* (that you can't give what you don't

have), HSBC Bank USA, N.A. cannot convey title.  However, the Court must stop the bank,

because the fact that the Smiths' mortgage is not in the **BCAP LLC Trust 2006-AA2** and that

they have proceeded in violation of the automatic stay makes no difference to HSBC Bank USA,

N.A.  On October 17, 2016, HSBC Bank USA, N.A represented to the Glynn County Superior

Court that "Whether the Smiths' loan is in the BCAP LLC Trust 2006-AA2, or any other trust, is

completely irrelevant."  HSBC Bank USA, N.A. has never presented one piece of evidence that

it is the real party in interest and has not requested relief of stay.  Burden of proof lies with

HSBC Bank USA, N.A.

---

[2]     Amicus Curiae Brief, Professors Levitin (University of Georgetown Law),  Peterson
(University of Utah Law), Porter (Harvard Law),  Pottow (University of Michigan Law);
*Bevilacqua v. Rodriquez,*SJC-10880 (Mass.Supreme Court,Oct.18,2011).

[3]     Georgia, like Massachusetts, is a title theory state.

On August 14, 2017 when the dispossession was completed, the locks were changed and the keys were handed over to Ronnie Perry Realty agent who stated that Ronnie Perry Realty was under contract with Nationstar Mortgage. [4]  As the Smiths stated previously, it is the bank's intention to "sell" the Smiths' property and transfer title as soon as possible, all based on a fraudulent deed.  HSBC Bank USA, N.A. has no equity in the property, but the Smiths' life savings are in the property.  This Court can prevent further injustice and irreparable harm to the elderly Smiths, but also to an unsuspecting "purchaser" who will not have a valid deed.

**WHEREFORE**, Debtors pray unto this Honorable Court to reconsider its December 5, 2017 Order and to rule on the merits of the Motions, Dkt. # 728, because the District Court has already made it clear that it wants this Court to do so; and the Smiths urge the Court to do so as soon as possible because delay only complicates matters.

Respectfully submitted this 8th day of December, 2017.

Marvin B. Smith, III

Sharon H. Smith
Pro Se Debtors/Movants

P.O. Box 22063
St. Simons Island, Georgia  31522
(912) 268-8117
smbsmith@comcast.net

---

[4]    On December 4, 2013 Nationstar Mortgage as Servicer for HSBC Bank USA, National Association as Trustee for Holders of **BCAP LLC Trust 2006-AA2** filed a motion for relief of stay, Dkt. #623 in Bankr. Case 07-20244, attaching the Assignment, **App. O at a-44** ; which was withdrawn on 12/5/2013, Dkt. #625, **App. P at a-51**, for the obvious reason that it could not prove a real party in interest.  However, it was learned during the eviction process that the attorneys involved were employed by Nationstar, while having held themselves out to the Courts as representing HSBC Bank USA, N.A. with no disclosure of their employment by Nationstar.

8

531

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Marvin B. Smith, III and | ) | Chapter 7 |
| Sharon H. Smith, | ) | |
| Debtors. | ) | Case No. 07-20244 |
| | ) | |

| | | |
|---|---|---|
| | ) | |
| Marvin B. Smith, III and | ) | |
| Sharon H. Smith, | ) | Contested Matter |
| Movants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HSBC BANK USA, | ) | |
| HSBC BANK USA, N.A., | ) | |
| and | ) | |
| HSBC BANK USA, National Association | ) | |
| as Trustee for the Holders of | ) | |
| BCAP LLC Trust 2006-AA2, | **)** | |
| Respondents. | ) | |

## CERTIFICATE OF SERVICE

We hereby certify that we have this day served the following parties with
**Emergency Motion for Reconsideration**

R. Michael Souther
P.O. Box 978
Brunswick, GA 31521
msouther@mikesoutherlaw.com
*Chapter 7 Trustee*

Matthew Mills
2 East Bryan Street, Ste. 725
Savannah, GA 31401
matthew.e.mills@usdoj.gov
*U.S. Trustee*

By email*;* and the following parties were served

Christopher S. Anulewicz
Geremy Gregory
Balch & Bingham LLP
30 Ivan Allen Jr. Blvd. NW, Suite 700
Atlanta, GA 30308
*Attys for HSBC Bank USA, N.A.*

By placing the same in the United States Mail with sufficient postage affixed thereon to assure delivery.

Respectfully submitted this 8th day of December, 2017.

Marvin B. Smith, III

Sharon H. Smith

Debtors/Movants, *Pro se*

P.O. Box 22063
St. Simons Island, Georgia  31522
(912) 268-8117
smbsmith@comcast.net

2

533

# EXHIBIT

# A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| **MARVIN B. SMITH, III** AND | )  **CV215-70** |
| **SHARON H. SMITH,** | ) |
| | ) |
| **PLAINTIFFS,** | ) |
| **VS.** | ) |
| | ) |
| | ) |
| | ) |
| **HSBC BANK USA, NATIONAL ASSOCIATION;** | ) |
| | ) |
| **WELLS FARGO BANK, NATIONAL ASSOCIATION;** | ) |
| | ) |
| **S. ANDREW SHUPING, JR.;** | ) |
| | ) |
| **SHUPING, MORSE & ROSS LLP;** | ) |
| | ) |
| **RUBIN LUBLIN LLC and its AGENTS:** | ) |
| | ) |
| **BRETT CHANESS, Agent of Rubin Lublin LLC,** | ) |
| | ) |
| **PETER LUBLIN, Agent of Rubin Lublin LLC,** | ) |
| | ) |
| **DEFENDANTS.** | ) |
| | ) |

## MOTION FOR RECONSIDERATION OF ORDER ON PETITIONERS' EMERGENCY VERIFIED MOTION TO STAY WRIT OF POSSESSION AND TO ENFORCE THE AUTOMATIC STAY

### AND

## ADDITIONAL SUPPLEMENT IN SUPPORT OF PLAINTIFFS' REPLY IN OPPOSITION TO MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

### AND

## SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO AMEND PARTIES

**COME NOW** Marvin B. Smith, III and Sharon H. Smith, "Smiths", Plaintiffs *Pro Se*, and submit the following in support of their Reply in Opposition to Motion to Dismiss, Dkt.#56; and in support of their Motion to Amend Parties, Dkt. #81.  The Smiths also move this Honorable Court to reconsider its August 9, 2017 Order, Dkt. #70, denying the Smiths' Emergency Verified Motion to Stay Writ of Possession and to Enforce the Automatic Stay. Attached and incorporated herein, as Exhibit A, is Application for Stay filed in the United States Supreme Court with regard to the state court Order and Writ of Possession granted to HSBC Bank USA, N.A. which is offered in support of the Smiths' Motion for Reconsideration and in support of the referenced pleadings.

In the August 9, 2017 Order, Dkt. #70, the Court stated: "The Consent Order modifying the stay was entered into by Countrywide Home Loans, Inc.-'as Servicing Agent for HSBC Bank USA.' ... An authorized agent [ ] has standing to bring a stay relief motion" for the 'the real party in interest,' and that is what happened here. [citations omitted].  Therefore, HSBC Bank USA was relieved when Countrywide Home Loans, Inc. was."  However, as set forth in the Application for Stay with support from documents already in the record in this case and/or in the bankruptcy case 07-20244:

> The Automatic Stay was in place at the time of foreclosure by HSBC Bank USA, National Association as Trustee for the Holders of BCAP LLC Trust 2006-AA2 and at the time of the dispossessory action by HSBC Bank USA and HSBC Bank USA, N.A.  Only a real party in interest can be granted relief of stay as set forth below.  Countrywide Home Loans, Inc.as Servicing Agent for HSBC Bank USA, National Association as Trustee for the Holders of BCAP LLC Trust 2006-AA2 was granted relief of stay through a conditional Consent Order in 2009.[1]

---

[1]      The Smiths objected prior to relief of stay that Countrywide Home Loans, Inc. was not a real party in interest. The courts dismissed the cases as frivolous and applied a filing injunction with regard to Countrywide Home Loans, Inc. and the substituted parties. *See* below **General Background with Regard to Previous Cases**. However, the courts have now ruled that the injunction does not apply to HSBC Bank USA, N.A. and the Bankruptcy Court has been ordered to rule on the Contested Matter regarding violation of the stay. **App. B at a-4.**

1. The Smiths mortgage is not now, nor has it ever been, in the **BCAP LLC Trust 2006-AA2**, as evidenced by certified SEC documents, **App. R at a-66 through a-67.**

2. Countrywide Home Loans, Inc. was never the servicing agent for the **BCAP LLC Trust 2006-AA2** as evidenced by Certified SEC document, **App. T at a-84.** Therefore, there was no agency relationship.[2] To the contrary, Countrywide Home Loans, Inc. filed a claim as the secured creditor with no supporting documents, Claim #10-1, **App. J at 25.**

3. Countrywide Home Loans, Inc. requested a substitution of parties with regard to the Consent Order granting relief of stay and was granted that substitution by the Eleventh Circuit Court. The party relieved from the stay became BAC Home Loans Servicing LP, f/k/a Countrywide Home Loans Servicing LP for the Benefit of the **BCAP 2006- AA Trust.** *See* Substitution Order, **App. M at a-39.**

4. However, HSBC Bank USA, NA as Trustee for **BCAP LLC Trust 2006-AA2,** foreclosed in violation of the stay on May 5, 2015; See Deed Under Power, **App. Q at a-55,** and HSBC Bank USA, who is not a legal entity, filed its dispossessory action on May 6, 2016 in violation of the stay, **App. I at a-22 ;** and HSBC Bank USA, N.A. dispossessed the Smiths in violation of the stay on August 10, 2017 and August 14, 2017. *See* Writ of Possession, **App. F at a-15.**

Therefore, HSBC Bank USA was <u>not</u> an authorized agent and was <u>not</u> relieved from the stay when Countrywide Home Loans, Inc. was. Consequently, the denial, Dkt. #70, of the Smiths' Emergency Motion, Dkt. # 69, was based on a mistaken assumption.

As quoted from the Application, Exhibit A:

## CONCLUSION

As established above, neither HSBC Bank USA nor HSBC Bank USA, N.A was a real party in interest to have been granted the Writ of Possession. There is absolutely nothing in the record to substantiate ownership of the subject property by HSBC Bank USA or HSBC Bank USA, N,A, proof which was incumbent upon Respondents. HSBC Bank USA, who is not a legal entity, did not request relief of stay before filing its dispossessory action. The Smiths' mere possessory rights and the Estate's possessory interest are sufficient to have required relief of stay; therefore, all dispossessory action has been taken in violation of the stay. Furthermore, the violation was willful. It was learned during the dispossession that Nationstar Mortgage was the dispossessing agent,

---

[2]    The U.S. District Court mistakenly assumed that there was an agency relationship. **App. C .** Countrywide Home Loans, Inc. was not an authorized agent for HSBC Bank USA, National Association as Trustee for the Holders of BCAP LLC Trust 2006-AA2. **App. T at a-84.** Countrywide Home Loans Servicing LP was a servicer for the trust. And the Smiths' mortgage was never in said trust.

who knew that relief of stay was necessary, as evidenced by the filing and withdrawal of the motion for relief of stay, **App. O at a-44 and App. P at a-51** ; but who chose not to move the Bankruptcy Court for relief of stay for obvious reasons. And HSBC Bank USA, N.A. was aware of the Smiths' Bankruptcy Case but argued in the state court that there was no stay in effect and that the Smiths had no interest in the property.[3] Therefore, this Honorable Court should stay the Writ of Possession granted to HSBC Bank USA, N.A. in violation of the automatic stay and return possession to the Smiths, pending further determination by the Bankruptcy Court in the Contested Matter filed on July 27, 2017 regarding violation of the stay.

And, or in the alternative, should treat this application as a petition for certiorari, grant the petition, and summarily reverse the decision below: October 19, 2017 Order, **App. G at 17** , and October 20, 2017 Writ of Possession, **App. F at a-15** , Glynn County Superior Court Case No. CE16-00725-063; appealed to the Georgia Court of Appeals , No. A17A0663, who dismissed the appeal for lack of jurisdiction and denied as "moot" the Smiths' Motion to Vacate the Judgments Below as Void; and then the Supreme Court of Georgia denied certiorari on June 30, 2017, Case No. S17C1005. A judgment rendered during the pendency of an automatic stay is void *ab initio* and is a nullity, because it constitutes the exercise of judicial discretion in violation of the automatic stay. See *Jennings Enterprises v. Carte*, 224 Ga. App. 538, 540 (1) (481 SE2d 541) (1997); see also *Colden v. State of Ga.*, 244 Ga. App. 793, 794 (536 SE2d 820) (2000).

Actions taken in violation of the automatic stay are void and without effect. *Borg-Warner Acceptance Corp. v. Hall*, 685 F.2d 1306 (11th Cir. 1982); citing *Kalb v. Feuerstein*, 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370 (1940).

After filing this Motion for Reconsideration, the Smiths' will ask the Eleventh Circuit

Court of Appeals to stay proceedings in the appeal which was taken from the Order, Dkt. #70.

As previously stated in pleadings in this Court and in the Application for Stay, Exhbit A, the

Smiths were unaware, at the time they filed the appeal, Dkt. #72, of the Order filed by this Court

on August 9, 2017 in the Bankruptcy Court, Dkt. # 727, ordering the Bankruptcy Court to rule on

the Smiths' Motions, Dk. #728, filed in the Bankruptcy Court.

---

[3]     See Memorandum Decision, **App.U** , **at a-106** : In re Salov, Case No. 13-37269, June 6, 2014. Nationstar Mortgage was the violator of the stay. The Court stated: "Creditors could have prevented this outcome by doing a very simple thing—filing a motion for relief from the automatic stay prior to proceeding in state court against the Debtor. Instead, Creditors unilaterally concluded that no stay was in effect and the Debtor had no interest in the property. This was an incorrect assumption. Accordingly, Debtor has met the requirements for punitive damages."

Whether or not the United States Supreme Court grants the Application or grants certiorari with regard to the Writ of Possession granted by the Magistrate Court to HSBC Bank USA and then by the Superior Court to HSBC Bank USA, N.A., the actions were taken in violation of the automatic stay. This Honorable Court should reconsider its Order, Dkt. #70, and enforce the automatic stay against HSBC Bank USA, N.A. in order to right the manifest injustice of rendering the Smiths homeless to a party which has no proof of ownership or proof of a party in interest. At this point, all that is necessary is for this Court to enforce the stay with regard to the Smiths' possessory rights and the Estate's possessory interests pending further determination by the Bankruptcy Court regarding violation of the stay with regard to the foreclosure and pending this court's determination on the fraud and wrongful foreclosure by Defendants in the present case. The locks can be changed back to prevent further injustice.

**WHEREFORE**, Plaintiffs pray unto this Honorable Court to

1. Enforce the automatic stay against HSBC Bank USA, N.A. with regard to the Writ of Possession dated October 20, 2017;

2. Return possession of 311 10th Street, Unit B, St. Simons Island, GA to the Smiths; and

3. For any further relief this Court deems appropriate.

Respectfully submitted this 1st day of September, 2017.

P.O. Box 22063
St. Simons Island, Georgia  31522
(912) 268-8117
smbsmith@comcast.net

Marvin B. Smith, III

Sharon H. Smith

*Plaintiffs Pro Se*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### BRUNSWICK DIVISION

| | |
|---|---|
| **MARVIN B. SMITH, III** AND | **CV215-70** |
| **SHARON H. SMITH,** | |
| **PLAINTIFFS,** | |
| **VS.** | |
| | |
| **HSBC BANK USA, NATIONAL ASSOCIATION;** | |
| **WELLS FARGO BANK, NATIONAL ASSOCIATION;** | |
| **S. ANDREW SHUPING, JR.;** | |
| **SHUPING, MORSE & ROSS LLP;** | |
| **RUBIN LUBLIN LLC and its AGENTS:** | |
| **BRETT CHANESS, Agent of Rubin Lublin LLC,** | |
| **PETER LUBLIN, Agent of Rubin Lublin LLC,** | |
| **DEFENDANTS.** | |

## CERTIFICATE OF SERVICE

We hereby certify that we have this day served the following parties with the

1

**MOTION FOR RECONSIDERATION OF ORDER ON PETITIONERS'
EMERGENCY VERIFIED MOTION TO STAY WRIT OF POSSESSION
AND TO ENFORCE THE AUTOMATIC STAY**

**AND**

**ADDITIONAL SUPPLEMENT IN SUPPORT OF PLAINTIFFS' REPLY IN
OPPOSITION TO MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

**AND**

**SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO AMEND PARTIES**

Brett Chaness
Rubin Lublin, LLC
3740 Davinci Court, Suite 150
Peachtree Corners, Georgia 30092
*Pro se and attorney for Rubin Lublin, LLC and Peter Lublin*


Christopher S. Anulewicz
Geremy Gregory
Brooke W. Gram
Balch & Bingham LLP
30 Ivan Allen Jr. Blvd. NW, Suite 700
Atlanta, GA 30308
*Attorneys for HSBC Bank USA, National Association and
Wells Fargo Bank, National Association*

Brett C. Giordano
John Bunyan
Johannes S. Kingma
Carlock, Copeland & Stair LLP
191 Peachtree Street NE, Suite 3600
Atlanta, GA 30303
*Attorney for S. Andrew Shuping, Jr. and
Shuping, Morse & Ross LLP*


By placing the same in the United States Mail with all exhibits and with sufficient postage

2

affixed thereon to assure delivery.

Respectfully submitted this 1st day of September, 2017.

P.O. Box 22063
St. Simons Island, Georgia   31522
(912) 268-8117
smbsmith@comcast.net

Marvin B. Smith, III

Sharon H. Smith

*Plaintiffs Pro Se*

3

# EXHIBIT

# B

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 17-13622-BB

MARVIN B. SMITH, III,
SHARON H. SMITH,

                                              Plaintiffs - Appellants,

versus

HSBC BANK USA, NATIONAL ASSOCIATION,
WELLS FARGO BANK, NATIONAL ASSOCIATION,
S. ANDREW SHUPING, JR.,
SHUPING, MORSE AND ROSS, LLP,
RUBIN LUBLIN, LLC, et al.,

                                              Defendants - Appellees.

Appeal from the United States District Court
for the Southern District of Georgia

ORDER:

       Appellants' motion to stay proceedings pending the decision of the U.S. District Court

for the Southern District of Georgia on the pending Motion for reconsideration filed September

1, 2017 (#85) is *granted*.

                                              _____
                                              UNITED STATES CIRCUIT JUDGE

# EXHIBIT
# C

**MLS #:** T1586436A (Active)   **List Price:** $1,000,000                    311 10th St St. Simons Island, GA 31522



**STYLE:** Other
**APX HEATED SQFT:** 3950
**BEDROOMS:** 3
**FULL BATHS:** 4
**HALF BATHS:** 1
**TTL ROOMS:** 7
**# STORIES:** 3
**APX YEAR BUILT:** 2004
**PRE 1978:** No
**UNDER CONSTRUCTION:** No

**UNIT #:** B
**MAIN AREA:** S1:South SSI
**SUBDIVISION:** No Recorded Subdivision
**COUNTY:** Glynn
**ELEMENTARY SCHOOL:**
**MIDDLE SCHOOL:**
**HIGH SCHOOL:**
**CURRENT ZONING:** Condominium

**TAX ID:** 04-12897
**LEGAL PHASE:**
**ANNUAL TAXES:**
**LEGAL DESCRIPTION:** Unit B Enchantment by the Sea

**TAX MAP:**
**LEGAL BLOCK:**

**DEED BOOK/PAGE:**
                    **LEGAL LOT:**
**TAX YEAR:**

| | | | | | | |
|---|---|---|---|---|---|---|
| **APXTTLACRG:** 0.1 | **LOTFRNT:** | **LOTREAR:** | **LOTLEFT:** | **LOTRIGHT:** | **TTLLOTSQFT:** | |
| **RDFRNTG:** | **WTRFRNTG:** | **FLD ZN:** Yes | **FLDINSREQ:** Yes | | **STR PAVED:** Yes | |
| **X ZONE:** No | **VISIBILITY:** | **ACCESS:** County | | **EASEMENTS:** Utility | | |
| **USABLE %:** | **LAND LEASE/YEAR:** | | | **LEASE EXPIRE DATE:** | | |

**HOA:** Yes   **HOARQUIRD:** Yes   **HOA FEE:** 8000   **HOA$PAID:** Monthly   **MAINTFEE:**       **MNTFEEPD:**
**ASSOC FEES INCLUDE:**
**PROJECT FACILITIES:**

**LOT FEATURES:** Covenants, Interior
**LOT ACCESS:** County Road          **FRONTAGE:** Ocean Frontage
**FARM INFO:**

**GARAGE:** No     **GARAGE CAPACITY:**          **CARPORT:** No     **CARPORT CAPACITY:**
**PARKING DETAILS:** Other

**EXTERIOR HOUSE FEATURES:**
**INTERIOR FEATURES:**
**APPLIANCE MECH:**

**STRUCTURE:** Wood Frame                      **UTILITIES:** Waste: Public Sewer, Water: Public
**SUB STRUCTURE:** Block, Masonry              **ENERGY:**
**CONSTRUCT/SIDING:** SD: Stucco               **# FIREPLACES:** 1
**INTERIOR CONSTRUCT:** Floor: Hardwood, Floor: Marble, Walls:   **FIREPLACE LOCATIONS:** Den/Family Rm
Sheetrock                                      **MASTER BEDRM/BATH:** MBath: Sep Shower

**DIRECTIONS:** Go to Saint Simons Island and keep right on Kings Way. Go to caution light past the village and take a right. Then take first left. Home is on the right next to beach access.

**PUBLIC REMARKS:** Make every day a vacation when you purchase this ocean front condo. Unsurpassed view of the sunset over the water and easy access to the ocean right out your front door. Walking distance to Village shopping and close proximity to schools and churches. 3 story home with elevator, kitchen has granite counter tops with superb finishes and fixtures with hardwood and travertine throughout. Private fenced lawn to ocean deck.

**REALTOR REMARKS:** Corporate owned property with special addendums and procedures. Call agent on duty for access on office number.
**OFFICE NOTES:**

**OWNERS NAME:**             **OWNERS PHONE:**              **OWNERS ALT PHONE:**
**OFFICE FILE #:**       **LISTING TYPE:** ER     **BUYER BROKER FEE %:** 1                    **BB RATE:** F
**BUYER BROKER FEE %:** 1            **COOP FEE %:** 1          **COOP RATE:** F       **COOP FEE $:**
**OWNERSHIP:**              **SELLER TERMS:** Possession at Closing
**SHOWING:** Lockbox: Call for Code, Vacant
**EXISTING LEASES:**       **SENTRILOCK BLUETOOTH LOCKBOX:** No              **LOCKBOX SERIAL NUM:**
**ORIGINAL LIST PRICE:** $1,000,000          **CONTRACT DATE:**           **PROJECTED CLOSING DATE:**
**LIST DATE:**          **EXPIRE DATE:**                **DAYS ON MARKET:** 5
**DISPLAY ON INTERNET:** Yes       **DISPLAY ADDRESS:** Yes      **ALLOW AVM:** No       **ALLOW COMMENTS:** No

**Office Name:** Ronnie Perry Realty (#:105)    **Listing Agent:** Jill Jernigan (#:3)
**Main:** (912) 267-0006                        **Contact #:** (912) 267-0006
**Fax:** (912) 265-3350                          **Agent Email:** ronnieperryrealty@gmail.com**License Number:** 245969
**Office Corporate License:** H-6777

© 2017 Systems Engineering, Inc. - All Rights Reserved
Information Herein Deemed Reliable but Not Guaranteed

12/4/2017

**MLS #: T1586436A (Active)**   **List Price: $1,000,000**   311 10th St St. Simons Island, GA 31522



**STYLE:** Other
**APX HEATED SQFT:** 3950
**BEDROOMS:** 3
**FULL BATHS:** 4
**HALF BATHS:** 1
**TTL ROOMS:** 7
**# STORIES:** 3
**APX YEAR BUILT:** 2004
**PRE 1978:** No
**UNDER CONSTRUCTION:** No

**UNIT #:** B
**MAIN AREA:** S1:South SSI
**SUBDIVISION:** No Recorded Subdivision
**COUNTY:** Glynn
**ELEMENTARY SCHOOL:**
**MIDDLE SCHOOL:**
**HIGH SCHOOL:**
**CURRENT ZONING:** Condominium

**TAX ID:** 04-12897
**LEGAL PHASE:**
**ANNUAL TAXES:**
**TAX MAP:**
**LEGAL BLOCK:**
**DEED BOOK/PAGE:**
**LEGAL LOT:**
**TAX YEAR:**
**LEGAL DESCRIPTION:** Unit B Enchantment by the Sea

**APXTTLACRG:** 0.1   **LOTFRNT:**   **LOTREAR:**   **LOTLEFT:**   **LOTRIGHT:**   **TTLLOTSQFT:**
**RDFRNTG:**   **WTRFRNTG:**   **FLD ZN:** Yes   **FLDINSREQ:** Yes   **STR PAVED:** Yes
**X ZONE:** No   **VISIBILITY:**   **ACCESS:** County   **EASEMENTS:** Utility
**USABLE %:**   **LAND LEASE/YEAR:**   **LEASE EXPIRE DATE:**
**HOA:** Yes   **HOARQUIRD:** Yes   **HOA FEE:** 4000   **HOA$PAID:** Monthly   **MAINTFEE:**   **MNTFEEPD:**
**ASSOC FEES INCLUDE:**
**PROJECT FACILITIES:**
**LOT FEATURES:** Covenants, Interior
**LOT ACCESS:** County Road   **FRONTAGE:** Ocean Frontage
**FARM INFO:**

**GARAGE:** No   **GARAGE CAPACITY:**   **CARPORT:** No   **CARPORT CAPACITY:**
**PARKING DETAILS:** Other
**EXTERIOR HOUSE FEATURES:**
**INTERIOR FEATURES:**
**APPLIANCE MECH:**
**STRUCTURE:** Wood Frame
**SUB STRUCTURE:** Block, Masonry
**CONSTRUCT/SIDING:** SD: Stucco
**INTERIOR CONSTRUCT:** Floor: Hardwood, Floor: Marble, Walls:
Sheetrock

**UTILITIES:** Waste: Public Sewer, Water: Public
**ENERGY:**
**# FIREPLACES:** 1
**FIREPLACE LOCATIONS:** Den/Family Rm
**MASTER BEDRM/BATH:** MBath: Sep Shower

**DIRECTIONS:** Go to Saint Simons Island and keep right on Kings Way. Go to caution light past the village and take a right. Then take first left. Home is on the right next to beach access.
**PUBLIC REMARKS:** Make every day a vacation when you purchase this ocean front condo. Unsurpassed view of the sunset over the water and easy access to the ocean right out your front door. Walking distance to Village shopping and close proximity to schools and churches. 3 story home with elevator, kitchen has granite counter tops with superb finishes and fixtures with hardwood and travertine throughout. Private fenced lawn to ocean deck.
**REALTOR REMARKS:** Corporate owned property with special addendums and procedures. Call agent on duty for access on office number. HOA president is Dolores Murphy 912-602-2349. Please contact for accurate HOA fees and information. ALL OFFERS MUST BE PLACED ON XOME.com.
**OFFICE NOTES:**
**OWNERS NAME:**   **OWNERS PHONE:**   **OWNERS ALT PHONE:**
**OFFICE FILE #:**   **LISTING TYPE:** ER   **BUYER BROKER FEE %:** 1   **BB RATE:** F
**BUYER BROKER FEE %:** 1   **COOP FEE %:** 1   **COOP RATE:** F   **COOP FEE $:**
**OWNERSHIP:**   **SELLER TERMS:** Possession at Closing
**SHOWING:** Lockbox: Call for Code, Vacant
**EXISTING LEASES:**   **SENTRILOCK BLUETOOTH LOCKBOX:** No   **LOCKBOX SERIAL NUM:**
**ORIGINAL LIST PRICE:** $1,000,000   **CONTRACT DATE:**   **PROJECTED CLOSING DATE:**
**LIST DATE:**   **EXPIRE DATE:**   **DAYS ON MARKET:** 9
**DISPLAY ON INTERNET:** Yes   **DISPLAY ADDRESS:** Yes   **ALLOW AVM:** No   **ALLOW COMMENTS:** No

**Office Name:** Ronnie Perry Realty (#:105)   **Listing Agent:** Jill Jernigan (#:3)
**Main:** (912) 267-0006   **Contact #:** (912) 267-0006
**Fax:** (912) 265-3350   **Agent Email:** ronnieperryrealty@gmail.com**License Number:** 245969
**Office Corporate License:** H-6777

© 2017 Systems Engineering, Inc. - All Rights Reserved
Information Herein Deemed Reliable but Not Guaranteed

12/6/2017

11 10th St B - St. Simons Island, Georgia 31522 - Isteawe Document Map/search-details/map/search-id/186442/1586436/311-10t..

Case 2:19-cv-00073-LGW Document 11-1 Filed 08/01/19 Page 29 of 86
Case:07-20244-MJK Doc#:742 Filed:12/08/17 Entered:12/08/17 12:34:49 Page:25 of 26



Phone :912-267-0006

**Avenue of Oaks**
Home to rows and rows of beauty

Search Homes

Our Listings

Foreclosures

Our Agents

Trusted Vendors

Community

Around Town Blog

Calendar

Contact Us

New Search    Modify Search    Save Property    Back to Results

### 311 10th St #B
St. Simons Island, GA 31522



**Price: $1,000,000**
Est. Monthly Payment: **$5,368.22** See Details
Mortgage Calculator        Listing ID: 1586436

| | |
|---|---|
| Status: | **Active** |
| Bedrooms: | **3 Bed** |
| Total Baths: | **5 Bath** |
| Full Baths: | **4 Bath** |
| Partial Baths: | **1 Bath** |
| SqFt: | **3,950 Sq Ft** |
| Year Built: | **2004** |

**View Photo Gallery**

Map Location    More Info    Schedule a Showing    Printable Flyer

Make every day a vacation when you purchase this ocean front condo. Unsurpassed view of the sunset over the water and easy access to the ocean right out your front door. Walking distance to Village shopping and close proximity to schools and churches. 3 story home with elevator, kitchen has granite counter tops with superb finishes and fixtures with hardwood and travertine throughout. Private fenced lawn to ocean deck.

### Basic Features

| | |
|---|---|
| **Address:** 311 10th St B | **Pre 1978:** no |
| **Bedrooms:** 3 | **Rent/Lease:** neither |
| **City:** St. Simons Island | **Rent/Lease Off Season:** $0 |
| **County:** Glynn | **Rent/Lease Price:** $0 |
| **Fireplace Locations:** Den/Family Rm | **Seller Terms:** Possession at Closing |
| **Frontage:** Ocean Frontage | **SqFt:** 3,950 |
| **Full Baths:** 4 | **State:** Georgia |
| **Interior Construction:** Floor: Hardwood, Walls: | |

Sheetrock, Floor: Marble
**Listing ID:** 1586436
**Listing Price:** $1,000,000
**Lot Access:** County Road
**Main Area:** S1:South SSI
**Partial Baths:** 1

**Status:** Active
**Style:** Other
**Sub Structure:** Masonry, Block
**Subdivision:** No Recorded Subdivision
**Total Baths:** 5
**Unit Number:** B
**Utilities:** Water: Public, Waste: Public Sewer
**Year Built:** 2004
**Postal Code:** 31522
**Zoning:** Condominium

## Additional Features

**Construction/Siding:** SD: Stucco
**Half Baths:** 1
**Lot Features:** Covenants, Interior
**Master Bedroom/Bath:** MBath: Sep Shower

**Number of Fireplaces:** 1
**Number of Stories:** 3
**Parking:** Other
**Property Type:** Condo/Townhouse
**Total Rooms:** 7



mapquest

©2017 MAPQUEST, @ MAPBOX, © TOMTOM | TERMS

© 2017 Golden Isles Multiple Listing Service (GIMLS).
Information deemed reliable, but not guaranteed.
Listing courtesy of Ronnie Perry Realty

## Contact - Listing ID 1586436

**First Name***        **Last Name***        **Email Address***

**Message**

Send Message      Reset Form

## Ronnie Perry Realty

3144 Cypress Mill Road
Brunswick, GA 31525
Phone: 9122870006
Fax: 9122853350

Data services provided by IDX Broker

Copyright 2012 Ronnie Perry Realty

**FILED**
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Brunswick, Georgia
*By JBergen at 3:22 pm, Dec 13, 2017*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 CASE |
| | ) | No. 07-20244 |
| MARVIN B. SMITH, III, and | ) | |
| SHARON H. SMITH, | ) | |
| | ) | |
| Debtors. | ) | |

## ORDER DENYING MOTION FOR RECONSIDERATION

The document styled as an Emergency Motion for Reconsideration (ECF No. 742)

filed by Debtors, Marvin B. Smith, III and Sharon H. Smith, to reconsider the Order

Denying Motion for Entry on Violation of the Automatic Stay and Emergency Verified

Motion for Stay of Writ of Possession and Enforcement of the Automatic Stay (ECF No.

740) entered on December 5, 2017, having been read and considered, is **ORDERED**

**DENIED**.

Michele J. Kim
United States Bankruptcy Judge

Dated at Brunswick, Georgia,
this /3th day of December, 2017.

FILED

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

2017 DEC 14   AM 10: 43

U.S. BANKRUPTCY COURT
BRUNSWICK, GA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Marvin B. Smith, III and | ) | Chapter 7 |
| Sharon H. Smith, | ) | |
| Debtors. | ) | Case No. 07-20244 |
| | ) | |

_____

| | | |
|---|---|---|
| | ) | |
| Marvin B. Smith, III and | ) | |
| Sharon H. Smith, | ) | CONTESTED MATTER |
| Movants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HSBC BANK USA, | ) | |
| HSBC BANK USA, N.A., | ) | |
| and | ) | |
| HSBC BANK USA, National Association | ) | |
| as Trustee for the Holders of | ) | |
| BCAP LLC Trust 2006-AA2, | ) | |
| Respondents. | ) | |

## NOTICE OF APPEAL

Marvin B. Smith, III and Sharon H. Smith, Debtors, appeal under 28 U.S.C. 158(a) from

the December 5, 2017 Order Denying Motion for Entry of Order on Violation of the Automatic

Stay and Emergency Verified Motion for Stay of Writ of Possession and Enforcement of the

Automatic Stay, Dkt #740, of U.S. Bankruptcy Judge, The Honorable Michele Kim.  Emergency

Motion for Reconsideration was denied on December 13, 2017, Dkt. #743.

The names of all parties to the Order appealed from and the names, addresses, and

telephone numbers of their respective attorneys are as follows:

1

R. Michael Souther
P.O. Box 978
Brunswick, GA  31521
Telephone:  912-265-5544
*Chapter 7 Trustee*

Matthew Mills
2 East Bryan Street, Ste. 725
Savannah, GA  31401
Telephone:  912-652-4112
*U.S. Trustee*

Christopher S. Anulewicz
Geremy Gregory
Balch & Bingham LLP
30 Ivan Allen Jr. Blvd. NW, Suite 700
Atlanta, GA 30308
Telephone: 404-261-3656
*Attys for HSBC Bank USA, N.A.*

      Respectfully submitted this 14ᵗʰ day of December, 2017.

P.O. Box 22063
St. Simons Island, Georgia  31522
(912) 268-8117
smbsmith@comcast.net

Marvin B. Smith, III

Sharon H. Smith

*Debtors/Movants*

2

552

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Marvin B. Smith, III and | ) | Chapter 7 |
| Sharon H. Smith, | ) | |
| Debtors. | ) | Case No. 07-20244 |
| | ) | |

| | | |
|---|---|---|
| | ) | |
| Marvin B. Smith, III and | ) | |
| Sharon H. Smith, | ) | Contested Matter |
| Movants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HSBC BANK USA, | ) | |
| HSBC BANK USA, N.A., | ) | |
| and | ) | |
| HSBC BANK USA, National Association | ) | |
| as Trustee for the Holders of | ) | |
| BCAP LLC Trust 2006-AA2, | ) | |
| Respondents. | ) | |

## CERTIFICATE OF SERVICE

We hereby certify that we have this day served the following parties with
**Notice of Appeal**

R. Michael Souther
P.O. Box 978
Brunswick, GA  31521
msouther@mikesoutherlaw.com
*Chapter 7 Trustee*

Matthew Mills
2 East Bryan Street, Ste. 725
Savannah, GA  31401
matthew.e.mills@usdoj.gov
*U.S. Trustee*

By email; and the following parties were served

1

Christopher S. Anulewicz
Geremy Gregory
Balch & Bingham LLP
30 Ivan Allen Jr. Blvd. NW, Suite 700
Atlanta, GA 30308
*Attys for HSBC Bank USA, N.A.*


By placing the same in the United States Mail with sufficient postage affixed thereon to assure delivery.


Respectfully submitted this 14th day of December, 2017.


Marvin B. Smith, III


Sharon H. Smith

Debtors/Movants, *Pro se*

P.O. Box 22063
St. Simons Island, Georgia  31522
(912) 268-8117
smbsmith@comcast.net



```
         UNITED STATES
BANKRUPTCY COURT DIVISION GEORGIA

      #  806119      —  JB
    * * C O P Y * *
December 14, 2017
      11:04:07

     Appeal & Notice
      07-20244-MJK7
Debtor.: MARVIN B. SMITH, III
Judge..: MICHELE J. KIM
Trustee: R. Souther, Trustee
Amount.:
                    $298.00 CA

E

Total->  $298.00



FROM: SHARON SMITH
```

RECEIVED
DEPUTY CLERK
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK, GEORGIA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

In re: )
)
Marvin B. Smith, III and )          Chapter 7
Sharon H. Smith, )
          Debtors. )          Case No. 07-20244

_____

Marvin B. Smith, III and )
Sharon H. Smith, )          Contested Matter
          Movants, )
v. )
)
HSBC BANK USA, )
)
HSBC BANK USA, N.A., )
)
HSBC BANK USA, National Association )
as Trustee for the Holders of )
BCAP LLC Trust 2006-AA2, )
)
Patrick J. Burke, Pres./CEO of HSBC Bank USA, N.A., )
)
Balch & Bingham, LLP, )
Geremy Gregory, Agent for Balch & Bingham LLP, )
Christopher Anulewicz, Agent for Balch & Bingham LLP, )
)
McGuire Woods, LLP, )
Paul A. Rogers, Agent for McGuire Woods, LLP, )
Thomas R. Walker, Agent for McGuire Woods, LLP, )
Jarrod S. Mendel, Agent for McGuire Woods, LLP, )
)
Rubin Lublin, LLC, )
Peter Lublin, Agent of Rubin Lublin, LLC, )
Bret Chaness, Agent of Rubin Lublin, LLC, )
)
Ronnie Perry Realty Co., Inc. and )
Jill Jernigan, Agent/Broker for Ronnie Perry Realty Co, Inc) )
)
          Respondents. )

**EMERGENCY MOTION TO ENFORCE DISCHARGE INJUNCTION and**

**MOTION FOR ISSUANCE OF AN ORDER TO RESPONDENTS TO SHOW CAUSE
WHY THEY SHOULD NOT BE HELD IN CONTEMPT**

1

**COME NOW** Marvin B. Smith, III and Sharon H. Smith, "Smiths", Debtors/Movants *pro se,* pursuant to 11 U.S.C. § 506(d), 11 USC .§ 524(a), Bankruptcy Rule 9020 and Bankruptcy Rule 9014, and move this Court for enforcement of the discharge injunction and for issuance of an Order to Respondents to show cause why they should not be held in contempt for willful violation of this Court's Order, Dkt #603, and/or the discharge injunction. This contested matter is brought on an emergency basis because Respondents are again attempting to transfer the subject property in violation of a bankruptcy injunction. *See* Xome auction profile and results, which is attached and incorporated herein as **Exhibit G.**

### JUSRISDICTIONAL STATEMENT

The contempt issue here arises in the context of matters which are core in nature pursuant to 28 U.S.C. § 157(b)(2), and, thus, is likewise a core proceeding. This Court has jurisdiction pursuant to 11 U.S.C. § 506(d), 11 USC .§ 524(a), Bankruptcy Rule 9020 and Bankruptcy Rule 9014 to enforce the discharge injunction and issue its order of contempt. See *In re McClean; Green Point Credit, LLC et al v. McClean*, Case No.14-14002, 11th Cir. 07/23/2015, the Eleventh Circuit Court stated:

> ....the purpose of a court's contempt power is in part to "ensur[e] that the Judiciary has a means to vindicate its own authority," not simply to enforce rulings in individual proceedings. Young v. United States ex rel. Vuitton et Fils S.A., 481 U.S. 787, 796 (1987). The violation of an injunction is a contempt against an entire court insofar as it flouts the court's basic authority to preserve order and administer justice. See id.at 798; Alderwoods Grp., 682 F.3d at 969-71. Accordingly, any court — bankruptcy court included — has inherent powers to punish contempt against it, as a means of protecting itself as an institution. See Jove Eng'g, Inc. v. Internal Revenue Serv., 92 F.3d 1539, 1553 (11th Cir. 1996).
> . . . . .
> The Federal Rules of Bankruptcy Procedure list ten different types of adversary proceedings, none of which is an action to enforce the discharge injunction. See Fed. R. Bankr. P. 7001. A contested matter, conversely,is any litigation resolving an "actual dispute, other than an adversary proceeding, before the bankruptcy court." Fed. R. Bankr. P. 9014 advisory committee's note. Indeed, Federal Rule of Bankruptcy Procedure 9020 specifically provides that "a motion for an order of

2

contempt" is governed by Rule 9014, which relates to contested matters. Thus, "[g]enerally speaking, civil contempt sanctions for the violation of the discharge injunction must be sought by contested matter rather than an adversary proceeding." Chionis v. Starkus (In re Chionis), No. CC-12-1501, 2013 WL 6840485, at *4 (B.A.P. 9th Cir. Dec. 27, 2013); see Barrientos v. Wells Fargo Bank, N.A., 633 F.3d 1186, 1190 (9th Cir. 2011)(contempt proceedings are always contested matters).

## FACTUAL BACKGROUND

Consolidated Appeal No. 18-12349 /No. 18-10736 is pending in the Eleventh Circuit Court of Appeals with regard, *inter alia*, to the District Court's assumption that HSBC Bank USA, N.A. National Association as Trustee for Holders of BCAP LLC Trust 2006-AA2 was granted relief of stay "when Countrywide Home Loans, Inc. was" in 2009.  Regardless of whether or not there was an agency relationship with HSBC Bank USA, N.A., the claim of Countrywide Home Loans, Inc., #10, was disallowed in its entirety by Order of this Court in 2013, Dkt. #603.

Countrywide Home Loans, Inc. was granted relief of stay in 2009, Dkt. #174, with regard to the subject property at 311 10th Street, Unit B, St. Simons Island, GA 31522, the Smiths' home.  However, on March 11, 2013 the Bankruptcy Court disallowed Claim # 10 of Countrywide Home Loans, Inc. with regard to the subject property; Order Bankr. Case 07-20244, Dkt. #603.  The court's disallowance of the claim rendered the subject lien void under 11 U.SC. § 506(d) upon the Smiths' discharge June 1, 2016; Order, Case No. 07-20244, Dkt. #699.

Despite the Claim #10 having been disallowed by this Court in 2013, and despite having had knowledge of this Court's Order, Dkt. #603, Respondent HSBC Bank USA, National Association as Trustee for Holders of BCAP LLC Trust 2006-AA2 proceeded to foreclosure in 2015 and HSBC Bank USA and HSBC Bank USA, N.A. proceeded to eviction in 2016, utilizing

3

the subject lien (the same security deed attached to the Claim #10) which had been disallowed in its entirety in 2013.

On May 18, 2018 the Smiths received the Letter from Mr. Cooper[1], a/k/a Nationstar Mortgage. *See* Letter attached and incorporated herein as **Exhibit A**. In the Letter Mr. Cooper acknowledged that according to its records the debt associated with the subject property at 311 10th Street, Unit B, Saint Simons Island, GA 31522 was discharged by Order of the Court in Case Number 07-20244. The loan number referenced is 611005117. Note that the loan number is the same as the loan number on the Notice from Nationstar Mortgage LLC, dated April 24, 2014, **Exhibit B**, identifying itself as servicer for the subject loan and stating that the foreclosure would be conducted in the name of : HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR HOLDERS OF THE BCAP LLC TRUST 2006-AA2 ("Noteholder"). Subsequently, on March 24, 2015 Rubin Lublin, LLC as attorney for HSBC Bank USA, National Association as Trustee for The Holders of BCAP LLC Trust 2006-AA2 ("Foreclosing Entity") sent Notice of Acceleration and Foreclosure with regard to the subject property with identifying File No. NAT-14-02718-4, **Exhibit C**. *See* also Deed Under Power, **Exhibit D**, filed by Rubin Lublin, LLC on behalf of Nationstar Mortgage LLC as Attorney in fact for HSBC Bank USA, National Association as Trustee for the Holders of BCAP LLC Trust 2006-AA2. As previously presented to this Court, it was also learned during the eviction that Balch & Bingham, attorneys

---

[1]     As noted in the letter, **Exhibit A**:  "Mr. Cooper is a brand name for Nationstar Mortgage LLC. Nationstar Mortgage LLC is doing business as Nationstar Mortgage LLC d/b/a Mr. Cooper. Mr. Cooper is a registered service mark of Nationstar Mortgage LLC." Nationstar Mortgage began doing business as Mr. Cooper in August, 2017. The Letter from Mr. Cooper was submitted to this Court on May 23, 2018 as an attachment to Plaintiffs' Supplement: New Evidence, Dkt. #25and#26, in support of their Response, Dkt. #6 and Dkt. #7 in opposition to dismissal of Adversary Proceeding 17-02016-MJK, which is pending.

4

conducting the eviction, were employed by Nationstar Mortgage.  The new law firm replacing Balch & Bingham, McGuire Woods, is also employed by Nationstar Mortgage.[2]  Consequently, all the parties had access to the record referred to in the letter by Mr. Cooper, a/k/a Nationstar Mortgage LLC, acknowledging: "Our records indicate that the debt associated with the above-reference property [311 10th Street Unit B, Saint Simons Island, GA 31522] was subject of a bankruptcy proceeding and discharged by order of the Court." **Exhibit A.**

## REASONS FOR CONTEMPT ORDER

1. **Respondents (with the exception of Ronnie Perry Realty and Jill Jernigan) knew or should have known that the Trustee had objected to Claim #10 of Countrywide Home Loans, Inc., Bankr. Dkt. #588; and on March 11, 2013 the Bankruptcy Court issued an Order disallowing Claim #10, Bankr. Dkt #603.**

The Fourth Circuit in *National Capital Management v. Gammage-Lewis*, No. 12-2286 (June 6, 2013) adopted the opinion of the District Court *National Capital Management v. Gammage-Lewis,* No. 5:10-cv-00468-F (E.D. N.C. Aug. 14, 2012), which affirmed the bankruptcy court and held that the court's disallowance of the claim rendered the lien void under section 506(d) upon debtor's discharge. The court found that Rule 7001(2), which provides for an adversary proceeding to determine the "validity, priority, or extent of a lien," is the mechanism under which a disallowed lien is extinguished upon discharge. The court further

---

[2]      Geremy Gregory and Christopher Anulewicz of Balch & Bingham represented themselves to the Courts as attorneys for HSBC Bank USA, N.A.; however, during the dispossession it was learned that both were employed by Nationstar Mortgage.  Now, Paul Rogers of McGuire Woods, LLP, the new law firm replacing Balch & Bingham, represents himself as attorney for Respondents, HSBC Bank USA, N.A. et al when he has admitted that Balch & Bingham is employed by Nationstar Mortgage (Bankr. Adversary 17-02016-MJK; District Court CV217-156; Supreme Court of Georgia Case S18C0759).

5

found that the trustee's objection to the claim served the same purpose as an adversary

proceeding because it provided to the lender the necessary notice and opportunity to be heard.

Consequently, in the present case, the Bankruptcy Court's disallowance in 2013 of the claim #10

rendered the subject lien void under 11 U.SC. § 506(d) upon the Smiths' discharge June 1, 2016.

**11 U.S. Code § 524 - Effect of discharge**
> (a) A discharge in a case under this title—
> (1) voids any judgment at any time obtained, to the extent that such judgment is a
> determination of the personal liability of the debtor with respect to any debt
> discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or
> not discharge of such debt is waived;
> (2) operates as an injunction against the commencement or continuation of an
> action, the employment of process, or an act, to collect, recover or offset any such
> debt as a personal liability of the debtor, whether or not discharge of such debt is
> waived;


**2. Respondents Rubin Lublin LLC, Bret Chaness and Peter Lublin of Rubin**

**Lublin, LLC knew or should have known that on December 4, 2013 Nationstar Mortgage**

**as Servicer for HSBC Bank USA, National Association as Trustee for Holders of BCAP**

**LLC Trust 2006-AA2 chose to withdraw its motion for relief of stay with knowledge that**

**the subject claim #10 had been disallowed by Order of the Bankruptcy Court on March 13,**

**2013; and chose to proceed to foreclosure on May 15, 2015 utilizing the same security deed**

**which had been attached to the disallowed claim.**

Only a real party in interest can be granted relief of stay under 11 U.S.C. 362(d), proof of

which is incumbent upon the alleging creditor.  Knowing that it could not prove a real party in

interest, Nationstar Mortgage as Servicer for HSBC Bank USA, National Association as Trustee

for Holders of BCAP LLC Trust 2006-AA2, withdrew its motion for relief of stay on December

4, 2018.  See Motion , Dkt. #623, and Withrawal, Dkt. #625.  Nonetheless, HSBC Bank USA,

National Association as Trustee for Holders of BCAP LLC Trust 2006-AA2, proceeded to

6

foreclosure May 15, 2015 utilizing the same security deed, having had full knowledge, as shown above, that the subject claim by Countrywide Home Loans Inc., Claim #10, had been disallowed by Order of this Court in 2013, Dkt. #603.  Said action constitues open defiance of one or more orders of this Court.

**3. Respondents, Balch &Bingham LLP,  Geremy Gregory and Christopher Anulewicz  of Balch and Bingham had knowledge of the Order disallowing the subject claim, Dkt. # 603 and the Discharge Order, Dkt #699, filed in the Bankruptcy Case 07-20244 on June 1, 2016.**

However, Balch & Bingham LLP, by and through it agents, Geremy Gregory  and Christopher Anulewicz , chose to proceed to eviction in the Superior Court, representing HSBC Bank USA, N.A., and argued that no injunction existed. *See* Writ of Possession, **Exhibit E**, granted to HSBC Bank USA, N.A. on October 20, 2016 in violation of the discharge injunction. Furthermore, Geremy Gregory did not give the Order of the District Court, Bankr. Dkt. #727, to the Sheriff, to ensure that the eviction would proceed.[3]  Geremy Gregory, at the instruction of Christopher Anulewicz, had the eviction movers proceed with removal of Marvin Smiths' family heirlooms, despite the fact that the eviction mover said that it was necessary to have certain items removed by lift.  Consequently, special family pieces of furniture were significantly damaged.

---

[3]      On August 10, 2017 HSBC Bank USA, N.A. began the eviction of the Smiths from their home, which was completed on August 14, 2017.  Geremy Gregory of Balch and Bingham LLP, alleged attorney for HSBC Bank USA, N.A., gave Col. Futch, of the Glynn County Sheriff's Department, the Order denying the stay and they proceeded with the dispossession.  However, Geremy Gregory, knowing the Sheriff's office was awaiting the Bankruptcy ruling before proceeding to dispossession, did not give Col. Futch the second Order of the District Court filed in the Smiths' Bankruptcy Case 07-20244 on August 9, 2017, Bankr. Dkt. #727, ordering the Bankruptcy Court to file and rule upon the motions regarding violation of the stay.  Geremy Gregory had access to the internet and to Pacer; the Smiths had been deprived of the access due to the dispossession and did not receive the second Order until about August 15, 2017.

7

All of these actions took place with full knowledge, as shown above, of the discharge injunction, because Balch & Bingham had access to Nationstar Mortgage's records.   Said actions constitute " the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived" in violation of  of  11 U.S.C § 524(a)(2).

**4.  Respondents, McGuire Woods, LLP, Paul A Rogers, Thomas R. Walker and Jarrod S. Mendel, as successor attorneys employed by Nationstar Mortgage, had knowledge of the Order disallowing the subject claim, Dkt. # 603 and the Discharge Order, Dkt #699, filed in the Bankruptcy Case 07-20244 on June 1, 2016.**

Nonetheless, the McGuire Woods attorneys, representing  HSBC Bank USA, N. A. and HSBC Bank USA, National Association as Trustee for Holders of BCAP LLC Trust 2006-AA2 in Bankr. Adversary 17-02016-MJK, in District Court  Case CV217-156, and in Supreme Court of Georgia Case S18C0759, continued in defiance of the discharge injunction,  even after having been served with  Plaintiffs' Supplement: New Evidence, Dkt. #25 and Dkt. #26 in adversary proceeding No. 17-02016-MJK on May 23, 2018.  Said actions constitute " continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor" in violation of  11 U.S.C § 524(a)(2).

**5.  Respondents, Ronnie Perry Realty and Jill Jernigan, as Agent and/or Broker of Ronnie Perry Realty, have proceeded in violation of the discharge injunction by attempting to sell the subject property which claim was disallowed, Dkt. #603, and discharged, Dkt. #699 by this Court.**

Jill Jernigan, Agent/ Broker of Ronnie Perry Realty, although not privy to all of Mr. Cooper's records, was notified by telephone that the Smiths were in bankruptcy; and later by

certified letter and by email of personal liability for violation of bankruptcy injunctions if "sale" proceeded with regard to the subject property at 311 10th Street, St. Simons Island, GA. 31522. See Email and Letter attached as **Exhibit F**. .Service of the certified letter was refused, apparently after Jill Jernigan received the email. Said attempt to sell the subject property for the bank constitutes " the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived" in violation of of 11 U.S.C § 524(a)(2). See **Exhibit G**.

**6. Respondent, Patrick J. Burke, as President and CEO of HSBC Bank USA, N.A., had knowledge of all of the above and allowed all of the actions to proceed in violation of the Order disallowing the subject claim, Dkt. #603 and the Discharge Order, Dkt. #699.**

In addition to having had access to all of the records of this case and the adversary proceeding No. 17-02016-MJK (having been served with the Complaint), as well as the cases in state court and federal district court, Patrick Burke was notified on several occasions by the Smiths of the violation of injunctions. See e.g. Certified Letter and Email, **Exhibit F**. Said allowance by the President and CEO of HSBC Bank USA, N.A. constitutes" the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived" in violation of of 11 U.S.C § 524(a)(2).

<u>**CONCLUSION**</u>

The Claim #10 was disallowed by Order of the Bankruptcy Court in 2013, Bankr. Dkt. #603. The court's disallowance of the claim rendered the subject lien void under 11 U.SC. § 506(d) upon the Smiths' discharge June 1, 2016, Order, Case No. 07-20244, Bankr. Dkt. #699.

Mr. Cooper's Letter, **Exhibit A**, confirms that Respondents knew, or should have known, that the subject debt had been disallowed and discharged. Nonetheless, Respondent HSBC Bank

9

USA, National Association as Trustee for Holders of BCAP LLC Trust 2006-AA2 proceeded to foreclosure and HSBC Bank USA and HSBC Bank USA, N.A. proceeded to eviction in violation of bankruptcy injunctions.  Mr. Cooper's letter, **Exhibit A**, is evidence of knowledge by Respondents, with the exception of Jill Jernigan and Ronnie Perry Realty,  and that representations made to the Court were false, constituting intentional misrepresentation; and which this Court should take into consideration.  Furthermore, the Smiths have repeatedly notified Respondents of violation of the bankruptcy injunctions.  Instead of making any effort to rectify the violation, they have argued that no such injunctions exist and proceeded in Superior Court, the Court of Appeals of Georgia and the Georgia Supreme Court; all the time knowing that the Bankruptcy Court had disallowed the Claim #10, Dkt #603 and knowing that the discharge injunction was in place, as evidenced by the Letter from Mr. Cooper.

Jill Jernigan, Agent/ Broker of Ronnie Perry Realty, although not privy to all of Mr. Cooper's records, was notified by certified letter and by email of personal liability for violation of  bankruptcy injunction if "sale" proceeded with regard to the subject property at 311 10th Street, St. Simons Island, GA. 31522.   See Email and Letter attached as **Exhibit F**. She refused service of the certified letter, apparently after receiving the email.  Patrick Burke, CEO of HSBC Bank USA, N.A, and Christopher Anulewicz and Geremy Gregory of Balch & Bingham, LLP were also notified of personal liability via said certified Letter and email, **Exhibit F**.

The Smiths have suffered eviction from their home; during which process the walls and floors of their home and their furniture were severely damaged. Many special pieces of furniture damaged had been in Marvin Smith's family since the 1800's. The elderly Smiths have been homeless for over a year now.  Only by the grace of God and by the kindness of a very good friend have they had a place to live; despite the fact that HSBC Bank USA, N.A. had no right

whatsoever to evict them from their home at 311 10th Street, Unit B, St. Simons Island, Ga. 31522. Marvin Smith is 83 years old. The Smiths have suffered actual and emotional damages from the violation of the discharge injunction. The condo of which the Smiths have been unlawfully deprived was once worth approximately $2,400,000. Actual damages can include emotional distress in the materially similar context of a violation of the automatic stay under § 362. *See Lodge v. Kondaur Capital Corp.*, 750 F.3d 1263, 1271 (11th Cir. 2014). " It follows, then, that bankruptcy courts generally have authority to award compensatory sanctions for emotional distress caused by a violation of the discharge injunction." *In re McClean; Green Point Credit, LLC et al v. McClean*, Case No.14-14002, 11th Cir. 07/23/2015.

**WHEREFORE**, Debtors/Movants pray unto this Honorable Court:

1. To enforce the discharge injunction which rendered void the subject lien with regard to 311 10th Street, Unit B, St. Simons Island, GA 31522;

2. To issue its Order to Respondents to show cause why they should not be held in contempt for willful violation this Court's Order, Dkt. #603 and/or willful violation of the discharge injunction;

3. To award actual damages for the violations, including damages for emotional distress, to be proven at hearing; and

4. For a hearing to determine the amount of damages for the violations.

Respectfully submitted this 31st day of August, 2018.

P.O. Box 22063
St. Simons Island, Georgia  31522
(912) 268-8117
smbsmith@comcast.net

Marvin B. Smith, III      ,

Sharon H. Smith

*Debtors/Movants Pro Se*

11

# EXHIBIT

# A



**CHANGING THE FACE OF HOME LOANS**

8950 Cypress Waters Blvd.
Coppell, TX 75019

MARVIN SMITH
SHARON SMITH
PRO SE
P.O. BOX 22063
ST. SIMONS ISLAND, GA 31522

**OUR INFO
ONLINE**
www.mrcooper.com

**YOUR INFO**
CASE NUMBER:0720244
LOAN NUMBER: 611005117
PROPERTY ADDRESS:
311 10TH STREET UNIT B
SAINT SIMONS ISLAND, GA 31522

Dear MARVIN SMITH  SHARON SMITH,

Our records indicate that the debt associated with the above-referenced property was subject of a bankruptcy proceeding and discharged by order of the Court.

Per our records, no payments have been received since the filing of this bankruptcy proceeding. Therefore, pursuant to federal law, we will no longer send you a monthly Informational Statement regarding the discharged debt.

If you wish to continue to receive the monthly informational statement, please send your request in writing to:

Mr. Cooper
PO Box 619097
Dallas, TX 75261-0783

If you have any questions, please contact our Customer Service Department at 888-480-2432 or via mail at the address listed above. Our hours of operation are Monday through Thursday from 7 a.m. to 8 p.m. (CT), Friday from 7 a.m. to 6 p.m. (CT) and Saturday from 8 a.m. to 2 p.m. (CT).

Sincerely,

Mr. Cooper

Mr. Cooper is a brand name for Nationstar Mortgage LLC.  Nationstar Mortgage LLC is doing business as Nationstar Mortgage LLC d/b/a Mr. Cooper. Mr. Cooper is a registered service mark of Nationstar Mortgage LLC. All rights reserved.

Please be advised this communication is sent for informational purposes only and is not intended as an attempt to collect, assess, or recover a claim against, or demand payment from, any individual protected by the U.S. Bankruptcy Code. If this account has been discharged in a bankruptcy proceeding, be advised this communication is for informational purposes only and not an attempt to collect a debt against you; however, the servicer/lender reserves the right to exercise the legal rights only against the property securing the loan obligation, including the right to foreclose its lien under appropriate circumstances. Nothing in this communication shall be construed as an attempt to collect against the borrower personally or an attempt to revive personal liability.

If you are a successor in interest (received the property from a relative through death, devise, or divorce, and you are not a borrower on the loan) that has not assumed, or otherwise become obligated on the debt, this communication is for informational purposes only and is not an attempt to collect a debt from you personally.



568

# EXHIBIT
# B

Case 2:19-cv-00073-LGW Document 11-1 Filed 08/01/19 Page 51 of 86
Case:07-20244-MJK Doc#:755 Filed:08/31/18 Entered:09/04/18 10:07:11 Page:15 of 39
Case:17-02016-MJK Doc#:30 RSB Document 1-1 Filed 06/09/15 Page 251 of 324 of 12

350 Highland Drive
Lewisville, TX 75067



**Mortgagor(s):**
MARVIN SMITH
SHARON SMITH
PO BOX 31306
SEA ISLAND, GA 31561-1306

Notice Date: 04/24/2014

Account No.: 611005117

**Property Address:**
311 10TH STREET UNIT B
SAINT SIMONS ISLAND, GA 31522

Dear MARVIN SMITH, SHARON SMITH:

We are writing to inform you that your mortgage loan payment is past due, and your property may be referred to foreclosure fourteen (14) days after the date of this letter.

You may be able to avoid foreclosure by paying the total amount necessary to bring the account current (see "Account Status" on the next page), obtaining a loan modification, or selling your house through a short sale approved by us.

We want to give you important information about the status of your account, discuss next steps, and let you know about workout options that may be available to you. Be sure you read this letter in its entirety. It also spells out, in legal terms, why we are moving forward with the foreclosure process and what you may do in response.

To discuss possible alternatives to foreclosure, including loan modification, please contact us at the number listed at the end of this letter.

**1. Right to Foreclose:**

Nationstar Mortgage LLC services the mortgage loan on your property located at the address referenced above. You signed and executed a promissory note secured by a mortgage or deed of trust ("the security instrument") in which you agreed to repay your debt at agreed upon terms. Because you have not fulfilled the terms of this agreement, Nationstar Mortgage LLC intends to initiate foreclosure action on the mortgaged property. The foreclosure will be conducted in the name of: HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR HOLDERS OF THE BCAP LLC TRUST 2006-AA2 ("Noteholder").

**Account Status as of 04/24/2014**

A. The total amount needed to reinstate or to bring the account current is $935,085.79. Please note this amount is subject to change. Please call us for the most current amount.

B. The amount of the principal obligation under the mortgage is $1,767,500.00.

C. The date through which the account is paid is 03/01/2007.

D. The date of the last full payment was 03/01/2007.

E. The current interest rate in effect for the loan is 7.250%.

F. The date on which the interest rate may next reset or adjust, if applicable, is 09/01/2014.

G. The amount of any prepayment fee (not included in the reinstatement amount) to be charged if any is $0.00.

H. The amount of late payment fees included in the above reinstatement amount is $0.01.

I. The amount of other charges included in the above reinstatement amount is $41,699.59.



*EXHIBIT*

14DAYPRB
Page 1 of 4

2283835154

# EXHIBIT

# C

Case 2:19-cv-00073-LGW Document 11-1 Filed 08/01/19 Page 53 of 86
Case:07-20244-MJK Doc#:755 Filed:08/31/18 Entered:09/04/18 10:07:11 Page:17 of 39
Case:17-02016-MJK Doc#:36 Filed:05/25/18 Entered:05/25/18 16:45:40 Page:7 of 12
Case 2:15-cv-00070-LGW-RSB Document 1-1 Filed 06/09/15 Page 285 of 324

# RUBIN LUBLIN, LLC

### Attorneys and Counselors at Law
3740 Davinci Court, Suite 150
Peachtree Corners, GA 30092
TEL. (877) 813-0992
FAX (404) 601-5846

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**Copy Via Regular Mail**

March 24, 2015

SHARON H SMITH
PO BOX 31306
SEA ISLAND, GA 31561

*Notice of Acceleration and Foreclosure*

| | |
|---|---|
| File No.: | NAT-14-02718-4 |
| Loan: | Note, and Security Deed from MARVIN B SMITH, III AND SHARON H SMITH to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR SYNOVUS MORTGAGE CORP. ("Original Lender") |
| Name: | MARVIN B SMITH, III AND SHARON H SMITH |
| Property Address: | 311 10TH STREET UNIT B, SAINT SIMONS ISLAND, GA 31522 |

Please be advised that this law firm represents HSBC Bank USA, National Association as Trustee For The Holders of BCAP LLC Trust 2006-AA2 ("Foreclosing Entity"), successor in interest to the Original Lender on the above-referenced Loan. By separate communication you have been advised of your rights under the Fair Debt Collection Practices Act (the "FDCPA"), should that Act apply to this proceeding. Nothing in this letter shall prevent you from exercising those rights as set forth in that communication. This letter is to advise you that we are hereby instituting non-judicial foreclosure proceedings against the referenced property. Enclosed you will find a copy of the Notice of Sale Under Power that was submitted for publication in the legal newspaper in the county where the property is located. The foreclosure sale is scheduled for May 5, 2015 ("Sale Date").

The entire amount of the debt secured by said Note and Security Deed has now been declared due and payable because of, among other possible defaults, failure to pay the indebtedness as and when due and in the manner specified in the Note and Security Deed. *The total amount of the debt owed may consist of unpaid principal balance, any unpaid accrued interest, escrow/impound shortages or credits, late charges, legal fees/costs, and other charges. To find out the amount needed to either bring your Loan current or to pay off your Loan in full, please call 888-480-2432.*
(Continued on back/next page)

EXHIBIT
7

NAT-14-02718-4

Case 2:19-cv-00073-LGW Document 11-1 Filed 08/01/19 Page 54 of 86
Case:07-20244-MJK Doc#:755 Filed:08/31/18 Entered:09/04/18 10:07:11 Page:18 of 39
Case:17-02016-MJK Doc#:36 Filed:05/25/18 Entered:05/25/18 16:45:40 Page:9 of 12
Case 2:15-cv-00070-LGW-RSB Document 1-1 Filed 06/09/15 Page 286 of 324

Please be advised that the Foreclosing Entity intends to enforce the provisions of said Note and Security Deed relative to payment of attorneys' fees. Unless you pay the full amount owed on this Loan within ten (10) days from the date of receipt of this letter, reasonable attorneys' fees, as defined by the Official Code of Georgia Annotated Section ("O.C.G.A.") § 13-1-11, will also be owed. Please be further advised that from this point forward, strict compliance with the current terms of the Loan will be required pursuant to O.C.G.A. § 13-4-4.

In some circumstances your Loan, State Law, and/or the Foreclosing Entity may allow you to cure the default on your Loan and stop the foreclosure prior to the sale date. You may contact this office to find out if reinstatement of your Loan will be allowed, and if allowed, what specific amount will be necessary to fully cure the default. Please be advised that if you are allowed to cure the default on your Loan, payment must be made in the form of cash, cashier's check or certified funds or wired to be received sufficiently in advance of the Sale Date to allow for cancellation of the sale and pursuant to the terms of the Loan.

If you are currently or have within the last twelve (12) months been in the military service AND joined after entering into the Loan, please notify this office immediately. You may be entitled to relief under the Servicemembers Civil Relief Act. You may also call 1-800-342-9647 for further assistance or visit www.militaryonesource.com/SCRA. When contacting this office as to your military service, you must provide us with positive proof as to your military status. If you do not provide this information, we will assume that you are not entitled to protection under the above mentioned Act.

We do not believe that you are represented by counsel. If you are represented by counsel, please notify us immediately and provide the name and address of your lawyer so that we may direct communications to them. If we do not hear from you we will assume that you are not represented by counsel in relation to the foreclosure.

This notice is not intended to collect the debt against you personally or indicate that you are personally liable for this debt. This notice relates solely to an enforcement of rights with respect to the above-referenced property.

This letter is notice to the extent the FDCPA applies. Nothing contained herein or in future notices shall be deemed an admission that the FDCPA applies to this firm's representation of the Foreclosing Entity.

INFORMATION RELATIVE TO LOSS MITIGATION OPTIONS AND SAVING
YOUR HOME FROM FORECLOSURE CAN BE FOUND AT
http://www.rubinlublin.com/homeowner.php

Should the FDCPA apply, please be advised that this firm is acting as a debt collector attempting to collect a debt and any information obtained will be used for that purpose.

NAT-14-02718-4

Case 2:19-cv-00073-LGW   Document 11-1   Filed 08/01/19   Page 55 of 86
Case:07-20244-MJK   Doc#:755   Filed:08/31/18   Entered:09/04/18 10:07:11   Page:19 of 39
Case:17-029-16-MJK   Doc#:326   Filed:05/25/18   Entered:05/25/18 16:46:10   Page:19 of 39
Case 2:15-cv-00070-LGW-RSB   Document 1-1   Filed 06/09/15   Page 287 of 524

## NOTICE OF SALE UNDER POWER

GEORGIA, GLYNN COUNTY

By virtue of a Power of Sale contained in that certain Security Deed from MARVIN B SMITH, III AND SHARON H SMITH to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR SYNOVUS MORTGAGE CORP., dated August 7, 2006, recorded August 22, 2006, in Deed Book 2026, Page 174, , Glynn County, Georgia Records, said Security Deed having been given to secure a Note of even date in the original principal amount of One Million Seven Hundred Sixty-Seven Thousand Five Hundred and 00/100 dollars ($1,767,500.00), with interest thereon as provided for therein, said Security Deed having been last sold, assigned and transferred to HSBC Bank USA, National Association as Trustee For The Holders of BCAP LLC Trust 2006-AA2 , there will be sold at public outcry to the highest bidder for cash at the Glynn County Courthouse, within the legal hours of sale on the first Tuesday in May, 2015, all property described in said Security Deed including but not limited to the following described property:

ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN THE LOT ONE-HUNDRED SIXTY-THREE (163) OF THE 25TH GMD DISTRICT, OF GLYNN COUNTY, GEORGIA, BEING UNIT B, OF ENCHANTMENT BY THE SEA CONDOMINIUM AS SHOWN ON PLAT OF SURVEY, WHICH PLAT IS RECORDED IN CONDOMINIUM PLAT BOOK 1, PAGE 48-B, GLYNN COUNTY RECORDS AND FLOOR PLANS FILED IN CONDOMINIUM CABINET IV, FOLDER 3A-3H, AFORESAID RECORDS, TOGETHER WITH ALL RIGHT, TITLE AND INTEREST CONTAINED IN THE DECLARATION OF ENCHANTMENT BY THE SEA, A CONDOMINIUM, RECORDED IN DEED BOOK 1380, PAGE 35, AFORESAID RECORDS, TOGETHER WITH THE APPURTENANT PERCENTAGES OF UNDIVIDED INTERESTS IN THE COMMON ELEMENT AS DESCRIBED IN SAID DECLARATION. THIS CONVEYANCE IS MADE SUBJECT TO THE FOLLOWING MATTERS:
1. 2006 AD VALOREM TAXES AND SUBSEQUENT YEARS WHICH ARE LIENS NOT NOW DUE AND PAYABLE;
2. EASEMENTS, RESTRICTIONS AND RIGHT OF WAYS OF RECORD;
3. CONDOMINIUM DECLARATION OF RECORD AND ANY AMENDMENTS THERETO; AND
4. ALL MATTERS OF SURVEY AS SHOWN ON RECORDED PLAT.

Said legal description being controlling, however the property is more commonly known as 311 10TH STREET UNIT B, SAINT SIMONS ISLAND, GA 31522.

The indebtedness secured by said Security Deed has been and is hereby declared due because of default under the terms of said Security Deed and Note. The indebtedness remaining in default, this sale will be made for the purpose of paying the same, all expenses of the sale, including attorneys' fees (notice to collect same having been given) and all other payments provided for under the terms of the Security Deed and Note.

Said property will be sold on an "as-is" basis without any representation, warranty or recourse against the above-named or the undersigned. The sale will also be subject to the following items which may affect the title: any outstanding ad valorem taxes (including taxes which are a lien, whether or not now due and payable); the right of redemption of any taxing authority; matters which would be disclosed by an accurate survey or by an inspection of the property; all zoning ordinances; assessments; liens; encumbrances; restrictions; covenants, and any other matters of record superior to said Security Deed.

To the best of the knowledge and belief of the undersigned, the owner and party in possession of the property is MARVIN B SMITH, III AND SHARON H SMITH, or tenants(s).

The sale will be conducted subject (1) to confirmation that the sale is not prohibited under the U.S. Bankruptcy Code and (2) to final confirmation and audit of the status of the loan with the holder of the Security Deed.

The entity having full authority to negotiate, amend or modify all terms of the loan (although not required by law to do so) is: Nationstar Mortgage LLC, Loss Mitigation Dept., 8950 Cypress Waters Blvd, Coppell, TX 75019, Telephone Number: 888-480-2432.

HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR THE HOLDERS OF BCAP LLC TRUST 2006-AA2
as Attorney in Fact for
MARVIN B SMITH, III AND SHARON H SMITH

Case 2:15-cv-00070-LGW-RSB   Document 1-1   Filed 06/09/15   Page 288 of 324 of 12

THE BELOW LAW FIRM MAY BE HELD TO BE ACTING AS A DEBT COLLECTOR, UNDER FEDERAL LAW.
IF SO, ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Attorney Contact: Rubin Lublin, LLC, 3740 Davinci Court, Suite 150, Peachtree Corners, GA 30092
Telephone Number: (877) 813-0992 Case No. NAT-14-02718-4
Ad Run Dates 04/07/2015, 04/14/2015, 04/21/2015, 04/28/2015

www.rubinlublin.com/property-listings.php

# EXHIBIT

# D

Case 2:19-cv-00073-LGW Document 11-1 Filed 08/01/19 Page 58 of 86
Deed Book 3164 Page 19 Filed and Recorded Nov 17 2015 at 04:41:45 PM 11-1 Page:22 of 39
CEN #632015008865 15-14000day WIRSB & Document 22 Filed 07/06/15 Page 9 of 16
GA

File No. NAT-14-02718

RECORD AND RETURN TO:
RUBIN LUBLIN, LLC
3740 Davinci Court, Suite 150
Peachtree Corners, GA 30092
TEL (877) 813-0992

CROSS INDEX TO DEED BOOK 2026,
PAGE 174, GLYNN COUNTY, GEORGIA
RECORDS

STATE OF _Texas_

COUNTY OF _Denton_

## DEED UNDER POWER

THIS INDENTURE, dated May 5, 2015, by MARVIN B. SMITH, III AND SHARON H. SMITH ("Borrower") acting through his or her duly appointed agent and attorney in fact HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR THE HOLDERS OF BCAP LLC TRUST 2006-AA2 ("Lender") as Party of the First Part, and HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR THE HOLDERS OF BCAP LLC TRUST 2006-AA2, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AA2 as Party of the Second Part.

## WITNESSETH:

WHEREAS, Borrower executed and delivered to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR SYNOVUS MORTGAGE CORP., that certain Security Deed dated August 7, 2006, and recorded August 22, 2006, in Deed Book 2026, Page 174, Glynn County, Georgia Records, conveying the after-described property, as last transferred to HSBC Bank USA, National Association as Trustee For The Holders of BCAP LLC Trust 2006-AA2, by Assignment, if required, pursuant to O.C.G.A. §44-14-162, to secure the payment of a Promissory Note of even date therewith, in the original principal amount of One Million Seven Hundred Sixty-Seven Thousand Five Hundred and 00/100 dollars ($1,767,500.00); and

WHEREAS, default in the payment under said Note occurred, and whereas by reason of said default, Lender elected, pursuant to the terms of said Deed and Note, and declared the entire principal and interest immediately due and payable; and

WHEREAS, Lender did perform a diligent search of the military records for each known Borrower in compliance with the Service Members Civil Relief Act, and as such the foreclosure of this property is not subject to the provisions of 50 U.S.C. § 501, et seq.; and

WHEREAS, Lender did perform a diligent search of the bankruptcy records for each known Borrower and determined that Lender was not subject to an automatic stay in bankruptcy both at the time foreclosure proceedings commenced and the time the Property was sold; and

WHEREAS, the entire indebtedness remaining in default, and in accordance with the terms of said Security Deed, Lender did advertise said property for sale once a week for four (4) weeks immediately preceding the sale in the newspaper in Glynn County, Georgia, wherein the Sheriff carried his advertisement, namely The Brunswick News; and

WHEREAS, notice was given in compliance with Georgia Laws 1981, Volume 1, Page 834, codified as O.C.G.A. §§ 44-14-162.2 and 44-14-162.4. The notice required was rendered by mailing a copy of the Notice of Sale Under Power that was submitted to the publisher of The Brunswick News, to the Borrower and any other "Debtor" (as defined by O.C.G.A. § 44-14-162.1) at least thirty (30) days prior to the foreclosure sale date of May 5, 2015; and

NAT-14-02718                    Page 1 of 3                    Deed Under Power

a-55

Case 2:19-cv-00073-LGW Document 11-1 Filed 08/01/19 Page 59 of 86
Case 2:15-cv-00070-LGW-RSB Document 22 Filed 07/06/15 Page 10 of 15
Case 2:15... Doc#:755 Filed 08/31/18 Entered 09/04/18 10:07:11 Page 23 of 39

File No.: NAT-14-02718

WHEREAS, Lender did expose said land for sale to the highest bidder for cash on the first Tuesday in May, 2015, within the legal hours of sale at the Glynn County Courthouse and offered said property for sale at public outcry to the highest bidder for cash when and where Party of the Second Part bid Two Million One Hundred Thirty-Four Thousand Five Hundred Sixty-Five and 78/100 dollars ($2,134,565.78) and;

WHEREAS, said property was auctioned off to the Party of the Second Part for the aforementioned sum of money in cash.

NOW, THEREFORE, in consideration of the premises and said sum of money and by virtue of and in the exercise of the power of sale contained in the Security Deed, the Party of the First Part has bargained, sold, granted and conveyed, and by these presents does hereby bargain, sell, grant and convey to the Party of the Second Part, said Party's representatives, heirs, successors and assigns, the following described property:

ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN THE LOT ONE-HUNDRED SIXTY-THREE (163) OF THE 25TH GMD DISTRICT, OF GLYNN COUNTY, GEORGIA, BEING UNIT B, OF ENCHANTMENT BY THE SEA CONDOMINIUM AS SHOWN ON PLAT OF SURVEY, WHICH PLAT IS RECORDED IN CONDOMINIUM PLAT BOOK 1, PAGE 48-B, GLYNN COUNTY RECORDS AND FLOOR PLANS FILED IN CONDOMINIUM CABINET IV, FOLDER 3A-3H, AFORESAID RECORDS, TOGETHER WITH ALL RIGHT, TITLE AND INTEREST CONTAINED IN THE DECLARATION OF ENCHANTMENT BY THE SEA, A CONDOMINIUM, RECORDED IN DEED BOOK 1380, PAGE 35, AFORESAID RECORDS, TOGETHER WITH THE APPURTENANT PERCENTAGES OF UNDIVIDED INTERESTS IN THE COMMON ELEMENT AS DESCRIBED IN SAID DECLARATION. THIS CONVEYANCE IS MADE SUBJECT TO THE FOLLOWING MATTERS:1. 2006 AD VALOREM TAXES AND SUBSEQUENT YEARS WHICH ARE LIENS NOT NOW DUE AND PAYABLE;2. EASEMENTS, RESTRICTIONS AND RIGHT OF WAYS OF RECORD;3. CONDOMINIUM DECLARATION OF RECORD AND ANY AMENDMENTS THERETO; AND4. ALL MATTERS OF SURVEY AS SHOWN ON RECORDED PLAT.

Together with all rights, members and appurtenances thereto, also all the estate, right, title, interest, claim or demand of Party of the First Part, or said Party's representatives, heirs, successors and assigns, legal, equitable or otherwise whatsoever, in and to the same.

THIS CONVEYANCE IS SUBJECT TO all zoning ordinances; matters which would be disclosed by an accurate survey or by an inspection of the property; any outstanding taxes, including but not limited to ad-valorem taxes, which constitute liens upon said property; all restrictive covenants, easements, rights-of-way and any other matters of record superior to said Security Deed.



a-56

File No.: NAT-14-02718

TO HAVE AND TO HOLD the said property and every part thereof unto the Party of the Second Part and said Party's representatives, heirs, successors and assigns, to said Party's own proper use, benefit and behoof in FEE SIMPLE, in as full and ample a manner as said Party of the First Part or said Party's representatives, heirs, successors and assigns, did hold and enjoy the same.

IN WITNESS WHEREOF, Lender as Attorney in Fact for Borrower has affixed its hand and seal on this _5_ day of ___May___, 20 _15_, to be effective as of the date first above written.

Signed, Sealed and Delivered
in the presence of:

BY NATIONSTAR MORTGAGE LLC AS
ATTORNEY IN FACT FOR  HSBC BANK
USA, NATIONAL ASSOCIATION AS
TRUSTEE FOR THE HOLDERS OF BCAP
LLC TRUST 2006-AA2 , AS ATTORNEY IN
FACT FOR MARVIN B. SMITH, III AND
SHARON H. SMITH

By: _____ (L.S.)
Unofficial Witness    Jesslyn Williams      Title: Assistant Secretary
                                                  Jay Martinez

Notary Public

Attest: _____ (L.S.)
Title: Assistant Secretary

My Commission Expires 06/20/2016      Dan Dickey

(Notary Seal)

JEAN ALBERT MONDIE FOXON
Notary Public, State of Texas
My Commission Expires
June 20, 2016

NAT-14-02718                    Page 3 of 3                    Deed Under Power

a-57

Case 2:19-cv-00073-LGW Document 11-1 Filed 08/01/19 Page 61 of 86
Case 2:17-cv-00073-LGW Doc#:755 Filed:08/31/18 Entered:09/04/18 10:07:11 Page:25 of 39
Case 2:15-cv-00070-LGW-RSB Document 22 Filed 07/06/15 Page 12 of 15

*Exhibit*
*'A'*

**Recorded 11/07/2013 04:26PM**
Deed Doc POA

Trevo W. Shatno
Clerk Superior Court, Pickling County, Ga.
Bk 03217 Pg 0968-0970

## LIMITED POWER OF ATTORNEY

HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE (hereinafter called "Trustee") hereby appoints Nationstar Mortgage LLC (hereinafter called Nationstar Mortgage LLC), as its true and lawful attorney-in-fact to act in the name, place and stead of Trustee for the purposes set forth below. Nationstar Mortgage LLC is the Servicer for many securitizations pursuant to the applicable Pooling and Servicing Agreements for each securitization (the "Agreements", see Exhibit A attached for a listing) now in existence and that will be formed from time to time.

The said attorneys-in-fact, and each of them, are hereby authorized, and empowered, as follows with respect to the loans, mortgages, and properties securitized pursuant to the Agreements:

1. To execute, acknowledge, seal and deliver deed of trust/mortgage note endorsements, lost note affidavits, assignments of deed of trust/mortgage and other recorded documents, satisfaction/releases/reconveyances of deed of trust/mortgage, subordinations and modifications, tax authority notifications and declarations, deeds, bills of sale, and other instruments of sale, conveyance, and transfer, appropriately completed, with all ordinary or necessary endorsements, acknowledgments, affidavits, and supporting documents as may be necessary or appropriate to effect its execution, delivery, conveyance, recordation or filing.

2. To execute and deliver insurance filings and claims, affidavits of debt, substitutions of trustee, substitutions of counsel, non-military affidavits, notices of rescission, foreclosure deeds, transfer tax affidavits, affidavits of merit, verifications of complaints, motions to quit, bankruptcy declarations for the purpose of filing claims and motions to lift stays, and other documents or notice filings on behalf of Trustee in connection with insurance, foreclosure, bankruptcy and eviction actions.

3. To endorse any checks or other instruments received by Nationstar Mortgage LLC and made payable to Trustee.

4. To pursue any deficiency, debt or other obligation, secured or unsecured, including but not limited to those arising from foreclosure or other sale, promissory note or check. This power also authorizes Nationstar Mortgage LLC to collect, negotiate or otherwise settle any deficiency claim, including interest and attorney's fees.

5. To do any other act or complete any other document that arises in the normal course of servicing.

Dated: July 19, 2013

Witness:

Name: Nancy Luna

Name: Esmeralda Marchante

HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE

Name: Fernando Arechede
Title: Vice President

State of ___New York____, & County of ___New York____)

BEFORE ME, _Jane Yang__, a Notary Public in and for the jurisdiction aforesaid, on this __19th__ day of __July__, 2013, personally appeared _Fernando Arechede_, who is personally known to me (or sufficiently proven) to be a Vice President of HSBC Bank USA, as Trustee and the person who executed the foregoing instrument by virtue of the authority vested in him/her and he/she did acknowledge the signing of the foregoing instrument to be his/her free and voluntary act and deed as a _Vice President__ for the uses, purposes and consideration therein set forth.

Witness my hand and official seal this __19th__ day of __July__, 2013.

My Commission Expires:

JANE YANG
NO. 01YA6292112
Notary Public, State of New York
Qualified in New York County
My Commission Expires 03/29/2017

NOTARY STAMP

C9-33517

a-58

Deed Book 3449 Page 18
Case 2:19-cv-00073-LGW   Document 11-1   Filed 08/01/19   Page 62 of 86
Case:07Case 2:16-cv-00070-LGW-RSB   Document 22   Filed 07/06/15   Page 13 of 45 :26 of 39

581

**Exhibit "A"**
Updated as of July 19, 2013 v2

BK 03217    PG 0369

- HSBC Bank USA, National Association, as Trustee for Ace Securities Corp. Home Equity Loan Trust, Series 2006-CW1
- HSBC Bank USA, National Association, as Trustee for BCAP LLC TRUST 2005-AA2 MORTGAGE PASS-THROUGH CERTIFICATES
- HSBC Bank USA, National Association, as Trustee for BCAP LLC TRUST 2007-AA5 MORTGAGE PASS-THROUGH CERTIFICATES
- HSBC Bank USA, National Association, as Trustee for Citigroup Mortgage Loan Trust, Series 2004-HYB3 Mortgage Pass-Through Certificates
- HSBC Bank USA, National Association, as Trustee for Deutsche Mortgage Securities, Inc. Mortgage Loan Trust, Series 2004-4
- HSBC Bank USA, National Association, as Trustee for ELLINGTON LOAN ACQUISITION TRUST 2007-1 MORTGAGE PASS-THROUGH CERTIFICATES
- HSBC Bank USA, National Association, as Trustee for ELLINGTON LOAN ACQUISITION TRUST 2007-2 MORTGAGE PASS-THROUGH CERTIFICATES
- HSBC Bank USA, National Association, as Trustee for GSAA Home Equity Trust 2005-7
- HSBC Bank USA, National Association, as Trustee for GSAA Home Equity Trust 2005-9
- HSBC Bank USA, National Association, as Trustee for GSAA Home Equity Trust 2005-15
- HSBC Bank USA, National Association, as Trustee for Luminent Mortgage Trust 2006-6 Mortgage Pass-Through Certificates, Series 2006-6
- HSBC Bank USA, National Association, as Trustee for Merrill Lynch Alternative Note Asset Trust 2007-AF1
- HSBC Bank USA, National Association, as Trustee for Merrill Lynch Alternative Note Asset Trust, Series 2007-OAR2
- HSBC Bank USA, National Association, as Trustee for Merrill Lynch Mortgage Investors Trust MLMI Series 2005-A10 Mortgage Pass-Through Certificates
- HSBC Bank USA, National Association, as Trustee for Merrill Lynch Mortgage Investors Trust Series 2005-WMC1
- HSBC Bank USA, National Association, as Trustee for Merrill Lynch Mortgage Investors Trust Series 2006-A1
- HSBC Bank USA, National Association, as Trustee for Merrill Lynch Mortgage Investors Trust Series 2003-A2
- HSBC Bank USA, National Association, as Trustee for Merrill Lynch Mortgage Investors Trust Series 2006-A3
- HSBC Bank USA, National Association, as Trustee for Merrill Lynch Mortgage Investors Trust Series 2006-AA
- HSBC Bank USA, National Association, as Trustee for Structured Adjustable Rate Mortgage Loan Trust 2004-1
- HSBC Bank USA, National Association, as Trustee for Structured Adjustable Rate Mortgage Loan Trust 2004-12
- HSBC Bank USA, National Association, as Trustee for Structured Adjustable Rate Mortgage Loan Trust 2004-14
- HSBC Bank USA, National Association, as Trustee for Structured Adjustable Rate Mortgage Loan Trust 2005-18
- HSBC Bank USA, National Association, as Trustee for Structured Adjustable Rate Mortgage Loan Trust 2005-21
- HSBC Bank USA, National Association, as Trustee for Structured Adjustable Rate Mortgage Loan Trust 2006-7
- HSBC Bank USA, National Association, as Trustee for Structured Adjustable Rate Mortgage Loan Trust 2007-7
- HSBC Bank USA, National Association, as Trustee for Structured Adjustable Rate Mortgage Loan Trust 2007-9
- HSBC Bank USA, National Association, as Trustee for SEQUOIA MORTGAGE TRUST 2003-5
- HSBC Bank USA, National Association, as Trustee for SEQUOIA MORTGAGE TRUST 2003-8
- HSBC Bank USA, National Association, as Trustee for SEQUOIA MORTGAGE TRUST 2004-1
- HSBC Bank USA, National Association, as Trustee for SEQUOIA MORTGAGE TRUST 2004-6
- HSBC Bank USA, National Association, as Trustee for SEQUOIA MORTGAGE TRUST 2004-10
- HSBC Bank USA, National Association, as Trustee for SEQUOIA MORTGAGE TRUST 2004-11
- HSBC Bank USA, National Association, as Trustee for SEQUOIA MORTGAGE TRUST 2004-12
- HSBC Bank USA, National Association, as Trustee for SEQUOIA MORTGAGE TRUST 2004-3
- HSBC Bank USA, National Association, as Trustee for SEQUOIA MORTGAGE TRUST 2004-4
- HSBC Bank USA, National Association, as Trustee for SEQUOIA MORTGAGE TRUST 2004-5
- HSBC Bank USA, National Association, as Trustee for SEQUOIA MORTGAGE TRUST 2004-7
- HSBC Bank USA, National Association, as Trustee for SEQUOIA MORTGAGE TRUST 2004-8
- HSBC Bank USA, National Association, as Trustee for SEQUOIA MORTGAGE TRUST 2004-9

09-33519

a-59

# EXHIBIT

# E

## IN THE SUPERIOR COURT OF GLYNN COUNTY
## STATE OF GEORGIA

MARVIN B. SMITH, III. and )
SHARON B. SMITH, )
)
Appellants )
)
vs. )   Civil Action No. CE16-00725-063
)
HSBC BANK USA N.A., )
)
Appellee )

### WRIT OF POSSESSION

TO THE SHERIFF OF GLYNN COUNTY or his lawful Deputies and to all and singular to the Sheriffs of the State or their lawful Deputies;

WHEREAS, Appellee has lately, in the Superior Court for Glynn County, and by the judgment of said Court, been adjudged entitled to recover of Appellants above-named, full and quiet possession of said house and premises located at 311 10th Street, Unit B, St. Simons Island, Glynn County, Georgia.

THEREFORE, WE COMMAND YOU, that without delay, you deliver to Appellee full and quiet possession of said property with the appurtenances.

WITNESS the Honorable Roger B. Lane, Judge of said Court.

This Writ of Possession becomes effective on October _10_, 2016 at _10:40_ _A_ .M.

SO ORDERED, this _20_ day of October, 2016.

**ROGER B. LANE**
**Judge of Superior Courts of Georgia**
**Brunswick Judicial Circuit**

c: Jeremy Gregory - ggregory@bslcb.com
Sharon Smith - smbsmith@comcast.net

583

# EXHIBIT
# F

## Fwd: Notice of Personal Liability Re: 311 10th Street Unit B St.Simons Island, GA 31522

**smbsmith@comcast.net**                                              12/5/2017 11:43 AM

**To**  patrick j burke,   jill@ronnieperry.com

▸  ❧  1 attachment    View    Open in browser    Download

Here's the attachment.

**From:** smbsmith (mailto:smbsmith@comcast.net)
**To:** patrick j burke (mailto:patrick.j.burke@us.hsbc.com), jill@ronnieperry.com
(mailto:jill@ronnieperry.com), Geremy Gregory (mailto:ggregory@balch.com), Chris
Anulewicz (mailto:canulewicz@balch.com), ronnieperryrealty@gmail.com
(mailto:ronnieperryrealty@gmail.com)
**Sent:** Tuesday, December 5, 2017 11:33:35 AM
**Subject:** Notice  of Personal Liability Re: 311 10th Street Unit B St.Simons Island, GA
31522

Mr. Burke, Ms. Jernigan, Mr. Perry, Mr. Gregory, and Mr. Anulewicz :

Please see the attached letter mailed today via certified U.S. mail.

Sincerely,
Sharon H. Smith
Marvin B. Smith, III

*Via Email and Certified U.S. Mail*

December 5, 2017

Mr. Patrick J. Burke
President and CEO of HSBC Bank USA, N.A.
2929 Walden Avenue
Depew, NY 14043
patrick.j.burke@us.hsbc.com

Christopher S. Anulewicz
Geremy Gregory
Balch & Bingham LLP
30 Ivan Allen Jr. Blvd. NW, Suite 700
Atlanta, GA 30308
ggregory@balch.com
canulewicz@balch.com

Jill Jernigan
REO Closing Coordinator
Ronnie Perry Realty
3144 Cypress Mill Road
Brunswick, GA 31525
jill@ronnieperry.com

Ronnie Perry
Broker
Ronnie Perry Realty
3144 Cypress Mill Road
Brunswick, GA 31525
RonniePerryRealty@Gmail.com

Dear Mr. Burke, Ms. Jernigan, Mr. Perry, Mr. Gregory and Mr. Anulewicz:

As you all know we were evicted from our home, 311 10th Street, Unit B, St. Simons Island, Ga. 31522. There are pending lawsuits in the U.S. Bankruptcy Court, Southern District of Georgia, Glynn County Case 07-20244, Adv. 17-02016; Georgia Court of Appeals No. A18 D0189; and U.S. District Court, Southern District of Georgia 2:15 cv 70. Under Bankruptcy Law all actions taken in violation of the stay by HSBC Bank USA, N. A. are rendered void and without effect. Therefore, the foreclosure, the eviction and the Deed Under Power are void. Any subsequent "sale" of the subject property would also be void.

In August, 2017 Marvin Smith told Jill Jernigan of Ronnie Perry Realty that there were legal issues and that there were major problems with the building. He offered to send the engineering reports, etc; but she said that the bank had told her not to discuss anything with the

1

586

Smiths and that she would not accept anything if the Smiths sent anything to her. She then hung up the phone on Marvin Smith.

Yesterday, December 4, 2017, two Realtors contacted us and told us that Ronnie Perry Realty was selling the subject property. The Realtors told us that a Ronnie Perry Agent had told them that they were holding a one-day auction to the highest bidder and the transaction had to be paid in cash. No one had told the Realtors who contacted us that there are pending lawsuits. Also there was no disclosure of the moisture intrusion problem which requires major repair of the entire building. No one had given the Realtors the Engineering Reports or the letter of Mr. McDonough, contractor, assessing the repair to the building at $675,000. No one would answer specific questions about the Association, but only said without further explanation that there was an additional large sum of money which had to be paid to the Association.

One of the Realtors who called us had submitted a contract on behalf of his client to seller, HSBC Bank USA, N.A. After our conversation, the Realtor said that he was going to tell his client to withdraw his offer.

The purpose of this letter is to notify you that if you allow any "sale" of the subject property to proceed while the lawsuits are pending you will be held personally liable under the Georgia Residential Fraud Act, O.C.G.A. § 16-8-100 et seq for conspiracy, O.C.G.A. § 16-4-8 (2003), for your participation in the foreclosure and eviction, which includes servicing. You will also be held personally liable for all non-disclosure and for violation of the bankruptcy stay.

Sincerely,

Marvin B. Smith, III

Sharon H. Smith

2

# EXHIBIT
# G

311 10TH Street Unit B, Saint Simons Island, GA 31522, Final Bid at ...   file:///C:/Users/Sharon Smith/Downloads/311 10TH Street Unit B, Sain...

Case 2:19-cv-00073-LGW   Document 11-1   Filed 08/01/19   Page 70 of 86

Case:07-20244-MJK   Doc#:755   Filed:08/31/18   Entered:09/04/18 10:07:11   Page:34 of 39

(https://www.xome.com/)

Contact Us        SIGN IN
                  (HTTPS://WWW.XOME.COM
                  /AUCTIONS
Enter City, Address, ZIP, or Neighborhood                                    All Auctions
                  /LOGIN.ASPX?FORMTYPE=LOGIN&       Condo       3       m    3,950  (https://www.xome.com
$750,000          ONREGISTER=CUSTOMERLOGIN.REGISTER&  Property Type  Beds  Baths  Sq. Ft.  Property /auctions/all)
                  ONSIGNIN=CUSTOMERLOGIN.SIGNIN&                                     Georg
311 10TH Street Unit B  ONRESIZE=CUSTOMERLOGIN.RESIZEOVERLAY&   Save    Share                (https://www.xome.co
Saint Simons Island GA  ONLOGINSUCCESS=CUSTOMERLOGIN.REDIRECTTOSUCESSPAGE&                   /auctions/Listin
1 of 7  DETAILS   RELOADCURRENTPAGE=TRUE)   Full Screen Photos   $ HISTORY   NEIGHBORHOOD   /Processsearch.aspx?Criter

CREATE FREE ACCOUNT (HTTPS://WWW.XOME.COM/AUCTIONS/ACCOUNT
/SIGNUP.ASPX?FORMTYPE=LOGIN&ONREGISTER=CUSTOMERLOGIN.REGISTER&
ONSIGNIN=CUSTOMERLOGIN.SIGNIN&ONRESIZE=CUSTOMERLOGIN.RESIZEOVERLAY&
ONLOGINSUCCESS=CUSTOMERLOGIN.REDIRECTTOSUCESSPAGE&
RELOADCURRENTPAGE=TRUE)                                       Reserve Not Met

                                                     Final Bid    $750,000
                                                                  Under Contract

                                                     CASH ONLY



                                                     (https://www.xome.co
                                                     /auctions/event-detai
                                                     /-273--Southeast
                                                     /5001782)
                                                     #273 - Southeast
                                                     Jul 28 - Jul 31

Listing Courtesy of: Jill Jernigan - Ronnie Perry Realty

## PROPERTY DETAILS                                  LISTED BY

Gorgeous ocean views on all levels of this condominium located       | Listing Agent | Jill Jernigan |
near the Village Shops of St Simons Island. Popular resort          | License Number | 245969 |
island offering one of the best locations! Large spacious
bedrooms and open floor plan including a chef's kitchen with        | Phone Number | +1 (912) 242 2269 |
panoramic views. Elevator to access all 3 levels with ease and
convenience.

589

311 10TH Street Unit B, Saint Simons Island, GA 31522, Final Bid at ...    file:///C:/Users/Sharon Smith/Downloads/311 10TH Street Unit B, Sain...

Case 2:19-cv-00073-LGW    Document 11-1    Filed 08/01/19    Page 71 of 86

Case:07-20244-MJK    Doc#:755    Filed:08/31/18    Entered:09/04/18 10:07:11    Page:35 of 39

(https://www.xome.com/)

LISTING INFORMATION

Contact Us        SIGN IN

| | | | | Brokerage | Ronnie Perry Realty |

Property #   P111SCH
Property Type   /AUCTIONS
MLS #   1586436
Bedrooms   3
County   GLYNN

AUCTION BANK OWNED FLINT
Lot Size   .01 acres   3. m
$750,000

Feet

311 10TH Street Unit B
Saint Simons Island, GA 31522

DETAILS

Brokerage License   H-6777

All Auctions

Managing Broker

NEIGHBORHOOD

Auctioneer   Andrea Conner

CREATE FREE ACCOUNT

AUCTION DISCLAIMERS

- The Auctioneer may bid on behalf of the Seller up to the amount of the Reserve Price by placing successive or consecutive bids for a property or by placing bids in response to other bidders. Any such bids placed by the Auctioneer will not result in a Winning Bid.

- A buyer's premium equal to the greater of 5% of the winning bid amount or $2,500 will be added to all winning bid amounts that will determine the total purchase price.

- Property is being offered "AS IS, WHERE IS".

- There are no inspection or financing contingencies.

- Buyer will receive a Special Warranty Deed (SWD) or equivalent.

- Financing Information: Not Available. Cash Purchase Only.

- All pictures, details or descriptions of any property, condition of title, value or otherwise is provided for informational purposes only and may not represent the true and current status of the property now or at the time of sale.

- Information is available for marketing purposes only.

- Please contact the listing agent directly with questions or inquiries regarding this property.

- Xome Inc. companies are affiliates of the seller and/or servicer of this property, Nationstar Mortgage LLC d/b/a Mr. Cooper.

MAY WE ASSIST YOU?

Need some help with anything? Check out our Frequently Asked Questions (https://www.xome.com/auctions/auction-help) section for the answers to common questions Or contact (https://www.xome.com/auctions/customerservice) our Customer Service department.

XOME'S AUCTION LICENSE INFORMATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Marvin B. Smith, III and | ) | Chapter 7 |
| Sharon H. Smith, | ) | |
| Debtors. | ) | Case No. 07-20244 |

| | | |
|---|---|---|
| Marvin B. Smith, III and | ) | |
| Sharon H. Smith, | ) | Contested Matter |
| Movants, | ) | |
| v. | ) | |
| | ) | |
| HSBC BANK USA, | ) | |
| | ) | |
| HSBC BANK USA, N.A., | ) | |
| | ) | |
| HSBC BANK USA, National Association | ) | |
| as Trustee for the Holders of | ) | |
| BCAP LLC Trust 2006-AA2, | ) | |
| | ) | |
| Patrick J. Burke, Pres./CEO of HSBC Bank USA, N.A., | ) | |
| | ) | |
| Balch & Bingham, LLP, | ) | |
| Geremy Gregory, Agent for Balch & Bingham LLP, | ) | |
| Christopher Anulewicz, Agent for Balch & Bingham LLP, | ) | |
| | ) | |
| McGuire Woods, LLP, | ) | |
| Paul A. Rogers, Agent for McGuire Woods, LLP, | ) | |
| Thomas R. Walker, Agent for McGuire Woods, LLP, | ) | |
| Jarrod S. Mendel, Agent for McGuire Woods, LLP, | ) | |
| | ) | |
| Rubin Lublin, LLC, | ) | |
| Peter Lublin, Agent of Rubin Lublin, LLC, | ) | |
| Bret Chaness, Agent of Rubin Lublin, LLC, | ) | |
| | ) | |
| Ronnie Perry Realty Co., Inc. and | ) | |
| Jill Jernigan, Agent/Broker for Ronnie Perry Realty Co., Inc) | | |
| | ) | |
| Respondents. | ) | |

## CERTIFICATE OF SERVICE

1

We certify that we have this day served the parties below with a copy of this

## EMERGENCY MOTION TO ENFORCE DISCHARGE INJUNCTION  and

## MOTION FOR ISSUANCE OF AN ORDER TO RESPONDENTS TO SHOW CAUSE WHY THEY SHOULD NOT BE HELD IN CONTEMPT

R. Michael Souther
P.O. Box 978
Brunswick, GA  31521
*Chapter 7 Trustee*

Matthew Mills
2 East Bryan Street, Ste. 725
Savannah, GA  31401
*U.S. Trustee*

Thomas R. Walker
Paul A. Rogers
Jarrod S. Mendel
McGuire Woods LLP
1230 Peachtree Street, N.E.
Promenade II, Suite 2100
Atlanta, GA 30309-3534
*Attorneys for HSBC Bank USA, HSBC Bank USA,N.A. and* that HSBC Bank USA, N.A. National
Association as Trustee for Holders of BCAP LLC Trust 2006-AA2

McGuire Woods LLP
1230 Peachtree Street, N.E.
Promenade II, Suite 2100
Atlanta, GA 30309-3534

Thomas R. Walker
McGuire Woods LLP
1230 Peachtree Street, N.E.
Promenade II, Suite 2100
Atlanta, GA 30309-3534

Paul A. Rogers
McGuire Woods LLP
1230 Peachtree Street, N.E.
Promenade II, Suite 2100
Atlanta, GA 30309-3534

Jarrod S. Mendel
McGuire Woods LLP
1230 Peachtree Street, N.E.
Promenade II, Suite 2100
Atlanta, GA 30309-3534

Balch & Bingham LLP
30 Ivan Allen Jr. Blvd. NW, Suite 700
Atlanta, GA 30308

Geremy Gregory
Balch & Bingham LLP
30 Ivan Allen Jr. Blvd. NW, Suite 700
Atlanta, GA 30308

Christopher S. Anulewicz
Balch & Bingham LLP
30 Ivan Allen Jr. Blvd. NW, Suite 700
Atlanta, GA 30308

Bret Chaness
Peter Lublin
Rubin Lublin, LLC
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, Georgia 30071
*Pro se and attorney for Rubin Lublin, LLC and Peter Lublin*

Ronnie Perry Realty Co., Inc.
3144 Cypress Mill Road
Brunswick, GA 31525

Jill Jernigan
Ronnie Perry Realty Co., Inc.
3144 Cypress Mill Road
Brunswick, GA 31525

Patrick J. Burke
President and CEO of HSBC Bank USA, N.A.
2929 Walden Avenue
Depew, NY 14043


By placing the same in the United States Mail with sufficient postage affixed thereon to assure delivery.

Respectfully submitted this 31st day of August, 2018.

Marvin B. Smith, III

Sharon H. Smith
Debtors/Movants *Pro se*

P.O. Box 22063
St. Simons Island, Georgia  31522
(912) 268-8117
smbsmith@comcast.net

4

**FILED**
**Lucinda B. Rauback, Clerk**
**United States Bankruptcy Court**
**Brunswick, Georgia**
*By jbergen at 5:08 pm, Jun 07, 2019*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA

BRUNSWICK DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 CASE |
| | ) | No. 07-20244 |
| MARVIN B. SMITH, III, and | ) | |
| SHARON H. SMITH, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| | ) | |
| MARVIN B. SMITH, III, and | ) | |
| SHARON H. SMITH, | ) | |
| | ) | |
| Debtors/Movants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HSBC BANK USA, | ) | |
| | ) | |
| HSBC BANK USA, N.A., | ) | |
| | ) | |
| HSBC BANK USA, NATIONAL | ) | |
| ASSOCIATION AS TRUSTEE FOR THE | ) | |
| HOLDERS OF BCAP LLC TRUST 2006- | ) | |
| AA2, | ) | |
| | ) | |
| PATRICK J. BURKE, PRES./CEO OF | ) | |
| HSBC BANK USA, N.A., | ) | |
| | ) | |
| BALCH & BINGHAM, LLP, | ) | |
| | ) | |
| GEREMY GREGORY, AGENT FOR | ) | |
| BALCH & BINGHAM, LLP, | ) | |

CHRISTOPHER ANULEWICZ,                  )
AGENT FOR BALCH & BINGHAM, LLP,         )
                                        )
MCGUIRE WOODS, LLP,                     )
                                        )
PAUL A. ROGERS, AGENT FOR               )
MCGUIRE WOODS, LLP,                     )
                                        )
THOMAS R. WALKER, AGENT FOR             )
MCGUIRE WOODS, LLP,                     )
                                        )
JARROD S. MENDEL, AGENT FOR             )
MCGUIRE WOODS, LLP,                     )
                                        )
RUBIN LUBLIN, LLC,                      )
                                        )
PETER LUBLIN, AGENT OF RUBIN            )
LUBLIN, LLC,                            )
                                        )
BRET CHANESS, AGENT OF RUBIN            )
LUBLIN, LLC,                            )
                                        )
RONNIE PERRY REALTY CO., INC., and      )
                                        )
JILL JERNIGAN, AGENT/BROKER FOR         )
RONNIE PERRY REALTY CO., INC.,          )
                                        )
          Respondents.                  )
                                        )

## ORDER DENYING EMERGENCY MOTION TO ENFORCE
## DISCHARGE INJUNCTION AND MOTION FOR CONTEMPT

Before the Court is the Emergency Motion to Enforce Discharge Injunction and

Motion for Issuance of an Order to Respondents to Show Cause Why They Should Not Be

2

Held in Contempt (ECF No. 755) (the "Motion") of debtors Marvin B. Smith, III, and Sharon H. Smith (the "Smiths").  The Smiths seek in their Motion relief against a long list of respondents (collectively, the "Respondents") involved in the foreclosure and sale of their former residence.  Included in the list of Respondents are HSBC Bank USA, HSBC Bank, N.A., and HSBC Bank, USA, National Association as Trustee for the Holders of BCAP Trust LLC 2006-AA2 (individually and collectively, "HSBC"), several attorneys and associated law firms representing HSBC, and a realty company and realtor.  For the reasons stated below, the Motion will be denied.

## BACKGROUND

The Smiths filed for bankruptcy on April 2, 2007.  On November 12, 2008, this Court[1] entered a Consent Order Modifying the Automatic Stay (ECF No. 174) (the "Consent Order") in which the Smiths agreed through counsel to a modification of the automatic stay with respect to the Smiths' former residence located at 311 10th Street, Unit B, St. Simons Island, Georgia (the "Property").  Sometime thereafter, pursuant to the terms of the Consent Order, the automatic stay was deemed lifted without further hearing or order to allow Countrywide Home Loans, Inc., as servicing agent for HSBC and its successors and assigns (in such capacity, "Countrywide"), to pursue its state law remedies, including

---

[1] This case was originally assigned to the Honorable John S. Dalis.  Following his retirement, the case was reassigned on June 26, 2017.

3

foreclosure, with respect to the Property.  Because the stay had been lifted as to the Property, the chapter 7 trustee (the "<u>Trustee</u>") determined the Property was "burdensome and of inconsequential value to the estate" and filed a notice of abandonment on April 25, 2012.  (ECF No. 555.)   HSBC foreclosed upon the Property on May 5, 2015.  Upon foreclosure, title to the Property passed to HSBC.  The Smiths received a discharge on June 1, 2016.  (ECF No. 699.)  The Smiths were removed from the Property on August 14, 2017, after HSBC initiated dispossessory proceedings.  According to the Smiths, the Property is now listed for sale.

## <u>DISCUSSION</u>

### I.   <u>Emergency Motion to Enforce Discharge Injunction</u>

The Smiths allege that Respondents violated the discharge injunction under 11 U.S.C. § 524 by undertaking actions related to the foreclosure of and the Smiths' eviction from the Property.  In this Motion, the Smiths ask the Court to enforce the discharge injunction,[2] issue a show cause order regarding Respondents' contempt, and award actual damages.  (ECF No. 755 at 2, 11.)

---

[2] The Motion does not clearly indicate what the Smiths are asking for when they request that the Court "enforce the discharge injunction."  (ECF No. 755 at 11.)  While the Smiths have asked for contempt to be considered, the Motion indicates that the Smiths are also requesting injunctive relief to prevent certain Respondents from selling the Property.  (ECF No. 755 at 2.)  Due to the pro se status of the Smiths, the Court will construe the Motion liberally and address whether an injunction can be issued under the circumstances in this case.

4

Importantly, the only remedy for a violation of the discharge injunction comes in the form of sanctions for contempt.[3]  Debtors do not have a private right of action for damages arising from a violation of the discharge injunction, and enforcement of the discharge injunction exists only through a contempt proceeding.  Giles v. James B. Nutter & Co. (In re Giles), 502 B.R. 892, 905 (Bankr. N.D. Ga. 2013); see also Walls v. Wells Fargo Bank, N.A., 276 F.3d 502, 507 (9th Cir. 2002) (holding that there is no private cause of action in Section 524 and that the court's contempt power is its enforcement mechanism); Cox v. Zale Del., Inc., 239 F.3d 910, 917 (7th Cir. 2001) (holding that an action alleging a violation of Section 524(c) can be brought only as a contempt action because Section 524 lacks a provision for punitive damages); Pertuso v. Ford Motor Credit Co., 233 F.3d 417, 422 (6th Cir. 2000) (holding a private cause of action improper where the appropriate remedy for violation of an injunction is a contempt proceeding).  The Court cannot enforce the discharge injunction with a new injunction.  All it can do is sanction parties that have violated the discharge injunction through a contempt order.  Therefore, the Court will consider only the Smiths' request for sanctions, including actual damages, arising from the alleged violation of the discharge injunction.

---

[3] The Smiths seek actual damages for Respondents' actions allegedly in violation of the discharge injunction. (ECF No. 755 at 11.)  Actual damages for such a violation are available only in the context of a sanction for contempt.  Hardy v. United States ex rel. IRS (In re Hardy), 97 F.3d 1384, 1390 (11th Cir. 1996); McTyeire v. Hunt (In re McTyeire), 357 B.R. 898, 903 (Bankr. M.D. Ga. 2006).

5

The Court derives its contempt powers from its statutory authority to "issue any order, process, or judgment that is necessary and appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). "The language of § 105 encompasses 'any type of order, whether injunctive, compensative or punitive,' as long as it is 'necessary or appropriate to carry out the provisions of' the Bankruptcy Code." <u>Hardy v. United States ex rel. IRS (In re Hardy)</u>, 97 F.3d 1384, 1389 (11th Cir. 1996).

Before sanctions can be considered, the Court must determine whether a violation of the discharge injunction has occurred. Section 524(a)(2) provides:

> (a) A discharge in a case under this title—
> (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt *as a personal liability of the debtor*, whether or not discharge of such debt is waived.

11 U.S.C. § 524(a)(2) (emphasis added). Section 524 provides debtors with the "fresh start" of the Bankruptcy Code by implementing "a post-discharge injunction against collection of debts discharged in bankruptcy." <u>Hardy v. United States (In re Hardy)</u>, 97 F.3d 1384, 1388-89 (11th Cir. 1996). The discharge injunction "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor." 11 U.S.C. § 524(a)(2). "Section 524 is intended to insure that once a debt is discharged, the debtor will not be pressured in any way to repay it." <u>Green Point Credit, LLC v. McLean</u>

6

(In re McLean), 794 F.3d 1313, 1321 (11th Cir. 2015) (citations and internal quotations omitted).

In determining whether a creditor has violated the discharge injunction, courts ask "whether the objective effect of the creditor's action is to pressure a debtor to repay a discharged debt, regardless of the legal entity against which the creditor files its claim." Id. at 1322. However, the chapter 7 discharge stops the collection of debts personally against the debtor only. It "does not avoid or otherwise affect a lien against property of the debtor." Mele v. Bank of Am. Home Loans (BAC) (In re Mele), 486 B.R. 546, 555 (Bankr. N.D. Ga. 2013).

The Smiths have not presented facts demonstrating that Respondents have violated the discharge injunction. Nothing in their Motion shows that any of Respondents have made any attempts to collect any debt as a personal liability of the Smiths. The Smiths' discharge extinguished their personal liability for certain debts but did not extinguish HSBC's ability to enforce the lien on the Property. As such, actions taken by any Respondent to foreclose, evict the Smiths from the Property, and/or sell the Property that has been foreclosed upon had nothing to do with the Smiths or their discharge. Accordingly, there is no need for the Court to exercise its contempt powers.

## II.   Contempt for Violation of Court's Order Disallowing Claim No. 10

The Smiths next request that the Court hold Respondents in contempt for violation

of its Order on Objection to Claim No. 10 of Countrywide (ECF No. 603) (the "Disallowance

Order").  Countrywide[4] filed a proof of claim (Claim No. 10) (the "Claim") regarding the

loan that was secured by a lien on the Property.  The Claim was disallowed when the Court

sustained the objection of the Trustee (ECF No. 588) (the "Objection"), in which the Trustee

contended that the Claim should be disallowed because it was "secured by property either

abandoned or not administered by the Trustee and, therefore, Creditor should look to its

collateral for satisfaction of the debt."  (ECF No. 588 at 2.)  The Smiths argue that the effect

of the Disallowance Order was to void the subject lien on the Property under 11 U.S.C. §

506(d) upon the Smiths' discharge.  They argue Respondents have acted in violation of the

Disallowance Order by enforcing the lien and foreclosing on the Property.

      11 U.S.C. 506(d) provides:

> (d) To the extent that a lien secures a claim against the debtor that is not an
> allowed secured claim, such lien is void, unless—
> (1) such claim was disallowed only under section 502(b)(5) or 502(e) of this
> title; or
> (2) such claim is not an allowed secured claim due only to the failure of any
> entity to file a proof of such claim under section 501 of this title.

11 U.S.C. § 506(d)(1)-(2).  The Smiths submit that Section 506(d) automatically voided the

subject lien on the Property upon their discharge.  In support, the Smiths refer to Nat'l

---

[4] As previously stated, Countrywide was HSBC's servicing agent.  Countrywide was listed as the creditor of the Claim on the proof of claim and was granted relief from the automatic stay.  (ECF No. 174.)  Sometime thereafter, Countrywide ceased to be HSBC's servicing agent.  For the sake of clarity, the Court notes that HSBC is the real party in interest with respect to the subject lien on the Property.

Capital Mgmt., LLC v. Gammage-Lewis, No. 5:10-CV-468-F, 2012 WL 3561785 (E.D.N.C. Aug. 14, 2012), aff'd, 523 F. App'x 254 (4th Cir. 2013).  In that case, the district court concluded that Section 506(d) provided for avoidance where the trustee objected to a creditor's secured claim for failure to attach proper documentation to its claim against debtor's vehicle and the creditor failed to respond.  Id. at *3.  In the objection, the trustee requested the court to disallow the creditor's claim as a secured claim and allow it instead as a general unsecured claim.  Id. at *1.  To reach its holding, the court determined that under those circumstances, the trustee's objection was sufficient in place of an adversary proceeding—a requirement under Federal Rule of Bankruptcy Procedure 7001(2) to challenge a lien—because it gave proper notice to the creditor that "the debtor was challenging the validity, priority or extent of lien."  Id. at *3.

The National Capital case is not binding precedent upon the Court nor is it persuasive.  The Trustee abandoned the Property after determining that the Property was of no value to the bankruptcy estate.  Abandonment had the effect of removing the Property from the bankruptcy estate and the jurisdiction of the bankruptcy court and returning the Property to the Smiths as if the bankruptcy had never occurred.  11 U.S.C. § 554(a); In re Faloye, 459 B.R. 865, 867 (Bankr. N.D. Ga. 2011).  In this case, the Claim was disallowed because the Property was no longer part of the bankruptcy estate.  The Trustee's Objection was not a challenge to the existence, legitimacy, perfection, priority, or

9

extent of the lien on the Property; and the Disallowance Order made no determination on such issues. The disallowance was procedural, and its effect was simply to keep Countrywide and/or HSBC from receiving any distribution from the Trustee for the Claim.

Further, the Claim was disallowed directly as a result of the Smiths' decision to agree to the Consent Order which allowed Countrywide and/or HSBC to pursue its state law remedies, including foreclosure, with respect to the Property. (ECF No. 174.) It appears that the Smiths have sifted through the more than 700-entry docket in this case to find something that might support their ongoing quest to escape the consequences of the Consent Order, deciding now to rely erroneously on the Disallowance Order.

This Court joins other courts in refusing to deem a perfectly valid lien void without a proper determination of such on the merits. See Shelton v. CitiMortgage, Inc. (In re Shelton), 477 B.R. 749, 752 (B.A.P. 8th Cir. 2012) (concluding a secured creditor's lien cannot be avoided under Section 506(d) for untimeliness); Hamlett v. Amsouth Bank (In re Hamlett), 322 F.3d 342, 349 (4th Cir. 2003) (holding creditor who chooses to sit out bankruptcy by not filing a proof of claim retains its lien under Section 506(d)); Roman v. CitiMortgage, Inc. (In re Roman), No. 14-03686, Adv. No. 14-00255, 2018 WL 4801933, at *8 (Bankr. D.P.R. Oct. 2, 2018) (holding lien cannot be avoided where neither trustee nor debtor challenged the lien or took any affirmative action that could lead to lien avoidance); Kohout v. Nationstar Mortg., LLC (In re Kohout), 560 B.R. 399, 408 (Bankr. N.D.N.Y. 2016)

("Where . . . the Court does not examine the substance of a creditor's claim or make a merit-based determination, it would be illogical and contrary to longstanding bankruptcy jurisprudence to deprive such creditor of its contractual in rem rights."). To hold otherwise would be antithetical to the long-standing premise under the Bankruptcy Code that certain liens ride through bankruptcy. Universal Am. Mortg. Co. v. Bateman (In re Bateman), 331 F.3d 821, 827 (11th Cir. 2003) ("[A] secured creditor need not do anything during the course of the bankruptcy proceeding because it will always be able to look to the underlying collateral to satisfy its lien.") (citing Long v. Bullard, 117 U.S. 617, 620-21 (1886)). Finally, because the Court concludes that the lien was not voided, there has been no violation of the Disallowance Order. Accordingly, again, there is no need for the Court to exercise its contempt powers.

   **IT IS THEREFORE ORDERED** that the Motion is **DENIED**.

Michele J. Kim
United States Bankruptcy Court
Southern District of Georgia

Dated at Brunswick, Georgia,
this 7th day of June, 2019.

11