No. **2:19-cv-00073**

### IN THE U. S. DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF GEORGIA

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2019 AUG 30  AM 11: 16

_Casbell_

SO. DIST. OF GA.

MARVIN B. SMITH, III AND SHARON H. SMITH,

APPELLANTS,

V.

HSBC BANK USA,
HSBC BANK USA, N.A.,
HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR THE HOLDERS OF
    BCAP LLC TRUST 2006-AA2,
PATRICK J. BURKE, PRES./CEO OF HSBC BANK USA, N.A.,
BALCH & BINGHAM, LLP,
GEREMY GREGORY, AGENT FOR BALCH & BINGHAM LLP,
CHRISTOPHER ANULEWICZ, AGENT FOR BALCH & BINGHAM LLP,
MCGUIRE WOODS, LLP,
PAUL A. ROGERS, AGENT FOR MCGUIRE WOODS, LLP,
THOMAS R. WALKER, AGENT FOR MCGUIRE WOODS, LLP,
JARROD S. MENDEL, AGENT FOR MCGUIRE WOODS, LLP,
RUBIN LUBLIN, LLC,
PETER LUBLIN, AGENT OF RUBIN LUBLIN, LLC,
BRET CHANESS, AGENT OF RUBIN LUBLIN, LLC,
RONNIE PERRY REALTY CO., INC. AND
JILL JERNIGAN, AGENT/BROKER FOR RONNIE PERRY REALTY CO., INC.

APPELLEES.

_ON APPEAL FROM THE U.S. BANKRUPTCY COURT_
_FOR THE SOUTHERN DISTRICT OF GEORGIA_
_CASE NO. 07-20244-MJK_

### APPELLANTS' BRIEF

MARVIN B. SMITH, III
SHARON H. SMITH
P.O. Box 22063
St. Simons Island, GA 31522
(912) 268-8117; smbsmith@comcast.net

DEBTORS/_APPELLANTS Pro Se_

# TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................iii

JURISDICTIONAL STATEMENT...............................................................1

STATEMENT OF THE ISSUES.................................................................1

FACTUAL BACKGROUND......................................................................2

STATEMENT OF THE PRESENT CASE.....................................................10

ARGUMENT AND CITATION TO AUTHORITY.........................................13

I. The Bankruptcy Court erred in concluding, without an evidentiary hearing, that there was no violation of the discharge injunction and, therefore, no contempt; the court having ignored the due process requirement that a hearing be conducted on all issues of material fact.......................................................13

 Material Fact at Issue: Real Party in Interest.........................16

II. The Bankruptcy Court erred in concluding that, despite Countrywide Home Loans, Inc.'s Claim #10 having been disallowed in its entirety by Order of the Bankruptcy Court, there was no violation of said Order and erred in concluding that the subject lien was not rendered void under 11 U.S.C. Section 506(d) upon the Smiths' discharge.........................21

III. The Bankruptcy Court erred in concluding that the actions of Respondents to foreclose, evict the Smiths from the Property, and /or sell the Property that has been foreclosed upon had nothing to do with the Smiths or their discharge, despite violation of one or more bankruptcy orders with regard to the bankruptcy stay and/or the discharge injunction; and erred in concluding there was no need for the Court to exercise its contempt powers.............................................31

**Reasons the Bankruptcy Court Should Have Issued an Order to Respondents to Show Cause Why They Should Not be Held in Contempt**................................................................**32**

**IV.**    **CONSTITUTIONAL DUE PROCESS WAS DENIED**.........................**39**

**The Smiths have been prevented from fully and fairly presenting their case**...................................................**39**

**Constitutional right to due process includes statutory entitlement**.......................................................**41**

**Due process demands equality of application of the law**.................................................................**43**

CONCLUSION ..............................................................**44**

CERTIFICATE OF SERVICE.............................................**45**

# TABLE OF AUTHORITIES

## CASES

*In re Allen v. Lokey* ,
 307 F.2d 353 (5th Cir. 1962)..........................................................18

*Blendheim* (*In re Blendheim*),
 ___ F.3d ___, *2015 WL 5730015* (9th Cir. *Oct. 1, 2015*)..................22, 28

*Bonner v. City of Prichard* ,
 661 F.2d 1206, 1209 (11th Cir. 1981)..............................................18

*Borg-Warner Acceptance Corp. v. Hall*,
 685 F.2d 1306 (11th Cir. 1982).....................................................27, 32

*Dewsnup v. Timm*,
 502 U.S. 410 (1992).................................................................23

Johnson v. U.S. Dep't of Agric.,
 734 F.2d 774 (11thCir.1984).......................................................41

*Kalb v. Feuerstein*,
 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370 (1940).........................27, 32

*Lewis v. Manufacturers National Bank of Detroit*,
 364 U.S. 603, 81 S.Ct. 347, 5 L.Ed.2d 323 (1961)...........................30

*In the Matter of Manuel*,
 507 F.2d 990 (5th Cir., 1975).......................................................30

*Mercer v. Mitchell*,
 908 F.2d 763, 787 (11th Cir. 1990)........................................14, 16, 39

*In re McClean; Green Point Credit, LLC et al v. McClean*,
 Case No.14-14002, 11th Cir. 07/23/2015.....................................38

*National Capital Management LLC v. Gammage-Lewis*,
 No. 12-2286 (4th Cir. 2013) .....................................................22

*National Silver Co. v. Nichols* ,
    205 F.2d 52 (5th Cir. 1953)..........................................................18

*In Re Salov,*
    510 B.R. 720, 729 (2014).........................................................27

*Smith v. Countrywide Home Loans, Inc.,*
    No. 10-13671, (11th Cir. July 20, 2011)..........................................6

*Smith v. Countrywide Home Loans, Inc.,*
    No. 13-13808 (11th Cir. Dec. 19, 2013)....................................17, 40

*Smith v. HSBC Bank USA, N.A. et al,*
    No. 16-11045, (11th Cir. February 13, 2017)..............................8, 42

*Smith v. HSBC Bank USA, N.A.,*
    No. 2:15-CV-70 (S.D. Ga. Aug. 9, 2017)............................. *passim*

*Truax v. Corrigan,*
    257 U.S. 312 (1921)...............................................................44

*Universal Express, Inc. v. United States SEC,*
    177 Fed. Appx. 52,53 (11th Cir. 2006)...................................39, 43

## CONSTITUTION

Article III................................................................. *passim*
U.S. Const. Amend. V....................................................*passim*

## STATUTES

11 U.S.C. § 362(a).....................................................*passim*
11 U.S.C. § 362(c).................................................6, 26, 27
11 U.S.C. § 362(d).................................................... *passim*
11 U.S.C. § 506(d).................................................... *passim*
11 U.S.C. § 524.......................................................*passim*
11 U.S.C. § 554.........................................................27

28 U.S.C.1295(a)(1)........................................................................................1

**RULES**

Federal Rules of Bankruptcy Procedure 7001............................................22
Federal Rules of Bankruptcy Procedure 8007............................................47

**OTHER**

4 Collier on Bankruptcy ¶ 506.06 [1] [a].................................................23

H.R. Rep. No. 95-595, 95th Cong., 1st. Sess. 340 (1977),
       *reprinted in* 1978 U.S. Code Cong. Ad.News, 5787, 5963, 6296-97.
       H.R. Rep. No. 95-595 at 343 (1977)...........................................6, 26

## JURISDICTIONAL STATEMENT

Pursuant to 28 U.S.C. § 1295(a)(1), this Court has jurisdiction over Debtors'
timely appeal from the Bankruptcy Court's June 7, 2019 <u>Order Denying
Emergency Motion to Enforce Discharge Injunction and Motion for Contempt,</u>
Dkt.#1, "Contempt Order".

## STATEMENT OF THE ISSUES

I. Whether the Bankruptcy Court erred in concluding, without an
evidentiary hearing, that there was no violation of the discharge injunction and,
therefore, no contempt; the court having ignored the due process requirement that a
hearing be conducted on all issues of material fact?

II. Whether the Bankruptcy Court erred in concluding that, despite
Countrywide Home Loans, Inc.'s Claim #10 having been disallowed in its entirety
by Order of the Bankruptcy Court, there was no violation of said Order and erred
in concluding that the subject lien was not rendered void under 11 U.S.C. Section
506(d) upon the Smiths' discharge?

III. Whether the Bankruptcy Court erred in concluding that the actions of
Respondents to foreclose, evict the Smiths from the Property, and /or sell the
Property that has been foreclosed upon had nothing to do with the Smiths or their
discharge, despite violation of one or more bankruptcy orders with regard to the
bankruptcy stay and/or the discharge injunction; and erred in concluding there was

1

no need for the Court to exercise its contempt powers?

IV.   Whether the Smiths have been denied their right to due process under the Fifth Amendment to the Constitution?

## FACTUAL BACKGROUND

The subject property in this case ("Property"), 311 10th Street, Unit B, Saint Simons Island, GA 31522, was the Smiths' residence prior to eviction by HSBC Bank USA, N.A. in August, 2017.

On or about August 7, 2006, Plaintiffs borrowed a sum of money in the amount of $1,767,500 in a mortgage loan transaction wherein Synovus Mortgage Corp.( "Lender"), acted in the role of "Lender" pursuant to the Security Deed recorded on August 23, 2006 with the Glynn County Superior Court at Bk 2026, Page 174. The Note dated August 7, 2006, originally secured by the Security Deed, is referred to herein as the "Note." The debt evidenced by the Note when originally made is the "Loan" or "mortgage". The purported lien claim represented by this Security Deed is herein called the "security deed" or "deed to secure debt".

On April 2, 2007, Marvin B. Smith and Sharon H. Smith, "Smiths", Debtors/Appellants, filed their bankruptcy case 07-20244 in the U.S. Bankruptcy Court, Southern District of Georgia, Brunswick Division under Chapter 11 of title 11 of the United States Code.  The Chapter 11 Case was converted to a Chapter 7 Case on May 8, 2008.

On November 18, 2007 Countrywide Home Loans, Inc. filed a proof of Claim #10, **App.J,a-24,**[1] as the secured creditor holding a "first priority security deed on property located at 311 10th Street, Unit #B, Saint Simons Island, Georgia 31522" attached to which was the first couple of pages of the subject security deed.

On September 25, 2008 Countrywide Home Loans, Inc. as servicing agent for HSBC Bank USA, National Association as Trustee for Holders of **BCAP LLC Trust 2006-AA2** requested relief of stay, Bankr.Dkt.#154, representing itself to be "a secured creditor of Debtors pursuant to a Note and Deed to Secure Debt", attaching the subject Deed to Secure Debt described above, which did not reference Countrywide Home Loans, Inc. or HSBC Bank USA, N.A. in any capacity.

On November 12, 2008 Consent Order Modifying Stay was filed, Bankr.Dkt.#174,**App.K,a-29,** granting conditional relief of stay on May 5, 2019.

On April 15, 2009, <u>prior to relief of stay</u>, the Smiths, proceeding *pro se* moved the Bankruptcy Court to vacate the Consent Order, Bankr.Dkt.#192, objecting that Countrywide Home Loans Inc. as servicing agent for HSBC Bank USA, National Association as Trustee for Holders of **BCAP LLC Trust 2006-AA2**

---

[1]     Appendices referenced herein (**App.A** through **App.V**) are those attached and incorporated into the Complaint filed in Adversary Proceeding No. 17-02016. The Complaint was initially filed in the main case 07-20244 at Bankr.Dkt.#738 and included in the record in this appeal, 2:19-cv-73 at Dkt.#10. *See also* Appellant's Brief 2:19-cv-76, which is incorporated herein by reference.

was not a real party in interest and had no legal standing to seek any relief incident to the subject Security Deed; Countrywide Home Loans, Inc. as servicing agent for HSBC Bank USA, National Association as Trustee for Holders of **BCAP LLC Trust 2006-AA2** had no legal standing to have entered into the Consent Order.

On May 5, 2009 Countrywide Home Loans, Inc. as Servicing Agent for HSBC Bank USA, National Association as Trustee for the Holders of **BCAP LLC Trust 2006-AA2** was granted relief of stay pursuant to the conditional Consent Order filed November 12, 2008, Bankr.Dkt.#174,**App.K,a-29;** however, there was no proof of an agency relationship in the record.[2]

On February 7, 2011 BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP as Servicing Agent for the Bank of New York Mellon FKA The Bank of New York, as Trustee for the Certificate holders of CWHEQ, Inc, Home Equity Loan Asset-Backed Certificates, Series 2006-S9 represented to the Bankruptcy Court in its Motion to Continue Hearing, Bankr.Dkt.#396, that the

---

[2]    In fact, there was no agency relationship. Countrywide Home Loans, Inc. was not the servicer for said Trust. The certified SEC document for BCAP LLC Trust 2006-AA2 identifies Countrywide Servicing, LP as"Servicer", **App.T,a-84.   NO ASSIGNMENT EXISTED in 2009; it was fabricated in 2011.**

Order Denying Motion to Vacate Consent Order [Bankr.Dkt #206]: "...Attached to each proof of claim was one page showing an itemized payoff balance and one photocopied page from a security instrument that did not reference Countrywide in any capacity." [Emphasis added.]

Smiths' loan had been transferred to the new entity, CWHEQ, Inc.  Home Equity

Loan Asset-Backed Certificates, Series 2006-S9.

> "COMES NOW, BAC Home Loans Servicing, LP f/k/a Countrywide
> Home Loans Servicing, LP as Servicing Agent for the Bank of New
> York Mellon FKA The Bank of New York , as Trustee for the
> Certificate holders of CWHEQ, Inc, Home Equity Loan Asset-Backed
> Certificates, Series 2006-S9.(footnote 1)…".

> Footnote 1:  "During the pendency of this litigation, Marvin B. Smith
> and Sharon H. Smiths' loan was transferred to a new entity and
> Countrywide Home Loans, Inc. was purchased by Bank of America."

On April 21, 2011 Peter Lublin of Rubin Lublin LLC represented in Notice

of Substitution of Parties, Eleventh Circuit Court of Appeals No. 10-13671 -C,

April 21, 2011:

> COMES NOW, COUNTRYWIDE HOME LOANS, INC. AS
> SERVICING AGENT FOR HSBC BANK NATIONAL
> ASSOCIATION AS TRUSTEE FOR THE HOLDERS OF BCAP
> LLC TRUST 2006-AA2 and files this Notice of Substitution of Parties
> pursuant to FRAP 43.
> …Appellants Marvin B. Smith and Sharon H. Smiths' loan was
> transferred to a new entity.  Appellants' loan was first transferred to
> The Bank of New York Mellon f/k/a The Bank of New York, as
> Trustee for the Certificateholders of CWHEQ, Inc., Home Equity
> Loan Asset-Backed Certificates, Series 2006-S9.  **Appellants' loan is
> now held by the BCAP 2006-AA Trust.**" [Emphasis added.]

On April 22, 2011 Mr. Trainor of Blank & Rome represented that the owner

of the Smiths' note was BAC Home Loans Servicing LP for the benefit of the

**BCAP 2006-AA Trust, App.L,a-34.**

On July 20, 2011, at the request of Countrywide Home Loans, Inc. as

servicing agent for HSBC Bank USA, National Association as Trustee for Holders

of **BCAP LLC Trust 2006-AA2**, the Eleventh Circuit Court of Appeals granted

the opposed substitution of parties.  The party granted relief of stay through the

Consent Order <u>became</u> BAC Home Loans Servicing, LP f/k/a Countrywide Home

Loans Servicing LP as Servicing Agent for the benefit of the **BCAP 2006-AA**

**Trust,** *Smith v. Countrywide Home Loans, Inc.*, 10-13671 (11th Cir. July 20,

2011),**App.M,a-39.**

On April 25, 2012 the subject property was abandoned by the Estate,

Bankr.Dkt.#555, and again became the debtors' property. <u>See</u> H.R. Rep. No. 95-

595, 95th Cong., 1st. Sess. 340 (1977), *reprinted in* 1978 U.S. Code Cong.

Ad.News, 5787, 5963, 6296-97. H.R. Rep. No. 95-595 at 343 (1977)(stating that,

while § 362(c)(1) terminates the automatic stay as to estate property when the

subject property is no longer estate property, that provision "does not terminate the

stay against property of the debtor if the property leaves the estate and goes to the

debtor.").

On March 11, 2013 the Bankruptcy Court disallowed Claim # 10 of

Countrywide Home Loans, Inc. with regard to the subject property. Order,

Bankr.Dkt.#603.

On December 4, 2013 Nationstar Mortgage as Servicer for HSBC Bank

USA, National Association as Trustee for Holders of **BCAP LLC Trust 2006-AA2**

filed a motion for relief of stay attaching the Assignment[3], Bankr.Dkt.#623, **App.O,a-44**; which was withdrawn on 12/5/2013, Bankr.Dkt.#625, **App.P,a-51**.

The Smiths attempted in 2014 to file an adversary Complaint against Nationstar Mortgage and others, Bankr.Dkt #650,#651 which included the Assignment and certified SEC documents[4] as new evidence of fraud upon the Court; however, the Complaint was not allowed to be filed and was stricken by the Bankruptcy Court, Bankr.Dkt.#648.

On May 5, 2015 the Smiths' home at 311 10th Street Unit B, St. Simons Island, GA 31522 was foreclosed upon by HSBC Bank USA, National Association as Trustee for the Holders of **BCAP LLC Trust 2006-AA2**. *See* Deed Under Power, **App.Q,a-55**.

On May 6, 2016, HSBC Bank USA, who is not a legal entity, filed a dispossessory proceeding, claiming ownership of the same property, 311 10th Street, Unit B, St. Simons Island, GA 31522. See Affidavit for Summons of Dispossessory filed in the Magistrate Court, Case No. 1601540, **App. I,a-22**.

On June 1, 2016 the Smiths received a standard discharge of their debt in case 07-20244, Order, Bankr.Dkt.#699.

---

[3]     Assignment,**App.N,a-42**, was never a part of the record in the Bankruptcy Case or Appeals prior to the Smiths' attachment to their Motion,Bankr.Dkt.#728, on July 27, 2017.

[4]     Certified SEC document, **App.R,a-66,67**, includes loan tapes proving that the Smiths' mortgage was never in **BCAP LLC Trust 2006-AA2**.

On July 5, 2016 the Magistrate Court issued a writ of possession to HSBC Bank USA, who is not a legal entity, **App.H,a-20;** regarding the action begun on May 6, 2016.

On October 20, 2016 the Superior Court amended the non-amendable defect and issued a Writ of Possession to HSBC Bank USA, N.A., **App.F,a-15;** regarding the action begun on May 6, 2016 by HSBC Bank USA.

On February 13, 2017 the Eleventh Circuit Court of Appeals ruled that HSBC Bank USA, N.A was not subject of the filing injunction and remanded the case to the District Court, No. 2:15-CV-70.  <u>See</u> *Smith v. HSBC Bank USA, N.A. et al*, No. 16-11045, (11th Cir. February 13, 2017), **App.S,a-75**.

In the U.S. Bankruptcy Court for the Southern District of Georgia, Case 07-20244, Motion for Entry of Order on Violation of the Automatic Stay <u>and</u> Emergency Verified Motion for Stay of Writ of Possession and Enforcement of the Automatic Stay, "Bankruptcy Motions", Bankr.Dkt.#728, was file-stamped on July 27, 2017 and Amendment to correct a date, Bankr.Dkt.#729, was file-stamped on July 28, 2017; which were not allowed to be docketed until August 9, 2017.

On August 8, 2017 the Bankruptcy Court filed its Report and Recommendation to the United States District Court in Bankruptcy Case 07-20244, Bankr.Dkt.#726, rather than rendering a decision, based on the erroneous assumption that the HSBC parties were subject of a filing injunction.

On August 9, 2017 the Smiths filed an Emergency Motion in the District

Court 2:15-cv-70, Dkt.#69.  The prayers for relief in said Motion:

> **WHEREFORE**, the Smiths pray unto this Honorable Court
> 1.  To notify the Bankruptcy Court that HSBC Bank USA and
> HSBC Bank USA, N. A. are not subject to the pre-filing injunction as
> ordered by the Eleventh Circuit;
> 2.  To stay the execution of the Writ of Possession granted to
> HSBC Bank USA, N.A.;
> 3.  To notify the Glynn County Sheriff's Office; and
> 4.  For any further relief this Court deems appropriate.
> Respectfully submitted this 9[th] day of August, 2017.

On August 9, 2017 the U.S. District Court issued two Orders in response to

the Emergency Motion, Dkt. #69, 2:15-cv-70.   One Order, Bankr.Dkt.# 727,

**App.B,a-4.**, was filed in the Bankruptcy Court rejecting the Report and

Recommendation and ordering the Bankruptcy Court "to file the Smiths' July 27,

2017 submission and rule upon it" and to allow a challenge to the Consent Order.

The second August 9, 2017 Order was filed in the District Court 2:15-cv-70,

Dkt.#70, denying the Smiths' Emergency Motion, Dkt.#69, filed in that Court,

Smith v. HSBC Bank USA, N.A., No. 2:15-CV-70 (S.D. Ga. Aug. 9,

2017),**App.C,a-8**.

On August 10, 2017 HSBC Bank USA, N.A., utilizing Writ of Possession,

**App.F,a-15,**  began the eviction of the Smiths from their home which was

completed on August 14, 2017.

On November 9, 2017, the Smiths filed a Complaint in Adv. No. 17-02016 against Defendants/Appellees in compliance with the Bankruptcy Court Report and Recommendation that the relief sought in the Emergency Motions, Bankr.Dkt#728 required an adversary proceeding.

On December 5, 2017, the Bankruptcy Court Order, BankrDkt.#740, ruled that the Emergency Motions, Bankr.Dkt.#728, were barred by *res judicata* as to the interlocutory order, Smith v. HSBC Bank USA, N.A., No. 2:15-CV-70 (S.D. Ga. Aug. 9, 2017), Dkt.#70, which had been appealed to the Eleventh Circuit Court of Appeals.

On June 7, 2019, the Bankruptcy Court dismissed the Smiths' claims in adversary proceeding No. 17-02016 as barred by *res judicata* as to the interlocutory order, Smith v. HSBC Bank USA, N.A., No. 2:15-CV-70 (S.D. Ga. Aug. 9, 2017), Dkt.#70, after the Eleventh Circuit Panel, No. 18-10736;18-12349, affirmed the District Court. A Petition for Rehearing and Rehearing en Banc is currently pending in the Eleventh Circuit.

## STATEMENT OF THE PRESENT CASE

Countrywide Home Loans, Inc. was granted relief of stay in 2009, Dkt. #174, with regard to the subject property at 311 10th Street, Unit B, St. Simons Island, GA 31522, the Smiths' home. However, on March 11, 2013 the Bankruptcy Court disallowed Claim # 10 of Countrywide Home Loans, Inc. with

regard to the subject property; Order Bankr. Case 07-20244, Dkt. #603.  The

court's disallowance of the claim rendered the subject lien void under 11 U.SC. §

506(d) upon the Smiths' discharge June 1, 2016; Order, Case No. 07-20244, Dkt.

#699; said lien having <u>not</u> referenced Countrywide Home Loans, Inc. in any

capacity.

Despite the Claim #10 having been disallowed by this Court in 2013, and

despite having had knowledge of this Court's Order, Dkt. #603,

Respondent/Appellee, HSBC Bank USA, National Association as Trustee for

Holders of BCAP LLC Trust 2006-AA2, proceeded to foreclosure in 2015 and

HSBC Bank USA and HSBC Bank USA, N.A. proceeded to eviction in 2016,

utilizing the subject lien (the same security deed attached to the Claim #10) which

had been disallowed in its entirety in 2013.

On May 18, 2018 the Smiths received the Letter from Mr. Cooper, a/k/a

Nationstar Mortgage. *See* Letter, **Exhibit A**.[5]  In the Letter Mr. Cooper

---

[5]      **Exhibits** referenced herein are those attached to the <u>Emergency Motion to Enforce</u>
<u>Discharge Injunction and Motion for Issuance of an Order to Respondents to Show Cause Why</u>
<u>They Should Not Be Held in Contempt,</u> Bankr.Dkt.#755; included in the record in this case,
2:19-cv-73 at Dkt.#11.

As noted in the letter, **Exhibit A**:  "Mr. Cooper is a brand name for Nationstar Mortgage
LLC.  Nationstar Mortgage LLC is doing business as Nationstar Mortgage LLC d/b/a Mr.
Cooper.  Mr. Cooper is a registered service mark of Nationstar Mortgage LLC."  Nationstar
Mortgage began doing business as Mr. Cooper in August, 2017.  The Letter from Mr. Cooper
was submitted to the Bankruptcy Court on May 23, 2018 as an attachment to Plaintiffs'
Supplement: New Evidence, Dkt. #25and#26, in support of their Response, Dkt. #6 and Dkt. #7
in opposition to dismissal of Adversary Proceeding 17-02016-MJK.

acknowledged that according to its records the debt associated with the subject property at 311 10th Street, Unit B, Saint Simons Island, GA 31522 was discharged by Order of the Court in Case Number 07-20244.  The loan number referenced is 611005117.  Note that the loan number is the same as the loan number on the Notice from Nationstar Mortgage LLC, dated April 24, 2014, **Exhibit B,** identifying itself as servicer for the subject loan and stating that the foreclosure would be conducted in the name of :  HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR HOLDERS OF THE BCAP LLC TRUST 2006-AA2 ("Noteholder").  Subsequently, on March 24, 2015 Rubin Lublin, LLC as attorney for HSBC Bank USA, National Association as Trustee for The Holders of BCAP LLC Trust 2006-AA2 ("Foreclosing Entity") sent Notice of Acceleration and Foreclosure with regard to the subject property with identifying File No. NAT-14-02718-4, **Exhibit C.**  *See* also Deed Under Power, **Exhibit D,** filed by Rubin Lublin, LLC on behalf of Nationstar Mortgage LLC as Attorney in fact for HSBC Bank USA, National Association as Trustee for the Holders of BCAP LLC Trust 2006-AA2.  As previously presented to the Bankruptcy Court and this Court, it was also learned during the eviction that Balch & Bingham, attorneys conducting the eviction, were employed by Nationstar Mortgage.  The new law firm replacing

Balch & Bingham, McGuire Woods, is also employed by Nationstar Mortgage.[6]

Consequently, all the parties had access to the record referred to in the letter by Mr.

Cooper, a/k/a Nationstar Mortgage LLC, acknowledging: "Our records indicate

that the debt associated with the above-reference property [311 10th Street Unit B,

Saint Simons Island, GA 31522] was subject of a bankruptcy proceeding and

discharged by order of the Court." **Exhibit A.**

On August 31, 2018 the Smiths filed  Emergency Motion to Enforce

Discharge Injunction and Motion for Issuance of an Order to Respondents to Show

Cause Why They Should Not be Held in Contempt, Bankr.Dkt.#755, which was

denied without hearing nearly one year later on June 7, 2019, Bankr.Dkt. #758.

The Smiths timely appealed the Order, Bankr.Dkt.#758, and the appeal is

currently before this Court.

## ARGUMENT AND CITATION TO AUTHORITY

**I.     The Bankruptcy Court erred in concluding, without an evidentiary hearing, that there was no violation of the discharge injunction and, therefore, no contempt; the court having ignored the due process requirement that a hearing be conducted on all issues of material fact.**

---

[6]     Geremy Gregory and Christopher Anulewicz  of Balch & Bingham represented themselves to the Courts as attorneys for HSBC Bank USA, N.A.; however, during the dispossession it was learned that both were employed by Nationstar Mortgage.  Now, Paul Rogers of McGuire Woods, LLP, the new law firm replacing Balch & Bingham, represents himself as attorney for Respondents, HSBC Bank USA, N.A. et al when he has admitted that Balch & Bingham is employed by Nationstar Mortgage (Bankr. Adversary 17-02016-MJK; District Court CV217-156).

"If the court *is* faced with a material issue of fact, then due process requires the court to conduct a hearing." *Mercer v. Mitchell*, 908 F.2d 763, 787 (11th Cir. 1990).

The Bankruptcy Court stated in the Contempt Order at page 8, footnote 4:

As previously stated, Countrywide was HSBC's servicing agent. Countrywide was listed as the creditor of the Claim on the proof of claim and was granted relief from the automatic stay (ECF No. 174) Sometime thereafter, Countrywide ceased to be HSBC's servicing agent. For the sake of clarity, the Court notes that HSBC is the real party in interest with respect to the subject lien on the Property.

The Bankruptcy Court also stated in the Contempt Order at page 10:

Further, the Claim was disallowed directly as a result of the Smiths' decision to agree to the Consent Order...

These statements are sufficient to show that material issues exist with regard to fact and the requirement of a hearing.

See the related Appellants' Brief, Case No. 2:19-cv-76 which is incorporated herein by reference; said appeal is from its Order of Dismissal with Prejudice, Adv. No. 17-02016, dismissing the Smiths' claims in Adv. No. 17-02016 as barred by *res judicata,* which was filed the same day, June 7. 2019, as the Contempt Order. Quoting from Appellants' Brief, Case No. 2:19-cv-76 :

Only a real party in interest with Article III standing can be granted relief of stay under 11 U.S.C. §362(d); proof of which is incumbent upon the alleging creditor. There is nothing in the record to prove that any of the Appellees is a real party in interest with standing, or is a party who has the authority to act on behalf of an

14

entity that has standing.  In fact, there is proof in the record, evidenced by certified SEC documents, that Appellees are <u>not</u> real parties in interest with Article III standing and have committed documented fraud upon the court.  There is nothing in the record that Countrywide Home Loans, Inc. as Servicing Agent for HSBC Bank USA, National Association as Trustee for the Holders of BCAP LLC Trust 2006-AA2 was a real party in interest with Article III standing[7]; therefore, the Bankruptcy Court lacked subject-matter jurisdiction to have conditionally granted relief of stay in the Consent Order.  Jurisdiction cannot be conferred by consent.  Consequently, the Consent Order is void *ab initio* for lack of subject-matter jurisdiction; and any subsequent orders predicated upon the Consent Order are necessarily void also.  *Res judicata* cannot be applied to the Smiths' claims in the Complaint, Adv. No. 17-02016, because the four conditions of claim preclusion have not been met. ....Nonetheless, the Bankruptcy Court concluded [in its Order of Dismissal with Prejudice at page 11]: "The Smiths have repeatedly and abusively attempted to circumvent HSBC's right to relief from the stay—relief that they agreed upon in the Consent Order more than a decade ago."; <u>ignoring the fact that over a decade ago, the Smiths, prior to relief of stay, objected to the real party in interest with Article III Standing in their Motion to Vacate the Consent Order, Bankr.Dkt.#192.</u>  Arbitrarily stating that a party has a right to relief of stay, without proof in the record, does not make it so.  The fact remains, ten years later or 1000 years later, that without proof of a real party in interest with standing there was no subject-matter jurisdiction, subject-matter jurisdiction cannot be conferred by consent, and therefore, the Consent Order is void *ab initio*. [Emphasis added.].

The Bankruptcy Court had clearly decided against the Smiths: " For the sake of clarity, the Court note[d] that HSBC is the real party in interest with respect to

---

[7]       Order Denying Motion to Vacate Consent Order [Bankr.Dkt #206]: "...Attached to each proof of claim was one page showing an itemized payoff balance and one photocopied page from <u>a security instrument that did not reference Countrywide in any capacity.</u>" [Emphasis added.]

the subject lien on the Property"(Contempt Order, Bankr.Dkt.#758 , p.8 , note 4),

without consideration of the fact that there was absolutely no proof in the record

that Countrywide Home Loans, Inc. or HSBC was a real party in interest with

respect to the subject lien; and the Smiths had objected to the real party in interest

of the alleging creditors.  The Bankruptcy Court made this conclusion in the

Contempt Order without the required hearing as to this material fact.  Certified

SEC documents in the record dispute material fact: the real party in interest of the

alleging creditors. The Bankruptcy Court should have taken judicial notice of the

public documents. *Universal Express, Inc. v. United States SEC, 177 Fed. Appx.

52,53* (11th Cir. 2006). Nonetheless, the Bankruptcy Court made the conclusion,

"HSBC is the real party in interest" in the Contempt Order at page 8 without the

required hearing as to this material fact.

As the Eleventh Circuit Court held:  "The court implicitly stated that, 'even

if I were to conduct a hearing on this matter, it would do you no good. I have

already decided against you.' Clearly, this was not a proper contempt

proceeding..." *Mercer v. Mitchell*, 908 F.2d 763, 787 (11th Cir. 1990). [Emphasis

added.].

### Material Fact at Issue: Real Party in Interest

On November 12, 2008 Consent Order Modifying Stay was filed,

Bankr.Dkt.#174,**App.K,a-29,** granting conditional relief of stay on May 5, 2019.

On April 15, 2009, prior to relief of stay, the Smiths, proceeding *pro se* moved the Bankruptcy Court to vacate the Consent Order, Bankr.Dkt.#192, objecting that Countrywide Home Loans Inc. as servicing agent for HSBC Bank USA, National Association as Trustee for Holders of **BCAP LLC Trust 2006-AA2** was not a real party in interest and had no legal standing to seek any relief incident to the subject Security Deed; Countrywide Home Loans Inc. as servicing agent for HSBC Bank USA, National Association as Trustee for Holders of **BCAP LLC Trust 2006-AA2** had no legal standing to have entered into the Consent Order.

In Order Denying Motion to Vacate Consent Order, Bankr.Dkt #206, the Bankruptcy Court stated: "...Attached to each proof of claim was one page showing an itemized payoff balance and one photocopied page from a security instrument that did not reference Countrywide in any capacity." [Emphasis added.] Motion for Reconsideration was denied. *See* In re Smith, No. 07-20244, 2012 WL 4758038 (Bankr. S.D. Ga. Sept 17, 2012, aff'd, 2013 WL 3874772(S.D. Ga. July 25, 2013); appeal was dismissed as frivolous and additional sanctions imposed, *Smith v. Countrywide Home Loans, Inc,* No. 13-13808 (11th Cir. Dec. 19, 2013).

The Smiths having objected to the real party in interest of HSBC Bank USA, HSBC Bank USA, N.A. and HSBC Bank USA, National Association as Trustee for the Holders of BCAP LLC Trust 2006-AA2 under U.S.C. 11 Section 362(d), the burden of proof of standing is on the alleging creditor. *In re Allen v.*

*Lokey* , 307 F.2d 353 (5th Cir. 1962), and *National Silver Co. v. Nichols* , 205 F.2d

52 (5th Cir. 1953) the Court made clear that the burden of proof to establish a

security interest is upon the claimant. In *Bonner v. City of Prichard* , 661 F.2d

1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit Court adopted as

binding precedent all prior decisions of the former Fifth Circuit handed down prior

to October 1, 1981.

On December 4, 2013 Nationstar Mortgage as Servicer for HSBC Bank

USA, National Association as Trustee for Holders of **BCAP LLC Trust 2006-**

**AA2** filed a motion for relief of stay, attaching the Assignment, Bankr.Dkt.#623,

**App.O,a-44**; which was withdrawn on 12/5/2013, Bankr.Dkt.#625, **App.P,a-51**,

for the obvious reason that it could not prove a real party in interest.[8]

The Smiths' Emergency Motion for enforcement of the automatic

bankruptcy stay, Dkt. #69, was denied by the District Court, 2:15-CV-70,Dkt. #70,

Smith v. HSBC Bank USA, N.A., No. 2:15-CV-70 (S.D. Ga. Aug. 9,

2017),**App.C,a-8**, based on the assumption that an agency relationship existed

between Countrywide Home Loans, Inc. and HSBC Bank USA, National

Association as Trustee for the Holders of BCAP LLC Trust 2006-AA2 at the time

---

[8]     During the eviction process, the Smiths discovered that all of the agents were employed
by Nationstar Mortgage.  The Smiths attempted to amend the Complaint, 2:15-cv-70; however,
their motion was denied.

of the Consent Order which conditionally granted relief of stay in 2009.[9] *See* Dkt. #70 at pp. 1, 2. The District Court took the same position in its denial of the Motion for Reconsideration regarding Order Dkt. #70; *see* Order, Dkt. # 95 at pp. 5-7.

Additionally, the District Court further concluded that "HSBC was the proper assignee of the Security Deed", Dkt. #95 at p.5, despite the fact that the referenced Assignment did not exist in 2009 at the time of the Consent Order[10]; therefore, making it impossible to conclude: "The Consent Order modifying the stay was entered into by Countrywide Home Loans, Inc.-'as <u>Servicing Agent for HSBC Bank USA</u> ' … An authorized agent [ ] has standing to bring a stay relief motion" for the 'the real party in interest,' and that is what happened here. [citations omitted]. Therefore, HSBC Bank USA was relieved when Countrywide Home Loans, Inc. was.". Order, Dkt. 70 at pp. 1, 2, **App.C,a-8.** (Note that the District Court shortened the party name: Countrywide Home Loans, Inc. as Servicing Agent for HSBC Bank USA, National Association as Trustee for the Holders of BCAP LLC Trust 2006-AA2. *See* **App.K,a-29.**) Furthermore, the party granted relief of stay became BAC Home Loans Servicing, LP f/k/a Countrywide

---

[9]     Prior to relief of stay, the Smiths objected to the real party in interest under 11 U.S.C.362(d), **Bankr.Dkt. #192.**

[10]     Said Assignment was fabricated in 2011, two years later, **App.N,a-42.**

Home Loans Servicing LP as Servicing Agent for the benefit of the <u>BCAP 2006-AA Trust</u> in 2011 when the Eleventh Circuit Court of Appeals granted a substitution of parties at the request of Countrywide Home Loans, Inc. who had represented, <u>with no proof</u>, that the Smiths' mortgage was in a different trust, **App.M.a-39**. And Countrywide Home Loans Inc. had represented itself in 2009 to be the secured creditor pursuant to the subject Deed to Secure Debt, Claim #10, **App.J,a-24** . The Claim #10 was disallowed by Order of the Bankruptcy Court in 2013, Case 07-20244, Bankr.Dkt.#603. Nonetheless, HSBC Bank USA, National Association as Trustee for the Holders of <u>BCAP LLC Trust 2006-AA2</u> foreclosed upon the subject property in 2015, **App.Q,a-55**; HSBC Bank USA, who is not a legal entity, brought dispossessory action in 2016, **App.I,a-22**; and HSBC Bank USA, N.A. dispossessed the Smiths from the subject property in 2017, **App.F,a-15**; all despite the fact that the bank had told the Eleventh Circuit Court of Appeals that the Smiths' mortgage was <u>not</u> in the BCAP LLC Trust 2006-AA2 and the Eleventh Circuit Court had granted a substitution. **App.M,a-39.**

The Smiths have repeatedly challenged the privity between HSBC Bank USA, National Association as Trustee for the Holders of BCAP LLC Trust 2006-AA2 and Countrywide Home Loans, Inc. Countrywide Home Loans, Inc. filed in 2007 a proof of Claim #10, **App.J,a-24,** as the secured creditor holding a "first priority security deed on property located at 311 10th Street, Unit #B, Saint Simons

Island, Georgia 31522" attached to which was the first couple of pages of the subject security deed which neither references Countrywide Home Loans, Inc. nor HSBC Bank USA, National Association as Trustee for the Holders of BCAP LLC Trust 2006-AA2 in any capacity.  Countrywide Home Loans, Inc. was <u>never</u> a servicing agent for said trust, as proven by certified SEC documents, **App.T, a-84,** attached to the Complaint in the adversary proceeding 17-02016.  There was no Assignment of the security deed in 2009 when Countrywide Home Loans as Servicing Agent for HSBC Bank USA, National Association as Trustee for the Holders of BCAP LLC Trust 2006-AA2 was granted relief of stay through the Consent Order, despite the Smiths' objection to the real party in interest prior to the stay relief, Bnkr.Dkt.#192. Furthermore, certified SEC documents prove that the Smiths' mortgage was never in the BCAP LLC Trust 2006-AA2. **App.R,a-66,67.**

II.   **The Bankruptcy Court erred in concluding that, despite Countrywide Home Loans, Inc.'s Claim #10 having been disallowed in its entirety by Order of the Bankruptcy Court, there was no violation of said Order and erred in concluding that the subject lien was not rendered void under 11 U.S.C. Section 506(d) upon the Smiths' discharge.**

The Fourth Circuit in *National Capital Management v. Gammage-Lewis,* No. 12-2286 (June 6, 2013) adopted the opinion of the District Court *National Capital Management v. Gammage-Lewis,* No. 5:10-cv-00468-F (E.D. N.C. Aug. 14, 2012), which affirmed the bankruptcy court and held that the court's disallowance of the claim rendered the lien void under section 506(d) upon debtor's discharge. The court found that Rule 7001(2), which provides for an adversary proceeding to determine the "validity, priority, or extent of a lien," is the mechanism under which a disallowed lien is extinguished upon discharge. The court further found that the trustee's objection to the claim served the same purpose as an adversary proceeding because it provided to the lender the necessary notice and opportunity to be heard.

See also *Blendheim (In re Blendheim),* ___ F.3d ___, *2015 WL 5730015* (9th Cir. *Oct. 1, 2015),* where the Panel held that under § 506(d), if a creditor's claim has been disallowed by the bankruptcy court, then a lien securing the claim is void.  Quoting from the Panel Decision *In re Blendheim,* supra. at page 22:

> The provision at issue here, § 506(d), states in full:
>
> To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless—
>
>  (1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or
>
> (2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section

501 of this title.

11 U.S.C. § 506(d). Both parties agree that neither of the exceptions under § 506(d)(1)–(2)applies. Looking at the main text of the provision, § 506(d) authorizes the voiding of liens securing claims that have been deemed "not an allowed secured claim." The most straightforward reading of the text suggests that if a creditor's claim has not been "allowed" in the bankruptcy proceeding, then "such lien is void." "Void" means "[o]f no legal effect" or "null." Black's Law Dictionary (10th ed. 2014). Accordingly, Congress's language appears unequivocal: § 506(d)'s clear and manifest purpose is to nullify a creditor's legal rights in a debtor's property if the creditor's claim is "not allowed," or disallowed.

The Supreme Court's decision in *Dewsnup v. Timm*, 502 U.S. 410 (1992), confirms this interpretation. There, a Chapter 7 debtor sought to use § 506(d) to void a creditor's lien on his property, arguing that the creditors' claim was not an "allowed secured claim" because it was under secured—in other words, the value of the property supporting the creditor's lien was less than the value of the claim. Id. at 413. *Dewsnup* rejected the debtor's argument, holding that§ 506(d) did not void the lien on his property because the creditor's claim had been fully "allowed."Id.at 417. The Court reasoned that its reading "gives the provision the simple and sensible function of voiding a lien whenever a claim secured by the lien itself has not been allowed" and "ensures that the Code's determination not to allow the underlying claim against the debtor personally is given full effect by preventing its assertion against the debtor's property." Id. at 415–16. *Dewsnup*'s holding clarifies that§ 506(d)'s voidance mechanism turns on claim allowance. See *Bank of America, N.A. v.Caulkett*,135 S. Ct. 1995, 1999(2015) (affirming *Dewsnup*'s interpretation of § 506(d) in the context of wholly underwater liens; "Because the Bank's claims here are both secured by liens and allowed under § 502, they cannot be voided under the definition given to the term 'allowed secured claim' by *Dewsnup*"); see also 4 Collier on Bankruptcy ¶ 506.06[1][a] ("*[Dewsnup]* determined that section 506(d) does not void liens on the basis of whether they are secured under section 506(a), but on the basis of whether the underlying claim is allowed or disallowed . . . ."). [Emphasis added].

....Because HSBC's claim was disallowed, § 506(d) leaves
HSBC with "a claim against the debtor that is not an allowed
secured claim," and therefore its lien is void.

Consequently, in the present case, the Bankruptcy Court's disallowance of in

2013 of Countrywide Home Loans, Inc.'s claim #10 rendered the subject lien void

under 11 U.SC. § 506(d).  By order of the Bankruptcy Court on June 1, 2016, the

discharge injunction commenced under 11 U.S.C. § 524.

### 11 U.S. Code § 524 - Effect of discharge

(a) A discharge in a case under this title—
(1) voids any judgment at any time obtained, to the extent that such
judgment is a determination of the personal liability of the debtor with
respect to any debt discharged under section 727, 944, 1141, 1228, or
1328 of this title, whether or not discharge of such debt is waived;
(2) operates as an injunction against the commencement or
continuation of an action, the employment of process, or an act, to
collect, recover or offset any such debt as a personal liability of the
debtor, whether or not discharge of such debt is waived;

The Claim #10 was disallowed by Order of the Bankruptcy Court,

Bankr.Dkt.#603, due to the Objection of the Trustee, Bankr.Dkt.#588:

"Objection to Claim No. 10 of Countrywide Home Loans, Inc, in the amount of

$1,858,535.38 on the grounds that the same is secured by property either

abandoned or not administered by the Trustee and, therefore, Creditor should look

to its collateral for satisfaction of the debt.")[Emphasis added.].  When the

Trustee's objection to Claim #10 was filed, Countrywide Home Loans, Inc. and/or

HSBC had an opportunity to be heard if it could have proved a real party in

interest; however, for all the reasons set forth above, HSBC Bank USA, National Association as Trustee for Holders of BCAP LLC Trust 2006-AA2 could not prove a real party in interest, proof which was incumbent upon the alleging creditor; and, therefore, chose not to be heard.  Claim #10 was disallowed "in its entirety" by Order of the Bankruptcy Court, Bankr.Dkt.#603, in 2013.  Countrywide Home Loans, Inc. nor HSBC ever moved to set aside the disallowance order. Nonetheless, HSBC was not deterred and proceeded in violation of the bankruptcy stay and/or injunction with the wrongful foreclosure in 2015 and wrongful eviction in 2016.

In the Contempt Order at page 10, the Bankruptcy Court concluded that "The disallowance was procedural and its effect was simply to keep Countrywide and/or HSBC from receiving a distribution from the Trustee for the Claim." Indeed, the disallowance in 2013 was to keep the non-secured creditor, Countrywide Home Loans, Inc. from receiving a distribution; but, the reason the disallowance of Claim #10 was necessary is because the subject property had been abandoned by the estate in 2012 and the subject lien did not reference Countrywide Home Loans, Inc. in any capacity.  As in the National Capital case, the proper documentation of a secured lien was not attached to the Claim.  The subject property had been abandoned by the Estate April 25, 2012, Bankr.Dkt.#555, and had again become property of the debtors, Smiths. See H.R. Rep. No. 95-595, 95th

Cong., 1st. Sess. 340 (1977), *reprinted in* 1978 U.S. Code Cong. Ad.News, 5787,

5963, 6296-97. H.R. Rep. No. 95-595 at 343 (1977)(stating that, while § 362(c)(1)

terminates the automatic stay as to estate property when the subject property is no

longer estate property, that provision "does not terminate the stay against property

of the debtor if the property leaves the estate and goes to the debtor.").

Consequently the debtors' property was protected by the stay under 11 U.S.C.

Section 362(a)(1) and/or 11 U.S.C. Section 362(a)(5) when HSBC Bank USA,

National Association as Trustee for the Holders of BCAP LLC Trust 2006-AA2

foreclosed upon the subject property in 2015 without requesting relief of stay.  Not

to request relief of stay was a conscious decision, as evidenced by the filing of a

motion for relief of stay by Nationstar Mortgage as Servicer for HSBC Bank USA,

National Association as Trustee for Holders of **BCAP LLC Trust 2006-AA2** on

December 4, 2013, attaching the Assignment[11], Bankr.Dkt.#623, **App.O,a-44**; and

withdrawing it on 12/5/2013, Bankr.Dkt.#625, **App.P,a-51**.

The foreclosure took place May 5, 2015, **Add.Q,a-55**, prior to discharge on

June 1, 2016, in violation of 11 U.S.C. § 362(a)(1) and/or §362(a)(5).  The stay

against the property of the debtors, Smiths, terminated upon discharge; however,

the stay with regard to estate property remains in effect until the case is closed. The

---

[11]     Assignment,**App.N,a-42**, was never a part of the record in the Bankruptcy Case or
Appeals prior to the Smiths' attachment to their Motion,Bankr.Dkt.#728, on July 27, 2017.

Smiths' bankruptcy case remains open and the stay remains in effect under 11

U.S.C. § 362(a)(3) with regard to estate property, including the Debtors/Smiths'

property and including possessory rights, which are owned by the estate; therefore,

the dispossession was also in violation of the stay under 11 U.S.C. § 362(a)(3).

"Courts in all ten circuits have found that the automatic stay protects a possessory

interest in property" --even after foreclosure. Citations of the cases in the ten

circuits. See *In Re Salov*, 510 B.R. 720, 729 (2014), **App.U,a-96.**

> The Estate remains intact until the case is closed.  11U.S.C. §554:
>
> (c) Unless the court orders otherwise, any property scheduled under
> section 521(a)(1) of this title not otherwise administered <u>at the time of</u>
> <u>the closing of a case is abandoned to the debtor</u> and administered for
> purposes of section 350 of this title.

There is no abandonment to the debtors until the case is closed; at which time the

Smiths' property and rights will no longer be property of the Estate under 11

U.S.C. §362(c)(1).

HSBC Bank USA, N.A. as Trustee for the Holders of **BCAP LLC Trust**

**2006-AA2,** having never requested relief of stay, proceeded in violation of 11

U.S.C. § 362(a) to foreclosure and HSBC Bank USA and HSBC Bank USA, N.A.,

having never requested relief of stay, proceeded to dispossession; therefore, all

actions are void and without effect. *Borg-Warner Acceptance Corp. v. Hall*, 685

F.2d 1306, 1308 (11th Cir.,1982) the Eleventh  Circuit Court, citing. *Kalb v.*

*Feuerstein*, 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370 (1940).

Regardless, the Bankruptcy Court disallowed Countrywide Home Loans, Inc.'s Claim #10 <u>in its entirety</u>, rendering the subject lien void under 11 U.SC. § 506(d), as established above.   Pursuant to the discharge order of the Bankruptcy Court on June 1, 2016, the void lien having <u>not</u> referenced Countrywide Home Loans, Inc. or HSBC in any capacity and the debt having again become the Smiths' personal liability upon abandonment by the estate in 2012, the debt was discharged.   As Mr. Cooper, a/k/a Nationstar Mortgage, put it: "the debt associated with the above-reference property [311 10th Street Unit B, Saint Simons Island, GA 31522] was subject of a bankruptcy proceeding and discharged by order of the Court." **Exhibit A.**

*In re Blendheim*, supra. the BAP held that, although it acknowledged that that "there's plenty of case law that says, even in a [Chapter]13 . . . the secured creditor can just take a pass on the whole proceeding " without imperiling his lien, that simply is not the case when a claim has been timely filed and objected to. *id* at p.24:

> *In re Shelton,* 735 F.3d747, 750 (8th Cir. 2013), cert. denied, 134 S.
> Ct. 2308 (2014*);In re Hamlett*, 322 F.3d 342, 350 (4th Cir. 2003*); In re Tarnow*, 749 F.2d 464,466 (7th Cir. 1984). These courts reason that voiding liens merely because the creditor did not timely file a claim violates the long-standing, pre-Code principle that "valid liens pass through bankruptcy unaffected." *Shelton*, 735 F.3d at 748 (discussingDewsnup,502 U.S. at 418); *Hamlett*, 322 F.3dat347–48; *Tarnow*,749 F.2d at 465; see *U.S. Nat'l Bank*, 331U.S. at 33 ("[A creditor] may disregard the bankruptcy proceeding, decline to file a

claim and rely solely upon his security if that security is properly and solely in his possession.").

Congress codified the principle that liens may pass through bankruptcy in § 506(d)(2) (a lien securing a claim that is "not an allowed secured claim" is void unless "such claim is not an allowed secured claim due only to the failure of any entity to file a proof of claim"). This provision, an exception to § 506(d)'s voiding mechanism, means that "the failure of the secured creditor to file a proof of claim is not a basis for []voiding the lien of a secured creditor." *Tarnow*, 749 F.2d at 467 (quoting S.Rep. No. 98-65, at 79 (1983)). [Emphasis added.].

Our sister circuits concluded that a claim filed late is tantamount to not filing a claim at all, and that therefore, under pre-Code principles and the rationale of § 506(d)(2), an untimely claim could not justify voiding the lien securing it. *Hamlett*, 322F.3d at 349 ("[W]e conclude, following the reasoning set forth in Tarnow, that the failure to file a timely claim, like the failure to file a claim at all, does not constitute sufficient grounds for extinguishing a perfectly valid lien."); *Shelton*, 735 F.3d at 750 (same); *Tarnow*, 749 F.2d at 467.

These decisions are distinguishable from this case, where HSBC timely filed its proof of claim....

HSBC timely filed its proof of claim,..., and then had a full and fair opportunity to contest the disallowance of its claim—it simply chose not to.

In the present case, the Bankruptcy Court erred in concluding: "This Court joins other courts in refusing to deem a perfectly valid lien void..." by citing various cases which are not applicable to the present case. All the cases cited involved liens for which the alleging creditor either had proof of a real party in interest in the record or had <u>not</u> been challenged as to the real party in interest with regard to the subject lien on the property; or the Trustee had not filed an objection

to the claim which was subsequently disallowed by order of the Bankruptcy Court.

The Smiths do not dispute the rights of a secured creditor.

In the Matter of Manuel, 507 F.2d 990, 992 (5th Circuit, 1975) the Court

stated as follows:

> There is no dispute here as to jurisdiction or to the application of
> Georgia law. Lewis v. Manufacturers National Bank of Detroit, 364
> U.S. 603, 81 S.Ct. 347, 5 L.Ed.2d 323 (1961), settled the question of
> whether state law applies in bankruptcy court to allocate priorities
> among creditors. As the Bankruptcy Judge stated:
>
> * * * Generally, a secured creditor is entitled to reclaim from the
> estate of a Bankrupt, or to foreclose against his security interest in,
> any property in possession of the Bankrupt or Trustee if the value of
> the security does not substantially exceed the debt to the particular
> creditor. To enjoy this right, the secured creditor must have, prior to
> the filing of the Bankruptcy, perfected his security interest in
> accordance with the law of the State which is to be applied by the
> Bankruptcy Court in its consideration of the issues. [Emphasis
> added.].

However, there is no proof in the record that Countrywide Home Loans, Inc. was

the "secured creditor" as stated in the attachment to Claim#10; the subject lien did

not reference Countrywide Home Loans, Inc. or HSBC in any capacity.

Furthermore, certified SEC documents prove that Countrywide Home Loans, Inc.

was never the servicer for the BCAP LLC Trust 2006-AA2 and the Smiths'

mortgage was never in said trust.  Consequently, the disallowance of Countrywide

Home Loans, Inc.'s Claim #10 rendered the lien void under 11 U.SC. § 506(d) and

the debt was discharged June 1, 2016, as acknowledged by Mr. Cooper, a/k/a Nationstar Mortgage:  "Our records indicate that the debt associated with the above-reference property [311 10th Street Unit B, Saint Simons Island, GA 31522] was subject of a bankruptcy proceeding and discharged by order of the Court."

**Exhibit A**.  Countrywide Home Loans, Inc. nor HSBC contested the Order of the Bankruptcy Court, Bankr.Dkt.#603, which disallowed Countrywide Home Loans, Inc.'s  Claim #10 in its entirety.  Countrywide Home Loans, Inc. and HSBC chose not to do so, most likely as set forth above, to avoid proving a real party in interest and to avoid the exposure of their fraud upon the Court as documented by SEC filings in the record.

**III.**     **The Bankruptcy Court erred in concluding that the actions of Respondents to foreclose, evict the Smiths from the Property, and /or sell the Property that has been foreclosed upon had nothing to do with the Smiths or their discharge, despite violation of one or more bankruptcy orders with regard to the bankruptcy stay and/or the discharge injunction; and erred in concluding there was no need for the Court to exercise its contempt powers.**

The Bankruptcy Court erred in its Contempt Order at page7 by concluding that "…actions taken by any Respondent to foreclose, evict the Smiths from the Property, and/or sell the Property that has been foreclosed upon had nothing to do

with the Smiths or their discharge. Accordingly, there is no need for the Court to exercise its contempt powers." As set forth with specificity above, HSBC Bank USA, N.A. as Trustee for the Holders of **BCAP LLC Trust 2006-AA2**, having never requested relief of stay, proceeded in violation of 11 U.S.C. § 362(a) to foreclosure and HSBC Bank USA and HSBC Bank USA, N.A., having never requested relief of stay, proceeded to dispossession; therefore, all actions are void and without effect. *Borg-Warner Acceptance Corp. v. Hall*, 685 F.2d 1306, 1308 (11th Cir.,1982) the Eleventh  Circuit Court, citing. *Kalb v. Feuerstein*, 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370 (1940).

Furthermore, the Bankruptcy Court disallowed Countrywide Home Loans, Inc.'s Claim #10 in its entirety, rendering the subject lien void under 11 U.SC. § 506(d) and the debt was discharged by order of the Court on June 1, 2016, as acknowledged by Mr. Cooper,  a/k/a Nationstar Mortgage, **Exhibit A**.

**<u>Reasons the Bankruptcy Court Should Have Issued an Order to Respondents to Show Cause Why They Should Not be Held in Contempt</u>**

**1.   Respondents (with the exception of Ronnie Perry Realty and Jill Jernigan) knew or should have known that the Trustee had objected to Claim #10 of Countrywide Home Loans, Inc., Bankr. Dkt. #588; and on March 11, 2013 the Bankruptcy Court issued an Order disallowing Claim #10, Bankr. Dkt #603.**

As set forth above, Respondents had access to the record referred to in the letter by Mr. Cooper, a/k/a Nationstar Mortgage LLC, acknowledging: "Our records indicate that the debt associated with the above-reference property [311 10th Street Unit B, Saint Simons Island, GA 31522] was subject of a bankruptcy proceeding and discharged by order of the Court." **Exhibit A**.  Nonetheless, Respondents proceeded in open defiance of the Bankruptcy Stay under 11 U.S.C. Section 362(a) and/or the discharge injunction under 11 U.S. Code § 524(a).

**2.  Respondents Rubin Lublin LLC, Bret Chaness and Peter Lublin of Rubin Lublin, LLC knew or should have known that on December 4, 2013 Nationstar Mortgage as Servicer for HSBC Bank USA, National Association as Trustee for Holders of BCAP LLC Trust 2006-AA2 chose to withdraw its motion for relief of stay with knowledge that the subject claim #10 had been disallowed by Order of the Bankruptcy Court on March 13, 2013; and chose to proceed to foreclosure on May 15, 2015 utilizing the same security deed which had been attached to the disallowed claim.**

Only a real party in interest can be granted relief of stay under 11 U.S.C. 362(d), proof of which is incumbent upon the alleging creditor.  Knowing that it could not prove a real party in interest, Nationstar Mortgage as Servicer for HSBC Bank USA, National Association as Trustee for Holders of BCAP LLC Trust 2006-AA2, withdrew its motion for relief of stay on December 4, 2018.  See Motion,

Dkt. #623, and Withrawal, Dkt. #625. Nonetheless, HSBC Bank USA, National Association as Trustee for Holders of BCAP LLC Trust 2006-AA2, proceeded to foreclosure May 15, 2015 utilizing the same security deed, having had full knowledge, as shown above, that the subject claim by Countrywide Home Loans Inc., Claim #10, had been disallowed by Order of the Bankruptcy Court in 2013, Dkt. #603. Said action constitutes open defiance of one or more orders of the Court with regard to the bankruptcy stay under 11 U.S.C. § 362(a) and/or the discharge injunction under 11 U.S. Code § 524(a).

**3. Respondents, Balch &Bingham LLP, Geremy Gregory and Christopher Anulewicz of Balch and Bingham had knowledge of the Order disallowing the subject claim, Dkt. # 603 and the Discharge Order, Dkt #699, filed in the Bankruptcy Case 07-20244 on June 1, 2016.**

However, Balch & Bingham LLP, by and through it agents, Geremy Gregory and Christopher Anulewicz , chose to proceed to eviction in the Superior Court, representing HSBC Bank USA, N.A., and argued that no injunction existed.[12] *See* Writ of Possession, **Exhibit E**, granted to HSBC Bank USA, N.A.

---

[12]     See Memorandum Decision, **App.U , at a-106** :  In re Salov, Case No. 13-37269, June 6, 2014. Nationstar Mortgage was the violator of the stay. The Court stated: "Creditors could have prevented this outcome by doing a very simple thing—filing a motion for relief from the automatic stay prior to proceeding in state court against the Debtor.  Instead, Creditors unilaterally concluded that no stay was in effect and the Debtor had no interest in the property. This was an incorrect assumption.  Accordingly, Debtor has met the requirements for punitive damages."

on October 20, 2016 in violation of the bankruptcy stay/and or discharge

injunction.  Furthermore, Geremy Gregory did not give the Order of the District

Court, Bankr. Dkt. #727, to the Sheriff, to ensure that the eviction would proceed.[13]

Geremy Gregory, at the instruction of Christopher Anulewicz, had the eviction

movers proceed with removal of Marvin Smiths' family heirlooms, despite the fact

that the eviction mover said that it was necessary to have certain items removed by

lift.  Consequently, special family pieces of furniture were significantly damaged.

All of these actions took place with full knowledge, as shown above, of the

bankruptcy stay and/or discharge injunction, because Balch & Bingham had access

to Nationstar Mortgage's records.  Said actions constitute open defiance of one or

more bankruptcy orders with regard to the bankruptcy stay under 11 U.S.C. §

362(a) and/or discharge injunction, including " the employment of process, or an

act, to collect, recover or offset any such debt as a personal liability of the debtor,

whether or not discharge of such debt is waived" in violation of 11 USC

---

[13]    On August 10, 2017 HSBC Bank USA, N.A. began the eviction of the Smiths from their
home, which was completed on August 14, 2017.  Geremy Gregory of Balch and Bingham LLP,
alleged attorney for HSBC Bank USA, N.A., gave Col. Futch, of the Glynn County Sheriff's
Department, the Order denying the stay and they proceeded with the dispossession.  However,
Geremy Gregory, knowing the Sheriff's office was awaiting the Bankruptcy ruling before
proceeding to dispossession, did not give Col. Futch the second Order of the District Court filed
in the Smiths' Bankruptcy Case 07-20244 on August 9, 2017, Bankr. Dkt. #727, ordering the
Bankruptcy Court to file and rule upon the motions regarding violation of the stay.  Geremy
Gregory had access to the internet and to Pacer; the Smiths had been deprived of the access due
to the dispossession and did not receive the second Order until about August 15, 2017.

§524(a)(2).

**4.  Respondents, McGuire Woods, LLP, Paul A Rogers, Thomas R.
Walker and Jarrod S. Mendel, as successor attorneys employed by Nationstar
Mortgage, had knowledge of the Order disallowing the subject claim, Dkt. #
603 and the Discharge Order, Dkt #699, filed in the Bankruptcy Case 07-
20244 on June 1, 2016.**

Nonetheless, the McGuire Woods attorneys, representing  HSBC Bank

USA, N. A. and HSBC Bank USA, National Association as Trustee for Holders of

BCAP LLC Trust 2006-AA2 in Bankr. Adversary 17-02016-MJK, in District Court

Case CV217-156, continued in defiance of the discharge injunction, even after

having been served with  Plaintiffs' Supplement: New Evidence, Dkt. #25 and Dkt.

#26 in adversary proceeding No. 17-02016-MJK on May 23, 2018.  Said actions

constitute open defiance of one or more bankruptcy orders with regard to the

bankruptcy stay under 11 U.S.C. § 362(a) and/or the discharge injunction,

including "continuation of an action, the employment of process, or an act, to

collect, recover or offset any such debt as a personal liability of the debtor" in

violation of  11 U.S.C § 524(a)(2).

**5.  Respondents, Ronnie Perry Realty and Jill Jernigan, as Agent and/or
Broker of Ronnie Perry Realty, have proceeded in violation of the discharge
injunction by attempting to sell the subject property which claim was**

disallowed, Dkt. #603, and discharged, Dkt. #699 by the Bankruptcy Court.

Jill Jernigan, Agent/ Broker of Ronnie Perry Realty, although not privy to all of Mr. Cooper's records, was notified by telephone that the Smiths were in bankruptcy; and later by certified letter and by email of personal liability for violation of bankruptcy injunctions if "sale" proceeded with regard to the subject property at 311 10th Street, St. Simons Island, GA. 31522.   See Email and Letter attached as **Exhibit F**. .Service of the certified letter was refused, apparently after Jill Jernigan received the email.  Said attempt to sell the subject property for the bank constitutes open defiance of one or more bankruptcy orders with regard to the bankruptcy stay under 11 U.S.C. § 362(a) and/or the discharge injunction, including "the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived" in violation of 11 U.S.C § 524(a)(2).  See **Exhibit G.**

**6.  Respondent, Patrick J. Burke, as President and CEO of HSBC Bank USA, N.A., had knowledge of all of the above and allowed all of the actions to proceed in violation of the Order disallowing the subject claim, Dkt. #603 and the Discharge Order, Dkt. #699.**

In addition to having had access to all of the records of this case and the adversary proceeding No. 17-02016-MJK (having been served with the Complaint), as well as the cases in state court and federal district court, Patrick

Burke was notified on several occasions by the Smiths of the violation of injunctions.  See e.g. Certified Letter and Email, **Exhibit F**.  Said allowance by the President and CEO of HSBC Bank USA, N.A. constitutes open defiance of one or more bankruptcy orders with regard to the bankruptcy stay under 11 U.S.C. § 362(a) and/or the discharge injunction, including " the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived" in violation of  11 U.S.C § 524(a)(2).

Consequently, the Bankruptcy Court erred in not exercising its contempt power.  See *In re McClean; Green Point Credit, LLC et al v. McClean*, Case No.14-14002, 11th Cir. 07/23/2015, the Eleventh Circuit Court stated:

> ….the purpose of a court's contempt power is in part to "ensur[e] that the Judiciary has a means to vindicate its own authority," not simply to enforce rulings in individual proceedings. Young v. United States ex rel. Vuitton et Fils S.A., 481 U.S. 787, 796 (1987). The violation of an injunction is a contempt against an entire court insofar as it flouts the court's basic authority to preserve order and administer justice. See id.at 798; Alderwoods Grp., 682 F.3d at 969-71. Accordingly, any court — bankruptcy court included — has inherent powers to punish contempt against it, as a means of protecting itself as an institution. See Jove Eng'g, Inc. v. Internal Revenue Serv., 92 F.3d 1539, 1553 (11th Cir. 1996).

## IV.   CONSTITUTIONAL DUE PROCESS WAS DENIED

As set forth above, due process requires a hearing on Contempt when there exists a material issue of fact. *Mercer v. Mitchell*, 908 F.2d 763, 787 (11th Cir. 1990). The fundamental issue is establishment of a real party in interest of with Article III standing of the alleging creditors, which the Bankruptcy Court arbitrarily concluded exists, despite no proof in the record. Certified SEC documents in the record dispute material fact: the real party in interest of the alleging creditors. The Bankruptcy Court should have taken judicial notice of the public documents. *Universal Express, Inc. v. United States SEC, 177 Fed. Appx. 52,53* (11th Cir. 2006). Nonetheless, the motion for contempt was dismissed without the required hearing.

See also the related Appellants' Brief 2:19-cv-76, which is incorporated herein by reference, outlining the Smiths' attempts to bring to the attention of the Courts, the lack of a real party in interest of the alleging creditors. Quoted from said brief at page 44:

> **The Smiths have been prevented from fully and fairly presenting their case.**
> The Smiths' moved, prior to relief of stay, to vacate, Bankr.Dkt.#192, for lack of a real party in interest with standing, the Consent Order, Bankr.Dkt.#174, **App.K,a-29.** Order Denying Motion to Vacate Consent Order, Dkt. #206; District Court Order Affirming CV209-140, Dkt. #18; 11th Cir. Court of Appeals Order July 20, 2011, 10-13671-CC dismissed as frivolous without hearing because the District Court had held that the appeal was frivolous.
> Motion for Reconsideration was denied. In re Smith, No. 07-

20244, 2012 WL 4758038 (Bankr. S.D. Ga. Sept 17, 2012, aff'd, 2013
WL 3874772(S.D. Ga. July 25, 2013), appeal was dismissed as
frivolous and additional sanctions imposed, *Smith v. Countrywide
Home Loans, Inc*, No. 13-13808 (11th Cir. Dec. 19, 2013).

As set forth herein, after learning of the Assignment of Deed to
Secure Debt[14], the Smiths attempted to file an adversary Complaint in
2014 against Nationstar Mortgage and others, Bankr.Dkt.#650,#651,
which included the Assignment and certified SEC documents[15] as new
evidence of fraud; however, the Complaint was not allowed to be filed
and was stricken by the Bankruptcy Court, Bankr.Dkt.#648, due to a
filing injunction.

On August 9, 2017 the U.S. District Court,  Bankr. Dkt.
#727,**App. B at a-5,** ordered the Bankruptcy Court to allow a
challenge to the 2012 Bankruptcy Court Order:

> …The Court **REJECTS** the Report and
> Recommendation. [Order at pg.1.]
> …..
> Although the Bankruptcy Court intended to limit the
> Smiths' ability to challenge the Consent Order—as evidenced
> by the first, prefatory paragraph—it did not actually do so in the
> second, operative paragraph.  Nor does the present submission
> fall under the previous order.
> Also inapplicable is the Eleventh Circuit's injunction against
> the Smiths
> …The present submission does not seek relief against any of
> the named parties.  See Dkt. No. 726 at 3-4.  And the parties
> named in the submission are not predecessors or successors to
> parties included in the injunction—rather, as the Report and
> Recommendation notes, they are in an agency relationship.
> Dkt. No. 726 at 5.

---

[14]     The Assignment was not in the record, because it did not exist in 2009
when Countrywide Home Loans,Inc.,who had filed Claim#10 as secured creditor,
was granted relief of stay. On December 4, 2013 Nationstar Mortgage as Servicer
for HSBC Bank USA, National Association as Trustee for Holders of **BCAP
LLC Trust 2006-AA2**  filed a motion for relief of stay attaching the Assignment,
Bankr.Dkt.#623, **App.O,a-44;** which was withdrawn on 12/5/2013,
Bankr.Dkt.#625, **App.P,a-51.**
[15]     Certified SEC document, **App.R,a-66,67,** includes loan tapes proving that
the Smiths' mortgage was never in **BCAP LLC Trust 2006-AA2.**

This Order is in no way meant as a comment on the
Report and Recommendation's substantive analysis. Rather,
the Bankruptcy Court is now permitted to file the Smiths' July
27 submission and rule upon it.

Order, Bankr. Dkt. #727 at p. 2,3

Even after Eleventh Circuit Court remanded, Case No. 16-
11045, the wrongful foreclosure case, No. 2:15-CV-70, which had
been removed from state court, and made clear that HSBC and
Countrywide Home Loans, Inc. were different parties; and even after
the District Court had ordered the Bankruptcy Court to allow a
challenge to the Consent Order, the Bankruptcy Court circumvented a
ruling on the violations of the Bankruptcy Stay, Bankr.Dkt.#728, as
barred by *Res Judicata* as to District Court Order, <u>Smith v. HSBC
Bank USA, N.A.</u>, No. 2:15-CV-70 (S.D. Ga. Aug. 9, 2017.

On June 7, 2019 the Bankruptcy Court improperly applied
claim preclusion, as set forth above, and dismissed the Smiths' claims
in the adversary proceeding, which was submitted on November 9,
2017, prior to the Order Bankr.Dkt.#740,  in order to comply with the
Bankruptcy Court's requirement that an adversary proceeding was
necessary to provide the relief requested in Bankr. Dkt.#728.
**<u>Constitutional right to due process includes statutory
entitlement</u>** to object to the real party in interest of an alleging
creditor under U.S.C. 11 Section 362(d), to request enforcement of the
stay under 11 U.S.C. Section 362(a).   The Fifth Amendment to the
Constitution requires "due process of Law" before any person can be
"deprived of life, liberty, or property" and the concept of property
includes statutory entitlements. *Johnson v. U.S. Dep't of Agric.*,734
F.2d 774 (11[th]Cir.1984).  Proof from the record of Constitutional
standing under Article III is incumbent upon Appellees. By the courts'
placing the burden of proof on the wrong party, the Smiths were
denied due process. As established above, it is the alleging creditor
who must prove standing, not the Smiths.  The Smiths had a due
process right to challenge the false nature of the Assignment of
Security Deed, because the Assignment is void *ab initio*, and/or
because the violation of statutory protection is an injury to the debtors,
Smiths, and/or because of the fraud upon the court.

The Smiths have been more than diligent for ten years in
presenting to the Courts the fact that the banks, different ones at

41

different times depending on the fabrication at the time, were not the real parties in interest with Article III standing to have requested relief of stay or to have proceeded to foreclosure of and eviction from the subject property. The Smiths have endured the dismissals as "frivolous", knowing that not to be the case. They have persevered the sanction of a filing injunction which severely restricted the Smiths' access to the Courts[16]; thereby denying Fifth Amendment due process to the Smiths. The Smiths felt vindicated to some extent when the Eleventh Circuit Court ruled that the present parties are not subject of the filing injunction. *Smith v. HSBC Bank USA, N.A. et al*, No. 16-11045, (11th Cir. February 13, 2017), **App.S,a-75**. Finally, the U.S. District Court, Bankr.Dkt.#727, ordered the Bankruptcy Court on August 9, 2017 to rule on the Smiths' Emergency Bankruptcy Motions, Bankr.Dkt.#728, regarding violation of the automatic stay filed in the Bankruptcy Court on July 27, 2017; only to have the ruling on the real party in interest circumvented by the Bankruptcy Court, Bankr.Dkt.#740. The Smiths were never given a hearing on the

---

[16]     See attempted filings against Nationstar, Bankr.Dkt #650,#651 which were stricken, Bankr.Dkt.#648.

See 2:14-cv-00136 at Dkt.#6 where the Smiths attempted to file Notice of Appeal to the Eleventh Circuit Court and requested permission, in compliance with the injunction, to file in the Eleventh Circuit a Motion to Stay the injunction. Thereby, appellate review was thwarted

See also *In Re: Smith*, No.MC214-13 (S.D. Ga. Dec. 16, 2014); Petition for Writ of Mandamus, No. 14-7577, December 11, 2014 was submitted to the U.S. Supreme Court because appellate review by the Eleventh Circuit was being thwarted. On December 16, 2014, after receiving service of the Petition for Writ of Mandamus, the U.S. District Court in Brunswick entered its Order *In Re: Smith*, No.MC214-13 (S.D.Ga. Dec.16,2014), ECF No.1, denying leave to pursue the appeal of the Bankruptcy Court's Order as frivolous[16], the fraud upon the Court not having been addressed. The Order is the only item docketed, despite several other documents having been transmitted by the Bankruptcy Court. Most importantly, the Bankruptcy Court's Transmittal of Record on Appeal to U.S. District Court, 07-20244, Bankr.Dkt.#663 (with all accompanying documents) was never docketed, but was sent to "Chambers" in contravention to Bankruptcy Rule 8007(b) "Duty of Clerk To Transmit Copy of Record; Docketing of Appeal. When the record is complete for purposes of appeal, the clerk **shall** transmit a copy thereof forthwith to the clerk of the district court or the clerk of the bankruptcy appellate panel. On receipt of the transmission the clerk of the district court or the clerk of the bankruptcy appellate panel **shall enter the appeal in the docket** and give notice promptly to all parties to the judgment, order or decree appealed from of the date on which the appeal was docketed...

Emergency Bankruptcy Motions, Bankr.Dkt.#728; nor were the
Smiths given a hearing in the wrongful foreclosure case, District
Court Case No. 2:15-CV-70.  The District Court acknowledged in its
Order, 2:15-CV-70, Dkt.#95,p.8, that the Smiths had made the
argument in Dkt.#1-1 and again in Dkt.#87,pp.2-9 that *res judicata*
does not apply due to the fraud upon the court; however, the District
Court stated that the Smiths had provided no evidence or clear error,
Dkt.#95,p.8.   If the District Court needed clarification beyond the
copies of the certified SEC documents attached to the Complaint, the
Smiths would gladly have welcomed a hearing where their original
certified SEC documents could have been examined. Nonetheless, the
Bankruptcy Court and the District Court should have taken judicial
notice of the public documents. *Universal Express, Inc. v. United
States SEC, 177 Fed. Appx. 52,53* (11th Cir. 2006).

Now, the Bankruptcy Court has again improperly applied *res
judicata*, as set forth above, and dismissed the Adversary Proceeding
No. 17-02016, without hearing; and arbitrarily concluded, despite
there being no proof whatsoever in the record that any of the
Appellees is the real party in interest with Article III standing, that
HSBC had a right to relief from the stay, Dismissal Order at p.11:
"The Smiths have repeatedly and abusively attempted to circumvent
HSBC's right to relief from the stay—relief that they agreed upon in
the Consent Order more than a decade ago."  However, the
Bankruptcy Court ignored the fact that over a decade ago, the Smiths,
prior to relief of stay, objected to the real party in interest with Article
III Standing in their Motion to Vacate the Consent Order,
Bankr.Dkt.#192.  Indeed, Smiths have persisted with their valid
objection under the law that the alleging creditors lack a real party in
interest with Article III standing to be granted relief of stay under 11
U.S.C. Section 362(d).  Without proof in the record of a real party in
interest with standing, the Consent Order is void *ab initio* for lack of
subject-matter jurisdiction, which cannot be conferred upon the court
by consent.  All subsequent orders predicated upon the void Consent
Order are necessarily void also, as established above.  **It is the
Smiths' due process right to demand equality of application of the
law**—not their abuse of the system, as the Bankruptcy Court has
stated.  Our whole system of law is predicated on that fundamental
principle.

The United States Supreme Court stated in *Truax v.Corrigan*, 257 U.S. 312 (1921):

> The Due Process and Equal Protection Clauses are 'associated' and it may be that they overlap, that a violation of one may involve at times the violation of the other, but the spheres of the protection they offer are not coterminous....Due process tends to secure equality of law in the sense that it makes a required minimum of protection for every one's right of life, liberty, and property, which the congress or the legislature may not withhold. Our whole system of law is predicated on the general, fundamental principle of equality of application of the law. (pp.312, 331).

## CONCLUSION

For the reasons set forth herein, this Court should reverse the Contempt Order, Bankr.Dkt.#758, and remand to the Bankruptcy Court with instruction to issue its Order compelling Respondents/Appellees to show cause why they should not be held in contempt of one or more orders of the Court with regard to the Bankruptcy Stay under 11 U.S.C. § 362(a) and/or the Discharge Injunction under 11 U.S. Code § 524(a).

Respectfully submitted this 30th day of August, 2019.

Marvin B. Smith, III

Sharon H. Smith

Debtors/Appellants *Pro se*

44

## CERTIFICATE OF SERVICE

We certify that we have this day served the parties below with a copy of this

**APPELLANTS' BRIEF:**

R. Michael Souther
P.O. Box 978
Brunswick, GA 31521
*Chapter 7 Trustee*

Matthew Mills
2 East Bryan Street, Ste. 725
Savannah, GA 31401
*U.S. Trustee*

Jennifer R. Burbine
McGuire Woods LLP
1230 Peachtree Street, N.E.
Promenade II, Suite 2100
Atlanta, GA 30309-3534
*Attorney for HSBC Bank USA, HSBC Bank USA, N.A., HSBC Bank USA, National Assoc. as Trustee for the Holders of BCAP LLC Trust 2006-AA2*

Patrick J. Burke
President and CEO of HSBC Bank USA, N.A.
2929 Walden Avenue
Depew, NY 14043
*Pro Se*

Geremy Gregory
Christopher Anulewicz
Balch & Bingham LLP
30 Ivan Allen Jr. Blvd. NW, Suite 700
Atlanta, GA 30308
*Attorneys for Balch & Bingham LLP*

Geremy Gregory
Balch & Bingham LLP
30 Ivan Allen Jr. Blvd. NW, Suite 700
Atlanta, GA 30308
*Pro Se*

Christopher S. Anulewicz
Balch & Bingham LLP
30 Ivan Allen Jr. Blvd. NW, Suite 700
Atlanta, GA 30308
*Pro Se*

Paul A. Rogers
Jarrod S. Mendel and Jennifer Burbine
McGuire Woods LLP
1230 Peachtree Street, N.E.
Promenade II, Suite 2100
Atlanta, GA 30309-3534
*Attorneys for McGuire Woods LLP*

Paul A. Rogers
McGuire Woods LLP
1230 Peachtree Street, N.E.
Promenade II, Suite 2100
Atlanta, GA 30309-3534
*Pro Se*

Thomas R. Walker
Fisher Broyles, LLP
1200 Abernathy Road
Bldg. 600, Suite 1700
Atlanta, GA 30328
*Pro Se*

Jarrod S. Mendel
McGuire Woods LLP
1230 Peachtree Street, N.E.
Promenade II, Suite 2100
Atlanta, GA 30309-3534
*Pro Se*

Bret Chaness
Rubin Lublin, LLC
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, Georgia 30071
*Pro se and Attorney for Rubin Lublin, LLC and Peter Lublin*

Ronnie Perry Realty Co., Inc.
c/o Jill Jernigan
Top Producers Coastal Georgia, Inc.
3144 Cypress Mill Road
Brunswick, GA 31525
*Pro Se*

Jill Jernigan
Top Producers Coastal Georgia, Inc.
3144 Cypress Mill Road
Brunswick, GA 31525
*Pro Se*

By placing the same in the United States Mail with sufficient postage affixed thereon to assure delivery.

Respectfully submitted this 30th day of August, 2019.

Marvin B. Smith, III

Sharon H. Smith

Debtors/ Appellants, *Pro se*

P.O. Box 22063
St. Simons Island, Georgia  31522
(912) 268-8117
smbsmith@comcast.net

47