# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

| | |
|---|---|
| In the Matter of: | Civil Action File |
| **MARVIN B SMITH, III, and SHARON H. SMITH,** | No. 2:19-cv-00073-LGW |
| *Appellants,* | Bankruptcy Case |
| v. | No. 07-20244-MJK |
| **HSBC BANK USA, HSBC BANK USA, N.A., and HSBC BANK USA, N.A., as Trustee For the Holders of BCAP LLC Trust 2006-AA2** | |
| *Appellees.* | |

**On Appeal from the United States Bankruptcy Court for the Southern District of Georgia Case No. 07-20244-MJK**

---

## APPELLEES' BRIEF

---

Jennifer R. Burbine (Ga. Bar No. 167807)
MCGUIREWOODS LLP
1230 Peachtree Street, N.E., Suite 2100
Atlanta, GA 30309-3534
(404) 443-5736 (telephone)
(404) 443-5782 (facsimile)
jburbine@mcguirewoods.com

*Counsel for Appellees HSBC Bank USA, HSBC BANK USA, N.A., and HSBC BANK USA, N.A., as Trustee for the Holders of BCAP LLC Trust 2006-AA2, Paul A. Rogers, Jarrod S. Mendel, and McGuireWoods, LLP*

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, 28(a)(1), 28(b), and the Eleventh Circuit Court of Appeals Local Rules 26.1-1, 26.1-2, and 28-1(b), Appellees HSBC Bank USA, HSBC Bank USA, N.A., HSBC Bank USA, National Association as Trustee for the Holders of BCAP,[1] (collectively "HSBC"), and Paul A. Rogers, Jarrod S. Mendel, and McGuireWoods, LLP (collectively "McGuireWoods") (collectively the "Appellees"), by and through the undersigned counsel, certify that the following is a full and complete list of all trial judges,

---

[1] Appellants improperly named HSBC Bank USA, and HSBC Bank USA, N.A., as Appellees in this case. However, HSBC Bank USA is not a legal entity, and HSBC Bank USA, N.A., is not a proper party to this lawsuit. The Superior Court of Glynn County, Georgia, Civil Action No. CE16-00725-063, *Marvin B. Smith, III, and Sharon H. Smith v. HSBC Bank U.S.A., N.A., as Trustee for the Holders of BCAP LLC Trust 2006-AA2,* entered an order on October 19, 2016, holding that "HSBC Bank USA, National Association as Trustee for the Holders of BCAP LLC Trust 2006-AA2 is a proper party in interest as owner of the subject property, and as such the misnomer below referring to the appellee as 'HSBC Bank USA' is corrected to 'HSBC Bank USA, N.A., as Trustee for the Holders of BCAP LLC Trust 2006-AA2' . . . ." [Doc. 103, at 60].   Appellants have persistently flouted the Superior Court's order in this regard, and persist with incorrectly naming HSBC Bank USA and HSBC Bank USA, N.A. as defendants or appellees.  The proper-party defendant or appellee is HSBC Bank USA, National Association as Trustee for the Holders of BCAP LLC Trust 2006-AA2.  Moreover, as a general rule, the Trustee of a trust is the real party in interest with the capacity to sue and to be sued on the trust's behalf. *See* Fed. R. Civ. P. 17(a); *Chase Manhattan Mortgage & Realty Trust et al. v. Pendley et al.,* 405 F. Supp. 593 (N.D. Ga. 1975). Therefore, HSBC Bank USA, National Association as Trustee for the Holders of BCAP LLC Trust 2006-AA2, in its capacity as the Trustee is the proper party. As such, Appellants incorrectly named HSBC Bank USA and HSBC Bank USA, N.A

attorneys, persons, associations of persons, firms, partnerships, corporations, and parties in this action, who have an interest in the outcome of the present appeal, including any subsidiaries, conglomerates, affiliates, parent corporations and any publicly-held corporations that own 10% or more of the stock of the Appellees:

• Walker, Thomas R.: Counsel for Appellees HSBC Bank USA, National Association HSBC Bank USA, HSBC Bank USA, N.A., and HSBC Bank USA, National Association as Trustee for the Holders of BCAP, LLC Trust 2006-AA2, Mortgage Pass-Through Certificates, series 2006-AA2;

• McGuireWoods, LLP: Law firm of Paul A. Rogers, and McGuireWoods, LLP

• Anulewicz, Christopher Scott: Previous Counsel for Appellees HSBC Bank USA, National Association HSBC Bank USA, HSBC Bank USA, N.A., HSBC Bank USA, National Association as Trustee for the Holders of BCAP, LLC Trust 2006-AA2, Mortgage Pass-Through Certificates, series 2006-AA2, and Wells Fargo Bank, National Association;

• Gram, Brooke Walker: Previous Counsel for Appellees HSBC Bank USA, National Association HSBC Bank USA, HSBC Bank USA, N.A.; HSBC Bank USA, National Association as Trustee for the Holders of BCAP, LLC Trust 2006-AA2, Mortgage Pass-Through Certificates, series 2006-AA2, and Wells Fargo Bank, National Association;

• Gregory, Geremy Walden: Previous Counsel for Appellees HSBC Bank USA, National Association HSBC Bank USA, HSBC Bank USA, N.A.; HSBC Bank USA, National Association as Trustee for the Holders of BCAP, LLC Trust 2006-AA2, Mortgage Pass-Through Certificates, series 2006-AA2, and Wells Fargo Bank, National Association;

• Balch & Bingham LLP: Law firm of Christopher S. Anulewicz, Brooke W. Gram, and Geremy W. Gregory;

• HSBC Bank USA, National Association: Appellee; a subsidiary of HSBC USA Inc., a wholly-owned subsidiary of HSBC North American Holdings Inc., which is indirectly owned by HSBC Holdings PLC (NYSE ticker: HSBC). The shares of HSBC holdings PLC are traded on certain foreign stock exchanges (LSE ticker: HSBC; SEHK ticker: 0005) and are traded over the counter in the United States as sponsored American depository receipts;

· Carlock, Copeland & Stair, LLP: Law firm of Johannes S. Kingma and Tyler Wetzel (below), counsel for Appellees Shuping, Morse & Ross LLP and Andrew Shuping, Jr.;

· Wetzel, Tyler: Counsel for Appellees Shuping, Morse & ross, LLP, and Andrew Shuping, Jr.;

· Chaness, Bret Jacob: Pro se Appellee, an individual, and counsel  for

• Scarlet, Stephen G.: Judge, Superior Court of Glynn County;

• Smith, Marvin B: Appellant, an individual;

• Smith, Sharon H: Appellant, an individual;

• Wood, Lisa Godbey: District Judge for the Southern District of

Georgia.

• Kim, Michael J.: Bankruptcy Court Judge for the Southern District of Georgia.

Respectfully submitted this 30th day of September, 2019.

/s/ Jennifer R. Burbine
Jennifer R. Burbine
Georgia Bar No. 167807
MCGUIREWOODS LLP
Suite 2100, Promenade II
1230 Peachtree Street NE
Atlanta, GA 30309
Telephone: 404-443-5736
Telecopier: 404-443-5763
jburbine@mcguirewoods.com

*Counsel for Appellees*

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

Appellees do not believe that oral argument is necessary to determine the issues presented in this appeal.  This case presents no issues of first impression and involves only the application of existing precedent to the facts of this case. Appellees respectfully submit that the Bankruptcy Court's Final Order on June 7, 2019, [Doc. 1-2], denying Appellants' Motion to Enforce Discharge Injunction and Motion for Contempt. [Doc. 11-1].  The Bankruptcy Court had jurisdiction to entertain a motion for contempt pursuant to its statutory contempt powers found in 11 U.S.C. § 105(a). *See In re McLean,* 794 F.3d. 1313, 1319-20 (11th Cir. 2015). The factual and legal arguments are presented adequately in the briefs and record, and the decisional process would not be aided significantly by oral argument. Fed. R. App. P. 34(a).

# TABLE OF CONTENTS

**Page**

I.     JURISDICTIONAL STATEMENT ...............................................................1

II.    STATEMENT OF THE ISSUES PRESENTED ..........................................1

III.   STATEMENT OF THE CASE ......................................................................2

IV.    APPLICABLE STANDARD OF REVIEW ..................................................2

V.     ARGUMENT AND CITATION OF AUTHORITY .....................................5

       A.    The Bankruptcy Court Did Not Commit Reversible Error In
             Denying Appellants' Motion for Violation of the Automatic
             Stay Based Upon Res Judicata ............................................................5

       B.    The Bankruptcy Court's Order Denying Appellants' Motion
             For Violation Of The Automatic Stay Based Upon Res
             Judicata, and Failure to Hold a Hearing Did Not Deprive
             Appellants of Due
             Process………………………………………………………7

       C.    The Order Disallowing the Claim did not Void the
             Lien………………………………………………………9

       D.    The Discharge Injunction is Not
             Applicable………………………………………………10

       E.    The Smiths Have Failed to Show How Any Appellees Violated any
             Order or Injunction…………………………………………..13

VI.    CONCLUSION............................................................................................16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re AMR Corporation, et al.*,
490 B.R. 470 (Bankr. S.D. N.Y. 2013)..........................................................9, 10

*In re Bernstein*,
525 B.R. 505 (Bankr. N.D. Ga. 2015) ..................................................................4

*In re Blaise*,
219 B.R. 946 (2nd Cir. BAP 1998) .......................................................................9

*Clark v, Trailiner Corp.*,
242 F.3d 388 (10th Cir. 2000) ..............................................................................4

*In re Conxus Communications, Inc.*,
262 B.R. 893 (D. Del. 2001)..................................................................................5

*Crossroads Ford, Inc. v. Dealer Computer Services (In re Crossroads Ford, Inc.)*,
449 B.R. 366 (B.A.P. 8th Cir. 2011) ("Order granting relief from automatic stay was final order over which bankruptcy appellate panel had jurisdiction pursuant to 28 USCS § 158(a)(1) . . .") ...........................1

*In re Dixie Broadcasting, Inc.*,
871 F.2d 1023 (11th Cir. 1989) .......................................................................2, 5

*In re Gonzalez-Ruiz*,
341 B.R. 371 (1st Cir. BAP 2006).........................................................................9

*Granati v Stone St. Capital, Inc. (In re Granati)*,
307 B.R. 827 (E.D.Va. 2002) *aff'd* 63 Fed App'x. 741 (4th Cir. 2003) .....................................................................................................................1

*Greer v. O'Dell*,
305 F.3d 1297 (11th Cir. 2002) .........................................................................10

*Grella v. Salem Five Cent Sav. Bank*,
42 F.3d 26 (1st Cir. 1994)...................................................................................10

*In re JLJ, Inc.*,
   988 F.2d 1112 (11th Cir. 1993) ............................................................2

*Kalmanson v. Nofziger (In re Nofziger)*,
   2006 U.S. Dist. LEXIS 30503 (M.D. Fla. May 18, 2006) ....................2

*In re Kennemer*,
   143 B.R. 275 (N.D. Ala. 1992)..............................................................7

*In re Khachikyan*,
   335 B.R. 121 (9th Cir. BAP 2005) ........................................................9

*In re Lemco Gypsum, Inc.*,
   910 F.2d 784 (11th Cir. 1990) ..............................................................4

*In re Martin*,
   499 B.R. 155 (Bankr. D. Mass. 2013) ...................................................4

*Old West Annuity & Life Ins. Co. v. Apollo Grp.*,
   605 F.3d 856 (11th Cir. 2010) ..............................................................1

*Owens v. GMAC Mortg., LLC*,
   517 Fed. Appx 896 (11th Cir. 2013)......................................................6

*In re Paramount Citrus, Inc.*,
   268 B.R. 620 (M.D.Fla. 2001).........................................................2, 6

*Parker v. Wendy's Int'l, Inc.*,
   365 F.3d 1268 (11th Cir. 2004) ............................................................4

*In re Paulk*,
   367 B.R. 836 (Bankr. N.D. Ala. 2007).................................................2

*Powers v. Am. Honda Fin. Corp.*,
   216 B.R. 95 (N.D.N.Y.1997)..................................................................9

*In re Prestwood*,
   185 B.R. 358 (M.D. Ala. 1995) ............................................................7

*In re Prime*,
   26 B.R. 556 (Bankr. W.D. Mo. 1983) ...................................................2

*In re Semadeni*,
    489 B.R. 576 (Bankr. D. Col. 2013) ...................................................................4

*In re Sewell*,
    345 B.R. 174 (BAP 9th Cir. 2006) ....................................................................5

*In re Sonnax Industries*,
    907 F.2d 1280 (2nd Cir. 1990) .........................................................................1

*In re Stacy*,
    167 B.R. 243 (Bankr. N.D. Ala. 1994) .............................................................5

*Wilson v. Wells Fargo Bank, N.A. (In re Wilson)*,
    402 B.R. 66 (B.A.P. 1st Cir. 2009) ...................................................................6

**Statutes**

28 U.S.C.S. § 158 .................................................................................................1

11 U.S.C. § 105(a) ...............................................................................................5

11 U.S.C. § 105(a) .........................................................................................1, 2, 5

11 U.S.C. § 323 ....................................................................................................4

11 U.S.C. § 362(d) ............................................................................................7, 8

11 U.S.C. § 362(d)(2)(B) .....................................................................................8

28 U.S.C. § 1334 ..................................................................................................4

**Other Authorities**

Bankruptcy Rule 9014 ..........................................................................................9

Fed. R. Bankr. P. 7017 .........................................................................................4

Fed. R. Bankr. P. 9014 .....................................................................................9, 10

Fed. R. Bankr.P. 9014(d) ..................................................................................9, 10

Rule 7001 of the Federal Rules of Bankruptcy Procedure ......................................5

I.      **STATEMENT OF JURISDICTION**[2]

This is an appeal from an Order denying Appellants' Emergency Motion to Enforce Discharge Injunction and Motion for Contempt filed in the Bankruptcy Court. The Motion sought to hold various parties in contempt for their actions in foreclosing on a security deed, and then evicting the Appellants from the foreclosed property. [Doc. 11-1, at pp. 39-40].    The bankruptcy court had jurisdiction to entertain a motion for contempt pursuant to its statutory contempt powers found in 11 U.S.C. § 105(a). *See In re McLean,* 794 F.3d 1313, 1319-20 (11th Cir. 2015).

The bankruptcy court entered its order denying the Motion for Contempt on June 7, 2019. See [Doc. 1-2]. This is considered a final order that is appealable as a matter of right. *See Commodore Holdings, Inc. v. Exxon Mobil Corp*., 331 F.3d 1257, 1259 (11th Cir. 2003). Appellants Marvin and Sharon Smith filed a Notice of Appeal on June 18, 2019. See [Doc. 1-1]. The Notice of Appeal was timely under Fed. R. Bankr. P. 8002(a). This Court has jurisdiction over all appeals from final judgments, orders, and decrees of bankruptcy courts pursuant to 28 U.S.C. § 158(a)(1).

Section 158(a) of Title 28 provides that district courts "have jurisdiction to hear appeals from final judgments, orders, and decrees [of bankruptcy courts]."

---

[2] References to the documents in the appellate record are to the District Court's docket [Dist. Doc.], and the Bankruptcy Court's docket [Doc.].

*See, e.g., In re Fisher Island Investments, Inc.,* 778 F.3d 1172 (11th Cir. 2015); *In re Ocean Warrior, Inc.,* 835 F.3d 1310 (11th Cir. 2016); *Granati v Stone St. Capital, Inc. (In re Granati),* 307 B.R. 827, 830 (E.D.Va. 2002) *aff'd* 63 Fed App'x. 741 (4th Cir. 2003). The district court in a bankruptcy appeal functions as an appellate court in reviewing the bankruptcy court's decision. *Williams v. EMC Mortgage Corp.,* 216 F.3d 1295, 1296 (11th Cir. 2000). The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy court judges. *Kelly v. Harris,* 331 F.3d 817, 819 (11th Cir. 2003).

Because bankruptcy cases involve an aggregation of controversies and suits, the concept of finality is given a more flexible interpretation in the bankruptcy context. *Barben v. Donovan,* 532 F.3d 1134, 1136 (11th Cir. 2008). "To be final, a bankruptcy order need not be the last order concluding the bankruptcy proceeding as a whole. *In re Boca Arena, Inc.,* 184 F.3d 1285, 1286 (11th Cir. 1999). In sum, for a bankruptcy court order to be final within the meaning of 28 U.S.C. § 158(a), the order must completely resolve all of the issues pertaining to a discrete claim, including issues as the proper relief. *In re Porto*, 645 F.3d 1294 (11th Cir. 2011). An order granting relief from stay is a final order within the meaning of Section 158(a). *See, e.g., Old West Annuity & Life Ins. Co. v. Apollo Grp.,* 605 F.3d 856, 862 (11th Cir. 2010) ("A stay-relief order is a final order that is immediately

appealable."); *In re Sonnax Industries,* 907 F.2d 1280, 1283 (2nd Cir. 1990) ("Orders lifting automatic stay are final, for purposes of appeal under 28 U.S.C.S. § 158 . . ."); *Crossroads Ford, Inc. v. Dealer Computer Services (In re Crossroads Ford, Inc.),* 449 B.R. 366, 367 (B.A.P. 8th Cir. 2011) ("Order granting relief from automatic stay was final order over which bankruptcy appellate panel had jurisdiction pursuant to 28 USCS § 158(a)(1) . . ."). Therefore, this Court has jurisdiction over this matter.

## II.   <u>STATEMENT OF THE CASE</u>

This is a patently frivolous appeal, filed by serial pro se litigators who are abundantly familiar to this Court, as they have been before it as plaintiffs, appellants, or debtors no less than fifteen previous times since 2009. *See* Nos. 2:09-cv-140, 2:09-cv-170, 2:09-cv-178, 2:09-cv-181, 2:09-cv-182, 2:09-cv-183, 2:11-cv-57, 2:11-cv-58, 2:11-cv-60, 2:11-cv-161, 2:11-cv-64, 2:12-cv-179, 2:14-mc-13, 2:14- cv-136; 2:15-cv-00070.

On November 12, 2008, the Bankruptcy Court entered a Consent Order Modifying the Automatic Stay in the Appellants' underlying Chapter 7 Bankruptcy Case (the "Consent Order"). *See In re Smith,* No. 07-20244 [Doc. 95]. Appellants agreed through counsel to a modification of the automatic stay with respect to the Appellants' former residence located at: 311 10th Street, Unit #8, St. Simons Island, Georgia (the "Property"). [Doc. 174]. Pursuant to the Consent Order, the

Chapter 7 Trustee could market the Property for a period of 180 days, and if the Trustee could not find a buyer for the Property by May 5, 2009, the automatic stay would be lifted without further hearing, and Countrywide Home Loans, Inc., as servicing agent for HSBC, and its successors and assigns, could proceed with its state law remedies, including conducting a foreclosure sale. [Doc. 174].   In addition, on April 18, 2012, the Chapter 7 Trustee formally abandoned the Bankruptcy Estate's interest in the Property. [Bank, Doc. 555].

As a result of the default of Appellants' Loan and Security Deed, HSBC as the record holder of the Security Deed, accelerated the debt owed and initiated non-judicial foreclosure proceedings against the Property on May 5, 2015. [Doc. 648, p. 7] (noting that there is "no indication in the record that [the Smiths] have made a mortgage payment on the property – once said to be worth $2 million – since March 2007."). The Property was purchased by HSBC as the highest bidder at the foreclosure sale.  The foreclosure sale was made a matter of public record by the filing of a certain Deed Under Power (the "Deed Under Power") recorded on June 15, 2015, at Deed Book 3449, Page 14, in the Glynn County, Georgia real property records. [Doc. 728, at 31].

Appellants are serial pro se litigants who have filed a myriad of frivolous lawsuits in an attempt to stave off the completion of the lawful foreclosure sale, and the resulting dispossessory action. Appellants have been unrelenting in their

attempts to set aside the Consent Order.[3] [Doc. 95]. Over the last ten (10) years, Appellants have brought no less that fourteen (14) cases and/or appeals in numerous jurisdictions stemming from their Chapter 7 Bankruptcy Case, of which several have been cases challenging their home loan, foreclosure proceedings, and the Consent Order lifting the automatic stay. Due to their numerous frivolous filings, Appellants have been sanctioned for engaging in abusive litigation. Specifically, the United States Bankruptcy Court for the Southern District of Georgia, and the Eleventh Circuit of Appeals have sanctioned the Appellants for their meritless filing. *Smith v. Countrywide Home Loans, Inc.,* No. 13-13808 (11th Cir. Dec. 19, 2013).[4]

Appellants filed a complaint in the Superior Court of Glynn County, Georgia, which was then removed to District Court for the Southern District of Georgia, *Smith v. HSBC Bank USA, N.A.,* Case No. 2:15-cv-00070-LGW-RSB (the "District Court Case"). On August 31, 2018, Appellants filed an Emergency Motion to Enforce Discharge Injunction and Motion for Issuance of an Order to

---

[3] A bulk of Appellants' litigation history attacking the Consent Order is listed in an Order Denying Appellants' Motion for Reconsideration of Order Denying Motion to Vacate the Consent Order. [Doc. 566] (outlining the Appellants' litigation history).

[4] The Eleventh Circuit's order stated, among other things, that Plaintiffs were enjoined from "filing any pleadings, motions, or other papers seeking any form of relief against [Countrywide Home Loans, Inc., as Servicing Agent for HSBC Bank USA, National Association . . . and/or any of its predecessor or successor entities . . . without first obtaining leave from the district court." [Doc. 626, at 2.].

Respondents to Show Cause Why They Should Not be Held in Contempt" (the "Motion for Contempt"). *See,* [Doc. 11-7, at p. 37].  In the Motion for Contempt, the Smiths appeared to finally set aside their argument that HSBC did not have relief from stay to foreclose, and instead argued that the underlying proof of claim had been disallowed, and thus, the security deed was void and anyone involved in the foreclosure sale or evicition was in contempt of that order and the discharge injunction.

The disallowance relates to an objection filed by the Chapter 7 Trustee on January 7, 2013. *See* [Doc. 7-4, at p. 156].  In that objection, the Trustee objected "on the grounds that [the claim] is secured by property either abandoned or not administered by the Trustee and, therefore, Creditor should look to its collateral for satisfaction of the debt." *Id.*  The bankruptcy court sustained the objection by order entered on March 5, 2013. [*Id*. at p. 159]. The bankruptcy court rejected the Smiths' contentions by order entered on June 20, 2019. [Doc. 1-2]. In that order, the bankruptcy court first held that there was no violation of the discharge injunction because "[n]othing in their Motion shows that any of Respondents have made any attempts to collect any debt as a personal liability of the Smiths. The Smiths' discharge extinguished their personal liability for certain debts but did not extinguish HSBC's ability to enforce the lien on the Property." [*Id.* at p. 7].  The bankruptcy court next disposed of the arguments concerning disallowance of the

claim, holding that because the claim was not disallowed on its merits, but instead because the Trustee abandoned the property, the lien was not void. Id. at pp. 7-11. The bankruptcy court was correct in its findings and the order should be affirmed.

## III.   SUMMARY OF THE ARGUMENT

This case represents yet another frivolous attempt by the Smiths to escape the consequences of their decade long failure to pay the mortgage on their $2 million beachfront condo after consenting to relief from the automatic stay to allow for foreclosure. This Court, the Bankruptcy Court, and the Eleventh Circuit have held countless times that their arguments are meritless and, by now, long barred by res judicata. But nevertheless, they are trying again. First, the Smiths believe that the bankruptcy court erred in failing to hold a hearing on the Motion for Contempt because there was a disputed material fact. That fact, they say, is that HSBC was not the "real party in interest" – the same argument that has already been rejected by this Court and affirmed on appeal. In any event, their Motion for Contempt was premised on this very "disputed fact" being irrelevant and thus their argument was not presented below and should be deemed waived. And if it had not been waived, it is barred by res judicata.

Next, the Smiths argue that all Appellees should have been held in contempt for actions taken in foreclosing and evicting them after they claim that the underlying security deed was voided when the claim was disallowed. However, an

order disallowing a claim does not automatically void a lien and an adversary proceeding is required. No adversary was filed here to void the lien. Moreover, 11 U.S.C. § 506(d) does not allow for liens to be voided when the disallowance was not on the merits (i.e., based on a substantive defect in the lien). Here, disallowance was only procedural and the claim objection explicitly provided that the creditor could look to its lien for satisfaction of its claim in lieu of taking a distribution from the bankruptcy estate.

Lastly, the Smiths also allege that the discharge injunction was violated, and that contempt is appropriate. However, as the bankruptcy court correctly noted, a discharge only extinguishes a creditor's in personam rights against a debtor, not in rem rights against property. Because foreclosure is in rem and the Smiths did not allege any attempts to collect a debt against them personally, there was no violation of the discharge injunction.

## IV.   **ARGUMENT AND CITATION OF AUTHORITIES**

In reviewing bankruptcy court judgments, a district court functions as an appellate court. *Commodore Holdings, Inc., et al., v. Exxon Mobil corp., et al.,* 331 F.3d 1257 (11th Cir. 2003).  In functioning as an appellate court, the district court reviews the bankruptcy court's factual findings for clear error and its legal conclusions *de novo. In re Int'l Admin. Servs., Inc.,* 408 F.3d 689, 698 (11th Cir. 2005); *In re FFS Data, Inc.,* 776 F.3d 1299 (11th Cir. 2015).  In considering a

bankruptcy's court's interpretation of its own order, the district court will reverse a bankruptcy court's judgment only upon a showing of abuse of discretion. *In re Optical Technologies, Inc.,* 425 F.3d 1294 (11th Cir. 2005).  Unless it clearly abused it discretion, a bankruptcy court's interpretation of its own order is entitled to substantial deference. *In re FFS Data, Inc.,* 776 F.3d 1299 (11th Cir. 2015).

A decision to lift or reimpose the automatic stay is discretionary with the bankruptcy judge, and may be reversed only upon a showing of abuse of discretion. *In re Dixie Broadcasting, Inc.,* 871 F.2d 1023, 1026 (11th Cir. 1989).  Similarly, 11 U.S.C. § 105(a) provides that "The Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  The Bankruptcy Court, as a court of equity, may reimpose the automatic stay in appropriate circumstances. *In re Prime,* 26 B.R. 556, 559 (Bankr. W.D. Mo. 1983).

An abuse of discretion occurs where a finding of fact is clearly erroneous, *i.e.*, "although there is evidence to support it, the reviewing court on review of the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *In re Paramount Citrus, Inc.,* 268 B.R. 620, 621 (M.D.Fla. 2001). Due process challenges are also reviewed *de novo. Lapaix v. U.S. Attorney Gen.,* 605 F.3d 1138, 1143 (11th Cir. 2010).

## V.   ARGUMENT AND CITATION OF AUTHORITY

### A.   STANDARD OF REVIEW

When reviewing orders on appeal from bankruptcy courts, this Court is to "review de novo any determinations of law . . . and review the bankruptcy court's factual findings for clear error." In re FFS Data, Inc., 776 F.3d 1229, 1303 (11th Cir. 2015) (citations omitted).

### B.   The Bankruptcy Court Did Not Commit Reversible Error In Failing to Hold A Hearing On The Appellants' Motion for Contempt.

In their first and last arguments, the Smiths claim that the bankruptcy court deprived them of due process by failing to hold an evidentiary hearing on the Motion for Contempt. See [Doc. 14] at pp. 13-21, 39-44. Evidentiary hearings in contested matters are not required unless there is are disputed issues of material fact. In re Byrd, No. 13-40982, 2014 WL 1271381, at *2 n.2 (Bankr. S.D. Ga. March 26, 2014) (citing Gonzalez-Ruiz v. Doral Fin. Corp. (In re Gonzalez-Ruiz), 341 B.R. 371, 381 (B.A.P. 1st Cir. 2006); Wilmington Trust Co. v. AMR Corp. (In re AMR Corp.), 490 B.R. 470, 479 (S.D.N.Y. 2013).

Here, the Smiths contend that there is a disputed issue of material fact that should have required an evidentiary hearing. That disputed fact, they say, is whether HSBC was a "real party in interest" with respect to the claim at issue. See

[Doc. 14, at pp. 13-21].  Their brief launches into a five-page diatribe that asserts their previously rejected arguments that HSBC was not their creditor and was not granted stay relief. *Id.*  However, the Smiths appear to have forgotten that their Motion for Contempt was based on the premise that this did not matter.

The "Factual Background" section of the Motion for Contempt states that: Consolidated Appeal No. 18-12349 /No. 18-10736 is pending in the Eleventh Circuit Court of Appeals with regard, *inter alia,* to the District Court's assumption that HSBC Bank USA, N.A. National Association as Trustee for Holders of BCAP LLC Trust 2006-AA2 was granted relief of stay 'when Countrywide Home Loans, Inc.' was in 2009.  Regardless of whether or not threr was an agency relationship with HSBC Bank, U.S.A., N.A., the claim of Countrywide Home Loans, Inc. {Doc. 10]., was disallowed in its entirety by the Order of this Court in 2013. [Doc. 603].  [Doc. 11-1, at p. 39].

### C.   The Order Disallowing The Claim Did Not Void The Lien.

The Smiths contend that the bankruptcy court erred in finding that the subject security deed was not voided by the order disallowing the claim. The disallowance relates to an objection filed by the Chapter 7 Trustee on January 7, 2013. See [Doc. 7-4 at p. 156].  In that objection, the Trustee objected "on the grounds that [the claim] is secured by property either abandoned or not administered by the Trustee and, therefore, Creditor should look to its collateral for

satisfaction of the debt." Id. The bankruptcy court sustained the objection by order entered on March 5, 2013. [Id. at p. 159].  In other words, "[t]he disallowance was procedural, and its effect was simply to keep Countrywide and/or HSBC from receiving any distribution from the Trustee for the Claim." [Doc. 1-2 at p. 10]. The Smiths, however, take a different view. They contend that the procedural order disallowing the claim, in and of itself, voided the underlying security deed. They are mistaken. Under 11 U.S.C § 506(d), to the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless-- (1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or (2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title. The Smiths believe that the plain language of this statute mandates that anytime a secured claim is disallowed, the lien securing the claim becomes void. This is wrong for two reasons: (1) an adversary proceeding specifically for the purpose of voiding the lien is required and was never filed; and (2) Section 506(d) is not as literal as the Smiths claim it to be.

First, the simple fact that an order was entered disallowing a secured claim does not automatically void a lien. As the bankruptcy court in this district held in 2014, if a claim is disallowed under Section 506(d), the procedural mechanism to "obtain a judicial adjudication of that fact" can only be accomplished by filing an

adversary proceeding and affording the creditor all of the safeguards that come with it. *In re Smith*, 514 B.R. 331, 337-38 (Bankr. S.D. Ga. 2014). In fact, one of the cases that the Smiths rely on also emphasizes this point. *See Nat'l Cap. Mgmt., LLC v. Gammage-Lewis,* No. 5:10-cv-00468, 2012 WL 3561785, at *3 (E.D.N.C. Aug. 14, 2012).

However, the Smiths seized on *Gammage-Lewis* for the proposition that a claim objection alone can accomplish the voiding of the lien. However, that decision stated that could only be done without an adversary provided that the objection "gives clear notice that the debtor is challenging the validity, priority, or extent of the lien and seeks to abrogate a creditor's right to look to its collateral, and the debtor complies with the procedural safeguards set forth in Part VII on the Federal Rules of Bankruptcy Procedure." Id. (citation omitted). Here, the Trustee's objection explicitly stated that "Creditor should look to its collateral for satisfaction of the debt" and thus it did not give any notice that the lien was being challenged. Thus, *Gammage-Lewis* is inapposite for this proposition. Because there was never an adversary to void the lien, or any other notice that the objection would accomplish this purpose, this Court should find it unnecessary to review the remainder of the Smiths' arguments and the bankruptcy court's order should be affirmed.

Even if an adversary was not required, the fact remains that Section 506 is not read as literally as the Smiths claim. The bankruptcy court correctly "join[ed] other courts in refusing to deem a perfectly valid lien void without a proper determination of such on the merits." [Doc. 1-1, at p. 10], (*citing Shelton v. CitiMortgage, Inc. (In re Shelton),* 477 B.R. 749, 752 (B.A.P. 8th Cir. 2012); *Hamlett v. Amsouth Bank (In re Hamlett),* 322 F.3d 342, 349 (4th Cir. 2003); *Roman v. CitiMortgage, Inc. (In re Roman),* No. 14-03686, Adv. No. 14-00255, 2018 WL 4801933, at *8 (Bankr. D.P.R. Oct. 2, 2018); *Kohout v. Nationstar Mortg., LLC (In re Kohout),* 560 B.R. 399, 408 (Bankr. N.D.N.Y. 2016)); *see also Oudomsouk v. Bank of Am., N.A. (In re Oudomsouk),* 483 B.R. 502 (Bankr. M.D. Tenn. 2012) (*citing In re Hamlett*, 322 F.3d 342; *In re Tarnow*, 749 F.2d 464 (7th Cir. 1984); *In re Be-Mac Transport Co., Inc.,* 83 F.3d 1020 (8th Cir. 1996)). The Smiths rely upon the Ninth Circuit's decision in *HSBC Bank USA, Nat'l Ass'n v. Blendheim (In re Blendheim),* 803 F.3d 477 (9th Cir. 2015) to support their argument that anytime a claim is disallowed (except when disallowed under section 502(b)(5) or 502(e)), the lien is void. However, even if this case did stand for this proposition, it is a single outlier among a long list of cases with the opposite holding and the Smiths have presented no argument for why this Court should depart from those holdings. Moreover, a closer reading of *Blendheim b*y the

Bankruptcy Appellate Panel of the Ninth Circuit concluded that the decision is not actually an outlier. *In re Lane*, 589 B.R. 399, 409 (B.A.P. 9th Cir. 2018).

In *In re Lane*, the BAP noted that the claim in *Blendheim* "was challenged on the substantive ground of forgery" which meant that the claim was disallowed based on a substantive defect in the lien. *Id*. at 409-10. "Implicit in *Blendheim's* analysis is a conclusion that § 506(d) should apply only when a claim disallowance addresses the merits of the underlying debt." *Id*. at 409. The BAP then went on to find in favor of the creditor, whose claim was initially disallowed for lack of standing to enforce the promissory note underlying the deed of trust. Id. The BAP found this to be a non-substantive defect and would be an affront to due process if allowed, as it was undisputed that some entity held the note and a court could not void its lien if that party was not before it. Id. at 411. This due process issue is yet another reason why lien avoidance is not automatic under Section 506(d). Quite simply, there is no case law that supports the Smiths' interpretation of Section 506(d) and the bankruptcy court's order should be affirmed.

### D.   THE DISCHARGE INJUNCTION IS NOT APPLICABLE

The Smiths argue that the bankruptcy court was incorrect when it concluded that the discharge injunction was not violated. The bankruptcy court found that, "The Smiths have not presented facts demonstrating that Respondents have violated the discharge injunction.  Nothing in their

Motion shows that any of Respondents have made any attempts to collect any debt as a personal liability of the Smiths. The Smiths' discharge extinguished their personal liability for certain debts but did not extinguish HSBC's ability to enforce the lien on the Property. As such, actions taken by any Respondent to foreclose, or evict the Smiths from the Property, and/or sell the Property that has been foreclosed upon had nothing to do with the Smiths or their discharge. [Doc. 1-2, at p. 7].

The Smiths do not explain how they believe the bankruptcy court was wrong. Instead, they repeat the same frivolous argument from before about how HSBC did not actually obtain stay relief because it was not connected to Countrywide. See [Doc. 14, at p. 38]. This argument is not only barred by res judicata but does nothing to show that any Appellee attempted to collect any debt as a personal liability, which is how the discharge injunction gets violated. See [Doc. 1-2, at pp. 6-7]. (*citing In re McLean*), 794 F.3d at 1321; *Mele v. Bank of Am. Home Loans (BAC) (In re Mele),* 786 B.R. 546, 555 (Bankr. N.D. Ga. 2013)). Since the Smiths have still failed to show any attempt at personal collection from them, the bankruptcy court's decision should be affirmed.

**E.**   **THE SMITHS HAVE FAILED TO SHOW HOW ANY McGUIREWOODS APPELLEE HAS VIOLATED ANY ORDER OR INJUNCTION.**

The Smiths brief asserts a new argument about how they believe each Respondent is liable for contempt. This is the same baseless argument relating to the Claim Disallowance.  The Claim Disallowance did not impact the underlying lien and therefore there can be no contempt. The decision of the Bankruptcy Court should be affirmed.

**V.**   **CONCLUSION**

For the foregoing reasons, Appellees respectfully request that this Court affirm the Bankruptcy Court's Order denying Appellants' Motion for Cotempt.

Respectfully submitted this 30th day of September, 2019.

/s/ Jennifer R. Burbine
Jennifer R. Burbine (Ga. Bar No. 167807)
MCGUIREWOODS LLP
1230 Peachtree Street, N.E., Suite 2100
Atlanta, GA 30309-3534
(404) 443-5736 (telephone)
(404) 443-5763 (facsimile)
jburbine@mcguirewoods.com

*Counsel for Appellees HSBC Bank USA, HSBC BANK USA, N.A., and HSBC BANK USA, N.A., as Trustee for the Holders of BCAP LLC Trust 2006-AA2, Paul A. Rogers, Jarrod S. Mendel, and McGuireWoods, LLP*

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

In the Matter of:

**MARVIN B SMITH, III, and
SHARON H. SMITH,**

     *Appellants,*

**v.**

**HSBC BANK USA,
HSBC BANK USA, N.A., and
HSBC BANK USA, N.A., as Trustee
For the Holders of BCAP LLC Trust
2006-AA2**

     *Appellees.*

Civil Action File

No. 2:19-cv-00073-LGW

Bankruptcy Case

No. 07-20244-MJK

## CERTIFICATE OF SERVICE

This is to certify that I have this date served the foregoing Appellees' Brief

on the following persons or entities and by the methods indicated below:

Via U.S. Mail:

Marvin B. Smith, III
Sharon H. Smith
P.O. Box 22063
St. Simons, GA 31522

Patrick J. Burke
2929 Walden Avenue
Depew, NY 14043


Geremy W. Gregory
Balch & Bingham LLP
30 Ivan Allen Jr. Blvd NW, Suite 700
Atlanta, GA 30308


Christopher S. Anulewicz
Balch & Bingham LLP
30 Ivan Allen Jr. Blvd NW, Suite 700
Atlanta, GA 30308


Ronnie Perry Realty Co., Inc.
 3144 Cypress Mill Road
Brunswick, GA 31525


Jill Jernigan
3144 Cypress Mill Road
Brunswick, GA 31525


This 30th day of September, 2019.


/s/ Jennifer R. Burbine
Jennifer R. Burbine