No. 2:19-cv-00073

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2019 OCT 15  PM 12: 10

# IN THE U. S. DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA

SO. DIST. OF GA.

MARVIN B. SMITH, III AND SHARON H. SMITH,

APPELLANTS,

V.

HSBC BANK USA,
HSBC BANK USA, N.A.,
HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR THE HOLDERS OF
    BCAP LLC TRUST 2006-AA2,
PATRICK J. BURKE, PRES./CEO OF HSBC BANK USA, N.A.,
BALCH & BINGHAM, LLP,
GEREMY GREGORY, AGENT FOR BALCH & BINGHAM LLP,
CHRISTOPHER ANULEWICZ, AGENT FOR BALCH & BINGHAM LLP,
MCGUIRE WOODS, LLP,
PAUL A. ROGERS, AGENT FOR MCGUIRE WOODS, LLP,
THOMAS R. WALKER, AGENT FOR MCGUIRE WOODS, LLP,
JARROD S. MENDEL, AGENT FOR MCGUIRE WOODS, LLP,
RUBIN LUBLIN, LLC,
PETER LUBLIN, AGENT OF RUBIN LUBLIN, LLC,
BRET CHANESS, AGENT OF RUBIN LUBLIN, LLC,
RONNIE PERRY REALTY CO., INC. AND
JILL JERNIGAN, AGENT/BROKER FOR RONNIE PERRY REALTY CO., INC.

APPELLEES.

*ON APPEAL FROM THE U.S. BANKRUPTCY COURT*
*FOR THE SOUTHERN DISTRICT OF GEORGIA*
***CASE NO. 07-20244-MJK***

## APPELLANTS' REPLY BRIEF

MARVIN B. SMITH, III
SHARON H. SMITH
P.O. Box 22063
St. Simons Island, GA 31522
(912) 268-8117; smbsmith@comcast.net

DEBTORS/*APPELLANTS Pro Se*

## QUESTIONS PRESENTED FOR REVIEW

I.  Whether the Bankruptcy Court erred in concluding, without an evidentiary hearing, that there was no violation of the discharge injunction and, therefore, no contempt; the court having ignored the due process requirement that a hearing be conducted on all issues of material fact?

II. Whether the Bankruptcy Court erred in concluding that, despite Countrywide Home Loans, Inc.'s Claim #10 having been disallowed in its entirety by Order of the Bankruptcy Court, there was no violation of said Order and erred in concluding that the subject lien was not rendered void under 11 U.S.C. Section 506(d) upon the Smiths' discharge?

III. Whether the Bankruptcy Court erred in concluding that the actions of Respondents to foreclose, evict the Smiths from the Property, and /or sell the Property that has been foreclosed upon had nothing to do with the Smiths or their discharge, despite violation of one or more bankruptcy orders with regard to the bankruptcy stay and/or the discharge injunction; and erred in concluding there was no need for the Court to exercise its contempt powers?

IV.   Whether the Smiths have been denied their right to due process under the Fifth Amendment to the Constitution?

# **ARGUMENT IN REPLY**

Appellees' argument that the Smiths did not raise the "real party in interest" issue in the Motion for Contempt is nonsensical.  Not only has the issue been raised repeatedly by the Smiths, as set forth in the Briefs; the Smiths brought to the attention of the Court that the burden of proof of the real party in interest with Article III standing is incumbent upon the alleging creditor. This Court is to "review de novo any determinations of law . . . and review the bankruptcy court's factual findings for clear error." *In re FFS Data, Inc.*, 776 F.3d 1229, 1303 (11th Cir. 2015) (citations omitted).  Because the fact disputed is the real party in interest with standing of the alleging creditor, which is, in and of itself, a matter of law, the standard of review is *de novo*.  Therefore, even though the Smiths did raise the issue in their Motion for Contempt, as shown below, it is irrelevant, because this Court can review the issue on appeal *de novo*. Furthermore, due process challenges are also reviewed *de novo*. *Lapaix v. U.S. Attorney Gen.*, 605 F.3d 1138, 1143 (11 th Cir. 2010).

Quoting from the Smiths' Emergency Motion to Enforce Discharge Injunction and Motion for Issuance of an Order to Respondents to Show Cause Why They Should Not be Held in Contempt, "Contempt Motion" at page 6:

> Only a real party in interest can be granted relief of stay under 11
> U.S.C. 362(d), proof of which is incumbent upon the alleging creditor.
> Knowing that it could not prove a real party in interest, Nationstar
> Mortgage as Servicer for HSBC Bank USA, National Association as

Trustee for Holders of BCAP LLC Trust 2006-AA2, withdrew its motion for relief of stay on December 4, 2018.  See Motion , Dkt. #623, and Withrawal, Dkt. #625.  Nonetheless, HSBC Bank USA, National Association as Trustee for Holders of BCAP LLC Trust 2006-AA2, proceeded to foreclosure May 15, 2015 utilizing the same security deed, having had full knowledge, as shown above, that the subject claim by Countrywide Home Loans Inc., Claim #10, had been disallowed by Order of this Court in 2013, Dkt. #603.  Said action constitu[t]es open defiance of one or more orders of this Court.

Quoting from Appellants' Brief Case No. 2:19-cv-73 at 14:

See the related Appellants' Brief, Case No. 2:19-cv-76 which is incorporated herein by reference; said appeal is from its Order of Dismissal with Prejudice, Adv. No. 17-02016, dismissing the Smiths' claims in Adv. No. 17-02016 as barred by *res judicata,* which was filed the same day, June 7. 2019, as the Contempt Order. Quoting from Appellants' Brief, Case No. 2:19-cv-76 :

Only a real party in interest with Article III standing can be granted relief of stay under 11 U.S.C. §362(d); proof of which is incumbent upon the alleging creditor.  There is nothing in the record to prove that any of the Appellees is a real party in interest with standing, or is a party who has the authority to act on behalf of an entity that has standing.  In fact, there is proof in the record, evidenced by certified SEC documents, that Appellees are not real parties in interest with Article III standing and have committed documented fraud upon the court. There is nothing in the record that Countrywide Home Loans, Inc. as Servicing Agent for HSBC Bank USA, National Association as Trustee for the Holders of BCAP LLC Trust 2006-AA2 was a real party in interest with Article III standing[1]; therefore, the Bankruptcy Court lacked subject-matter jurisdiction to have conditionally granted relief of stay in the

---

[1]     Order Denying Motion to Vacate Consent Order [Bankr.Dkt #206]: "...Attached to each proof of claim was one page showing an itemized payoff balance and one photocopied page from a security instrument that did not reference Countrywide in any capacity." [Emphasis added.]

Consent Order.  Jurisdiction cannot be conferred by consent.
Consequently, the Consent Order is void *ab initio* for lack of
subject-matter jurisdiction; and any subsequent orders
predicated upon the Consent Order are necessarily void also.
*Res judicata* cannot be applied to the Smiths' claims in the
Complaint, Adv. No. 17-02016, because the four conditions of
claim preclusion have not been met. ….Nonetheless, the
Bankruptcy Court concluded [in its Order of Dismissal with
Prejudice at page 11]: "The Smiths have repeatedly and
abusively attempted to circumvent HSBC's right to relief from
the stay—relief that they agreed upon in the Consent Order
more than a decade ago."; <u>ignoring the fact that over a decade
ago, the Smiths, prior to relief of stay, objected to the real party
in interest with Article III Standing in their Motion to Vacate
the Consent Order, Bankr.Dkt.#192.</u>  Arbitrarily stating that a
party has a right to relief of stay, without proof in the record,
does not make it so.  The fact remains, ten years later or 1000
years later, that without proof of a real party in interest with
standing there was no subject-matter jurisdiction, subject-matter
jurisdiction cannot be conferred by consent, and therefore, the
Consent Order is void *ab initio*. [Emphasis added.].

## I. Violation of the Discharge Injunction

Although Appellees seemed to argue that *Blendheim* was an outlier, they

recanted that argument in their Briefs: " Moreover, a closer reading of Blendheim

by the Bankruptcy Appellate Panel of the Ninth Circuit concluded that the decision

is not actually an outlier. In re Lane , 589 B.R. 399, 409 (B.A.P. 9th Cir. 2018) ."

The Smiths agree with the Rubin Lublin Appellees and the HSBC Appellees that

*Blendheim* is <u>not</u> an outlier.  If the *Blendheim* decision is read in its entirety, the

Court will find that the analysis is a very thorough and cogent one, employing U.S.

Supreme Court precedent, including circuit cases cited by the Bankruptcy Court

and Appellees, and concluded as follows:

*HSBC Bank USA, Nat'l Ass'n v. Blendheim (In re Blendheim)* , 803 F.3d 477 (9th
Cir. 2015):

> Id at 490:
>
> HSBC has pointed to decisions from three of our sister circuits, but
> these decisions are not contrary to our holding. The Fourth, Seventh,
> and Eighth Circuits have concluded that bankruptcy courts may not
> use § 506(d) to void liens whose claims have been disallowed on the
> sole basis that their proofs of claim were untimely filed. *In re Shelton,*
> 735 F.3d 747, 750 (8th Cir.2013), *cert. denied,* —— U.S. ——, 134
> S.Ct. 2308, 189 L.Ed.2d 176 (2014) ; *In re Hamlett,* 322 F.3d 342,
> 350 (4th Cir.2003) ; *In re Tarnow,* 749 F.2d 464, 466 (7th Cir.1984).
> These courts reason that voiding liens merely because the creditor did
> not timely file a claim violates the long-standing, pre-Code principle
> that "valid liens pass through bankruptcy unaffected." *Shelton,* 735
> F.3d at 748 (discussing *Dewsnup,* 502 U.S. at 418, 112 S.Ct. 773 );
> *Hamlett,* 322 F.3d at 347–48 ; *Tarnow,* 749 F.2d at 465 ; *see U.S.*
> *Nat'l Bank,* 331 U.S. at 33, 67 S.Ct. 1041 ("[A creditor] may disregard
> the bankruptcy proceeding, decline to file a claim and rely solely upon
> his security if that security is properly and solely in his possession.").
>
> Congress codified the principle that liens may pass through
> bankruptcy in § 506(d)(2) (a lien securing a claim that is "not an
> allowed secured claim" is void unless "such claim is not an allowed
> secured claim due only to the failure of any entity to file a proof of
> claim"). This provision, an exception to § 506(d)'s voiding
> mechanism, means that "the failure of the secured creditor to file a
> proof of claim is not a basis for [ ]voiding the lien of a secured
> creditor." *Tarnow,* 749 F.2d at 467 (quoting S.Rep. No. 98–65, at 79
> (1983)). Our sister circuits concluded that a claim filed late is
> tantamount to not filing a claim at all, and that therefore, under pre-
> Code principles and the rationale of § 506(d)(2), an untimely claim
> could not justify voiding the lien securing it. *Hamlett,* 322 F.3d at 349
> ("[W]e conclude, following the reasoning set forth in *Tarnow,* that the
> failure to file a timely claim, like the failure to file a claim at all, does

5

not constitute sufficient grounds for extinguishing a perfectly valid lien."); *Shelton,* 735 F.3d at 750 (same); *Tarnow,* 749 F.2d at 467.

These decisions are distinguishable from this case, where HSBC timely filed its proof of claim. Because this case does not concern a late-filed or non-filed claim, § 506(d)(2)'s exception does not apply. Moreover, the equitable concerns animating the decisions of our sister circuits do not apply with the same degree of force to the case before us. A creditor who files an untimely claim has little choice but to accept the disallowance of his claim because under the Bankruptcy Code, untimeliness is itself a basis for disallowance. *See* 11 U.S.C. § 502(b)(9). Interpreting § 506(d) to void such a claim would automatically transform a timing mistake into a death knell for the lien securing the claim. Thus, our sister circuits concluded, such a lienholder should forfeit the right to participate in the bankruptcy proceeding—and lose the opportunity "to stand in line as an unsecured creditor for that portion of debt that is not adequately secured," *Shelton,* 735 F.3d at 749 ; *see Tarnow,* 749 F.2d at 465 — but should not lose its lien. Rather, those courts concluded that the lienholder ought to retain whatever rights it has under state law to enforce the lien.....

Id at 489,490:

Both parties agree that neither of the exceptions under § 506(d)(1)-(2) applies. Looking at the main text of the provision, § 506(d) authorizes the voiding of liens securing claims that have been deemed "not an allowed secured claim." The most straightforward reading of the text suggests that if a creditor's claim has not been "allowed" in the bankruptcy proceeding, then "such lien is void." "Void" means "[o]f no legal effect" or "." Black's Law Dictionary (10th ed.2014). Accordingly, Congress's language appears unequivocal: § 506(d)'s clear and manifest purpose is to [null]ify a creditor's legal rights in a debtor's property if the creditor's claim is "not allowed," or disallowed.

The Supreme Court's decision in *Dewsnup v. Timm,* 502 U.S. 410 (1992), confirms this interpretation. There, a Chapter 7 debtor sought to use § 506(d) to void a creditor's lien on his property, arguing that the creditors' claim was not an "allowed secured claim" because it

was under secured—in other words, the value of the property
supporting the creditor's lien was less than the value of the claim. Id.
at 413. *Dewsnup* rejected the debtor's argument, holding that§ 506(d)
did not void the lien on his property because the creditor's claim had
been fully "allowed."Id.at 417. The Court reasoned that its reading
"gives the provision the simple and sensible function of voiding a lien
whenever a claim secured by the lien itself has not been allowed" and
"ensures that the Code's determination not to allow the underlying
claim against the debtor personally is given full effect by preventing
its assertion against the debtor's property." Id. at 415–16.

Id at 489:

This case is a good example: HSBC timely filed its proof of claim,
…and then had a full and fair opportunity to contest the disallowance
of its claim—it simply chose not to.

Id at 491:

We therefore affirm the bankruptcy court's conclusion that § 506(d)
authorized the voidance of HSBC's lien. These facts present a
straightforward application of § 506(d)'s textual command.

*In re Lane,* , 589 B.R. 399, 403 (B.A.P. 9th Cir. 2018) does not help Appellees

because there was no proof of standing attached to the Claim #10 and no party has

moved to set aside the Claim Disallowance Order:

BONY then filed a $676,361.19 secured proof of claim for the first-
position lien against the Property ("Claim"). Attached to the Claim
were copies of the original deed of trust and promissory note in favor
of the original lender, Countrywide Home Loans, Inc., and a recorded
assignment of the note and deed of trust to BONY in January 2011.
The note was endorsed in blank…..

*Id* at 404: After reopening Lane's bankruptcy case in April 2016,
BONY moved to set aside the Claim Disallowance Order….

7

*Id* at 410: The documents attached to the Claim established BONY's standing. As such, the Claim Disallowance Order should never have been entered.

In fact, *In re Lane* supports the Smiths' argument for lack of standing of the

alleging creditors, as set forth in the Smiths' Appellants' Brief.  Quoting

*In re Lane* at 408:

> In the context of a claim objection under § 502(b), the question of whether standing is a substantive or procedural objection has been addressed by only a few courts. However, those courts are unanimous in stating that it is a substantive objection under § 502(b)(1), which provides that a claim may be disallowed to the extent it is unenforceable against a debtor under any applicable law, including state law. See In re Richter, 478 B.R. 30, 48-49 (Bankr. D. Colo. 2012) ; Pursley v. eCAST Settlement Corp. (In re Pursley), 451 B.R. 213, 231-32 (Bankr. M.D. Ga. 2011) ; In re King, 2009 WL 960766, at *5 (Bankr. E.D. Va. Apr. 8, 2009) ; In re Cleveland, 396 B.R. 83, 93-94 (Bankr. N.D. Okla. 2008).

> In Richter, the court held that "a challenge to standing is a substantive objection under § 502(b)(1) because if a claimant has not proven it is the owner of a claim with a right to payment (i.e. the party with standing), the claim is unenforceable against the debtor under state law." 478 B.R. at 49.

> In Cleveland, one of the debtors' assertions in their claim objection was that they had no liability to the claimant because the claimant, an assignee, had not proven it was the owner of the claim with a right to payment. 396 B.R. at 93. In ruling that standing is a substantive objection in the claim objection process, the court stated:

> In the face of a substantive objection by a party in interest, the Court is required to determine the amount of each claim as of the petition date, and to allow the claim in that amount, except to the extent the claim is unenforceable against the debtor or the debtor's property under applicable law. Claimants therefore must first establish that they hold enforceable claims against the respective Debtors.

Id.

In Pursley, the debtors admitted to the existence of their credit card debt but disputed the claimant's standing to enforce the debt. 451 B.R. at 231. The court held:

> To start, it *is* a substantive objection if a party claims not to owe money to another party; that goes directly to the validity of the claim. It is not enough 'that the debtor owes *someone* money; the issue is whether the debtor (and hence the bankruptcy estate) owes it to the party filing the proof of claim.'

Id. at 231-32 (quoting In re King, 2009 WL 960766, at \*5 ). See also In re Gilbreath, 395 B.R. 356, 365 n.3 (Bankr. S.D. Tex. 2008) (debtors' claim objection based on claimant's alleged lack of standing due to no proof of the assignment was a substantive objection).

We are persuaded by the reasoning of these courts, that a challenge to a claimant's standing is a substantive objection under § 502(b)(1), and not merely a procedural one, because it goes directly to the claimant's ability to enforce the debt. Veal v. American Home Mortgage, Inc. (In re Veal), 450 B.R. 897 (9th Cir. BAP 2011), also supports our holding:

> In the context of a claim objection, both the injury-in-fact requirement of constitutional standing and the real party in interest requirement of prudential standing hinge on who holds the right to payment under the Note and hence the right to enforce the Note.... Otherwise, the estate may pay funds to a stranger to the case; indeed, the primary purpose of the real party in interest doctrine is to ensure that such mistaken payments do not occur.

Id. at 920. Further, § 502(b)(1) compels this result. It directs a bankruptcy court to disallow a claim if it can be defeated by a legitimate non-bankruptcy defense. "Inability to qualify as a 'person entitled to enforce' a promissory note under the UCC would be one such defense." Tarantola v. Deutsche Bank Nat'l Tr. Co. (In re Tarantola), 491 B.R. 111, 121 (Bankr. D. Ariz. 2013).

In the present case, attached to the Claim #10 was one page showing an itemized payoff balance and one photocopied page from a security instrument that did not reference Countrywide Home Loans, Inc. or HSBC in any capacity. Therefore, there was no standing established. As set forth in Appellants' Brief, the Smiths objected to Countrywide Home Loans, Inc.'s Claim #10 on the basis of standing. Subsequently, Claim #10 was disallowed in its entirety upon objection by the Trustee. None of the Appellees, Countrywide Home Loans, Inc., nor Nationstar Mortgage objected to the Trustee's motion for claim disallowance; nor did they move the Bankruptcy Court to set aside the Disallowance Order. Furthermore, certified SEC documents in the record dispute the real party in interest with standing of Countrywide Home Loans Inc. and HSBC Bank USA, National Association as Trustee for the Holders of BCAP LLC Trust 2006-AA2. As in *National Capital Management v. Gammage-Lewis,* No. 5:10-cv-00468-F (E.D. N.C. Aug. 14, 2012), the proper documentation of a secured lien was not attached to the Claim and there was no objection to the Trustee's motion for claim disallowance. As in *Blenheim,* supra, Countrywide Home Loans, Inc. filed a timely claim but there was a substantive defect: lack of proof of standing; and no party objected to the Trustee's motion for claim disallowance.

Regardless, as the Smiths noted in their Appellants' Brief, <u>the Claim #10 was disallowed by Order of the Bankruptcy Court, Bankr.Dkt.#603, due to the</u>

<u>Objection of the Trustee, Bankr.Dkt.#588</u>.  <u>Until that Order has been set aside by a real party in interest with standing to move the Court to do so, the disallowance Order stands</u>.  Claim #10 was denied "in its entirety".  Consequently, the disallowance of Countrywide Home Loans, Inc.'s Claim #10 rendered the lien void under 11 U.SC. § 506(d).  Pursuant to the discharge order of the Bankruptcy Court on June 1, 2016, the void lien having <u>not</u> referenced Countrywide Home Loans, Inc. or HSBC in any capacity and the debt having again become the Smiths' personal liability upon abandonment by the estate in 2012[2], the debt was discharged.  As Mr. Cooper, a/k/a Nationstar Mortgage, acknowledged: "the debt associated with the above-reference property [311 10th Street Unit B, Saint Simons Island, GA 31522] was subject of a bankruptcy proceeding and discharged by order of the Court." **Exhibit A**. [3]

Appellees theorize in their Briefs that Section 506(d) is not literal.  However, the Supreme Court of the United States disagrees with any such dismissal of a

---

[2]      <u>See</u> II.R. Rep. No. 95-595, 95th Cong., 1st. Sess. 340 (1977), *reprinted in* 1978 U.S. Code Cong. Ad.News, 5787, 5963, 6296-97. H.R. Rep. No. 95-595 at 343 (1977)(stating that, while § 362(c)(1) terminates the automatic stay as to estate property when the subject property is no longer estate property, that provision "does not terminate the stay against property of the debtor if the property leaves the estate and goes to the debtor.").

[3]      **Exhibits** referenced herein are those attached to the <u>Emergency Motion to Enforce Discharge Injunction and Motion for Issuance of an Order to Respondents to Show Cause Why They Should Not Be Held in Contempt</u>, Bankr.Dkt.#755; included in the record in this case, 2:19-cv-73 at Dkt.#11.

statute. When the plain and unambiguous language of the statute does not lead to absurd results, the courts' only role is to apply the statute according to its terms. *Lamie v. United States Trustee*, 540 U.S. 526, 534 (2004); See also *Schindler Elevator Corp. v. United States ex rel. Kirk,* — U.S. —, 131 S.Ct. 1885, 1893 (2011) (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997)). There is nothing ambiguous in the language of 11 U.S.C. Section 506(d):

> (d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless—
> (1)
> such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or
> (2)
> such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

None of the exceptions applies in the present case. Therefore, the court's only role is to apply the statute as clearly written. *Dewsnup v. Timm*, 502 U.S. 410 (1992) further enforces the literal reading of Section 506(d). *Dewsnup*'s holding clarifies that § 506(d)'s voidance mechanism turns on claim allowance. See *Bank of America, N.A. v.Caulkett*,135 S. Ct. 1995, 1999 (2015) (affirming *Dewsnup*'s interpretation of § 506(d)). See also 4 Collier on Bankruptcy ¶ 506.06[1][a] ("[*Dewsnup*] determined that section 506(d) does not void liens on the basis of whether they are secured under section 506(a), but on the basis of whether the underlying claim is allowed or disallowed . . . .").

In the present case, because Claim #10 was disallowed "in its entirety", there are no *in rem* rights with regard to the void lien. Consequently, the Bankruptcy Court erred in concluding that the subject lien was not void and erred in concluding that there were *in rem* rights associated with the void lien.

## A. Violation of the Discharge Injunction was Knowing and Willful.

Contrary to Appellees claim that the Smiths had not shown how Appellees had violated the discharge injunction, the Smiths offer their Contempt Motion and their Briefs. As quoted from Appellants' Brief at p. 11:

> On May 18, 2018 the Smiths received the Letter from Mr. Cooper, a/k/a Nationstar Mortgage. *See* Letter, **Exhibit A**.[4] In the Letter Mr. Cooper acknowledged that according to its records the debt associated with the subject property at 311 10th Street, Unit B, Saint Simons Island, GA 31522 was discharged by Order of the Court in Case Number 07-20244. The loan number referenced is 611005117. Note that the loan number is the same as the loan number on the Notice from Nationstar Mortgage LLC, dated April 24, 2014, **Exhibit B**, identifying itself as servicer for the subject loan and stating that the foreclosure would be conducted in the name of : HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR HOLDERS OF THE BCAP LLC TRUST 2006-AA2 ("Noteholder"). Subsequently, on March 24, 2015 Rubin Lublin, LLC as attorney for HSBC Bank USA, National Association as Trustee for The Holders of BCAP LLC Trust 2006-AA2 ("Foreclosing Entity") sent Notice of Acceleration and Foreclosure with regard to the subject property with identifying

---

[4]     As noted in the letter, **Exhibit A**:  "Mr. Cooper is a brand name for Nationstar Mortgage LLC. Nationstar Mortgage LLC is doing business as Nationstar Mortgage LLC d/b/a Mr. Cooper. Mr. Cooper is a registered service mark of Nationstar Mortgage LLC." Nationstar Mortgage began doing business as Mr. Cooper in August, 2017. The Letter from Mr. Cooper was submitted to the Bankruptcy Court on May 23, 2018 as an attachment to Plaintiffs' Supplement: New Evidence, Dkt. #25and#26, in support of their Response, Dkt. #6 and Dkt. #7 in opposition to dismissal of Adversary Proceeding 17-02016-MJK.

File No. NAT-14-02718-4, **Exhibit C.** *See* also Deed Under Power, **Exhibit D,** filed by Rubin Lublin, LLC on behalf of Nationstar Mortgage LLC as Attorney in fact for HSBC Bank USA, National Association as Trustee for the Holders of BCAP LLC Trust 2006-AA2. As previously presented to the Bankruptcy Court and this Court, it was also learned during the eviction that Balch & Bingham, attorneys conducting the eviction, were employed by Nationstar Mortgage. The new law firm replacing Balch & Bingham, McGuire Woods, is also employed by Nationstar Mortgage.[5] Consequently, all the parties had access to the record referred to in the letter by Mr. Cooper, a/k/a Nationstar Mortgage LLC, acknowledging: "Our records indicate that the debt associated with the above-reference property [311 10th Street Unit B, Saint Simons Island, GA 31522] was subject of a bankruptcy proceeding and discharged by order of the Court." **Exhibit A.**

As quoted from Appellants' Brief at p. 32:

> **1.   Respondents (with the exception of Ronnie Perry Realty and Jill Jernigan) knew or should have known that the Trustee had objected to Claim #10 of Countrywide Home Loans, Inc., Bankr. Dkt. #588; and on March 11, 2013 the Bankruptcy Court issued an Order disallowing Claim #10, Bankr. Dkt #603.**
>
> As set forth above, Respondents had access to the record referred to in the letter by Mr. Cooper, a/k/a Nationstar Mortgage LLC, acknowledging: "Our records indicate that the debt associated with the above-reference property [311 10th Street Unit B, Saint Simons Island, GA 31522] was subject of a bankruptcy proceeding and discharged by order of the Court." **Exhibit A.** Nonetheless, Respondents proceeded in open defiance of the Bankruptcy Stay under 11 U.S.C. Section 362(a) and/or the discharge injunction under 11 U.S. Code § 524(a).

---

[5]   Geremy Gregory and Christopher Anulewicz of Balch & Bingham represented themselves to the Courts as attorneys for HSBC Bank USA, N.A.; however, during the dispossession it was learned that both were employed by Nationstar Mortgage. Now, Paul Rogers of McGuire Woods, LLP, the new law firm replacing Balch & Bingham, represents himself as attorney for Respondents, HSBC Bank USA, N.A. et al when he has admitted that Balch & Bingham is employed by Nationstar Mortgage (Bankr. Adversary 17-02016-MJK; District Court CV217-156).

**2. Respondents Rubin Lublin LLC, Bret Chaness and Peter Lublin of Rubin Lublin, LLC knew or should have known that on December 4, 2013 Nationstar Mortgage as Servicer for HSBC Bank USA, National Association as Trustee for Holders of BCAP LLC Trust 2006-AA2 chose to withdraw its motion for relief of stay with knowledge that the subject claim #10 had been disallowed by Order of the Bankruptcy Court on March 13, 2013; and chose to proceed to foreclosure on May 15, 2015 utilizing the same security deed which had been attached to the disallowed claim.**

Only a real party in interest can be granted relief of stay under 11 U.S.C. 362(d), proof of which is incumbent upon the alleging creditor.  Knowing that it could not prove a real party in interest, Nationstar Mortgage as Servicer for HSBC Bank USA, National Association as Trustee for Holders of BCAP LLC Trust 2006-AA2, withdrew its motion for relief of stay on December 4, 2018.  See Motion, Dkt. #623, and Withrawal, Dkt. #625.  Nonetheless, HSBC Bank USA, National Association as Trustee for Holders of BCAP LLC Trust 2006-AA2, proceeded to foreclosure May 15, 2015 utilizing the same security deed, having had full knowledge, as shown above, that the subject claim by Countrywide Home Loans Inc., Claim #10, had been disallowed by Order of the Bankruptcy Court in 2013, Dkt. #603.  Said action constitutes open defiance of one or more orders of the Court with regard to the bankruptcy stay under 11 U.S.C. § 362(a) and/or the discharge injunction under 11 U.S. Code § 524(a).

**3. Respondents, Balch &Bingham LLP, Geremy Gregory and Christopher Anulewicz of Balch and Bingham had knowledge of the Order disallowing the subject claim, Dkt. # 603 and the Discharge Order, Dkt #699, filed in the Bankruptcy Case 07-20244 on June 1, 2016.**
However, Balch & Bingham LLP, by and through it agents, Geremy Gregory and Christopher Anulewicz , chose to proceed to eviction in the Superior Court, representing HSBC Bank USA, N.A., and argued

that no injunction existed.[6] *See* Writ of Possession, **Exhibit E**, granted to HSBC Bank USA, N.A. on October 20, 2016 in violation of the bankruptcy stay/and or discharge injunction.  Furthermore, Geremy Gregory did not give the Order of the District Court, Bankr. Dkt. #727, to the Sheriff, to ensure that the eviction would proceed.[7] Geremy Gregory, at the instruction of Christopher Anulewicz, had the eviction movers proceed with removal of Marvin Smiths' family heirlooms, despite the fact that the eviction mover said that it was necessary to have certain items removed by lift.  Consequently, special family pieces of furniture were significantly damaged.  All of these actions took place with full knowledge, as shown above, of the bankruptcy stay and/or discharge injunction, because Balch & Bingham had access to Nationstar Mortgage's records.  Said actions constitute open defiance of one or more bankruptcy orders with regard to the bankruptcy stay under 11 U.S.C. § 362(a) and/or discharge injunction, including " the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived" in violation of 11 USC §524(a)(2).

**4.  Respondents, McGuire Woods, LLP, Paul A Rogers, Thomas R. Walker and Jarrod S. Mendel, as successor attorneys employed by**

---

[6]      See Memorandum Decision, **App.U** , **at a-106** :  In re Salov, Case No. 13-37269, June 6, 2014.  Nationstar Mortgage was the violator of the stay. The Court stated: "Creditors could have prevented this outcome by doing a very simple thing—filing a motion for relief from the automatic stay prior to proceeding in state court against the Debtor.  Instead, Creditors unilaterally concluded that no stay was in effect and the Debtor had no interest in the property. This was an incorrect assumption.  Accordingly, Debtor has met the requirements for punitive damages."

[7]      On August 10, 2017 HSBC Bank USA, N.A. began the eviction of the Smiths from their home, which was completed on August 14, 2017.  Geremy Gregory of Balch and Bingham LLP, alleged attorney for HSBC Bank USA, N.A., gave Col. Futch, of the Glynn County Sheriff's Department, the Order denying the stay and they proceeded with the dispossession.  However, Geremy Gregory, knowing the Sheriff's office was awaiting the Bankruptcy ruling before proceeding to dispossession, did not give Col. Futch the second Order of the District Court filed in the Smiths' Bankruptcy Case 07-20244 on August 9, 2017, Bankr. Dkt. #727, ordering the Bankruptcy Court to file and rule upon the motions regarding violation of the stay.  Geremy Gregory had access to the internet and to Pacer; the Smiths had been deprived of the access due to the dispossession and did not receive the second Order until about August 15, 2017.

**Nationstar Mortgage, had knowledge of the Order disallowing the subject claim, Dkt. # 603 and the Discharge Order, Dkt #699, filed in the Bankruptcy Case 07-20244 on June 1, 2016.**
Nonetheless, the McGuire Woods attorneys, representing HSBC Bank USA, N. A. and HSBC Bank USA, National Association as Trustee for Holders of BCAP LLC Trust 2006-AA2 in Bankr. Adversary 17-02016-MJK, in District Court Case CV217-156, continued in defiance of the discharge injunction, even after having been served with Plaintiffs' Supplement: New Evidence, Dkt. #25 and Dkt. #26 in adversary proceeding No. 17-02016-MJK on May 23, 2018. Said actions constitute open defiance of one or more bankruptcy orders with regard to the bankruptcy stay under 11 U.S.C. § 362(a) and/or the discharge injunction, including "continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor" in violation of 11 U.S.C § 524(a)(2).

The subject property had been abandoned by the Estate April 25, 2012, Bankr.Dkt.#555, and had again become the Smiths' personal liability which was discharged after the Claim #10 had been disallowed by Order of the Bankruptcy Court and the lien had been rendered void pursuant to Section 506(d), as set forth in Appellants' Brief and above. As Mr. Cooper, a/k/a Nationstar Mortgage, acknowledged: "Our records indicate that the debt associated with the above-reference property [311 10th Street Unit B, Saint Simons Island, GA 31522] was subject of a bankruptcy proceeding and discharged by order of the Court." **Exhibit A.** Appellees (with the exception of Ronnie Perry Realty and Jill Jernigan) were employed by Nationstar Mortgage and had access to all of the records; therefore, the violation of the discharge injunction was done knowingly and willfully.

17

Appellees knew that there were no *in rem* rights associated with the void lien, because Claim #10 had been disallowed "in its entirety"; otherwise, "the debt associated with the above-referenced property" would not have been "discharged by Order of the Court", **Exhibit A**.  As Appellees knew and stated in their Briefs : " a discharge only extinguishes a creditor's in personam rights against a debtor, not in rem rights against property."  Nonetheless, Appellees persisted with foreclosure in 2015 and dispossession utilizing the void lien to which no *in rem* rights attached, knowing that the debt had been discharged as an unsecured debt.  All of the actions of Appellees with regard to foreclosure and dispossession utilizing the void lien constitute " the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived" in violation of  11 U.S.C § 524(a)(2).  The Smiths were deprived of their home and right to quiet possession of their property.  Appellees subsequently attempted to sell the subject property, Claim #10 for which debt had been disallowed in its entirety, evidencing the act "to recover or offset any such disallowed debt as a personal liability of the debtor" in violation of 11 U.S.C § 524(a)(2).  See **Exhibit G**.

   After having been made aware of the Letter, **Exhibit A**, in May of 2018, Appellees made no effort to rectify the violation, but instead have since argued that no violation exists. *In re Hardy*, 97 F.3d 1384, 1389–90 (11th Cir. 196) the

Eleventh Circuit found that "the focus of the court's inquiry in civil contempt proceedings is not on the subjective beliefs or intent of the alleged contemnors in complying with the order, but whether in fact their conduct complied with the order at issue."

## II. Violation of the Bankruptcy Stay under 11 U.S.C. 362(a)

HSBC Bank USA, National Association as Trustee for the Holders of BCAP LLC Trust 2006-AA2, nor its alleged servicing agent Nationstar Mortgage[8], was ever granted relief of stay.  HSBC Bank USA, N.A. as Trustee for the Holders of **BCAP LLC Trust 2006-AA2,** having never requested relief of stay, proceeded in violation of 11 U.S.C. § 362(a) to foreclosure and HSBC Bank USA and HSBC Bank USA, N.A., having never requested relief of stay, proceeded to dispossession; therefore, all actions are void and without effect. *Borg-Warner Acceptance Corp. v. Hall*, 685 F.2d 1306, 1308 (11th Cir.,1982) the Eleventh Circuit Court, citing. *Kalb v. Feuerstein*, 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370 (1940).  The foreclosure took place May 5, 2015, **Add.Q,a-55**, after abandonment of the subject property and prior to discharge on June 1, 2016, in violation of 11 U.S.C. § 362(a)(1) and/or §362(a)(5). The subject property had been abandoned by

---

[8]    On December 4, 2013 Nationstar Mortgage as Servicer for HSBC Bank USA, National Association as Trustee for Holders of **BCAP LLC Trust 2006-AA2** filed a motion for relief of stay attaching the Assignment, Bankr.Dkt.#623, **App.O,a-44**; which was withdrawn on 12/5/2013, Bankr.Dkt.#625, **App.P,a-51**. The Smiths learned during eviction that the agents were employed by Nationstar.

the Estate April 25, 2012, Bankr.Dkt.#555, and had again become the debtors'
property. See H.R. Rep. No. 95-595, 95th Cong., 1st. Sess. 340 (1977), *reprinted*
*in* 1978 U.S. Code Cong. Ad.News, 5787, 5963, 6296-97. H.R. Rep. No. 95-595 at
343 (1977)(stating that, while § 362(c)(1) terminates the automatic stay as to estate
property when the subject property is no longer estate property, that provision
"does not terminate the stay against property of the debtor if the property leaves
the estate and goes to the debtor.").

The Smiths' bankruptcy case remains open and the stay remains in effect
under 11 U.S.C. § 362(a)(3) with regard to the Smiths' property and rights,
including possessory rights which are owned by the Estate.  The Smiths filed an
adversary proceeding in the Bankruptcy Court, No. 17-02016 which was dismissed
with prejudice the same day the Contempt Motion was denied; dismissal of which
is now under appeal in this Court, Case No. 2:19-cv-76.  However, the present
Contempt Motion does not require an adversary proceeding. See *In re McClean;*
*Green Point Credit, LLC et al v. McClean*, Case No.14-14002, 11th Cir.
07/23/2015, the Eleventh Circuit Court stated:

> The Federal Rules of Bankruptcy Procedure list ten different types of
> adversary proceedings, none of which is an action to enforce the
> discharge injunction. See Fed. R. Bankr. P. 7001. A contested matter,
> conversely,is any litigation resolving an "actual dispute, other than an
> adversary proceeding, before the bankruptcy court." Fed. R. Bankr. P.
> 9014 advisory committee's note. Indeed, Federal Rule of Bankruptcy
> Procedure 9020 specifically provides that "a motion for an order of
> contempt" is governed by Rule 9014, which relates to contested

matters. Thus, "[g]enerally speaking, civil contempt sanctions for the violation of the discharge injunction must be sought by contested matter rather than an adversary proceeding." Chionis v. Starkus (In re Chionis), No. CC-12-1501, 2013 WL 6840485, at *4 (B.A.P. 9th Cir. Dec. 27, 2013); see Barrientos v. Wells Fargo Bank, N.A., 633 F.3d 1186, 1190 (9th Cir. 2011)(contempt proceedings are always contested matters).

As set forth in Appellant's Brief 2:19-cv-73, which incorporated Appellant's Brief 2:19-cv-76, only a real party in interest with Article III standing can be granted relief of stay, proof of which is incumbent upon the alleging creditor. *See* the partial summary quoted above. There is absolutely nothing in the record to prove HSBC' s real party in interest with standing.  The Consent Order granting relief of stay to Countrywide Home Loans, Inc. as Servicing Agent for HSBC Bank USA, National Association as Trustee for the Holders of BCAP LLC Trust 2006-AA2  is void *ab initio* for lack of subject matter jurisdiction and all subsequent orders predicated on the Consent Order are void also.  Subject-matter jurisdiction cannot be conferred upon the court by consent and the principles of res judicata and collateral estoppel do not apply. See In *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694 (1982).  See the full argument and citations, Appellants' Brief No. 2:19-cv-76, pp. 16 through 36. Therefore, HSBC Bank USA, National Association as Trustee for the Holders of BCAP LLC Trust 2006-AA2 cannot have been granted relief of stay through the Consent Order.  Certified SEC documents in the record dispute the real party in interest of

21

the alleging creditors. Said documents prove that the Smiths' mortgage was never

in the BCAP LLC Trust 2006-AA2 and that Countrywide Home Loans, Inc. was

not the Servicing Agent for HSBC Bank USA, National Association as Trustee for

the Holders of BCAP LLC Trust 2006-AA2.

The subject property was foreclosed upon May 5, 2015 in violation of the

stay by HSBC Bank USA, National Association as Trustee for the Holders of

BCAP LLC Trust 2006-AA2. The subject property had been abandoned by the

Estate April 25, 2012, Bankr.Dkt.#555, and had again become the debtors'

property. See In re Cruseturner, 8 B.R. 581 at 589, 590 (Bankr. D. Utah 1981)

where the Court provided a cogent analysis of the interrelationship between

Section 362(a)(5) and Section 554, concluding : "Thus, if property leaves the estate

and goes back to the debtor, this property is specifically protected by Section

362(a)(5) from creditor action." Citing H.R. Rep. No. 95-595, supra at 343, U.S.

Code Cong. Admin. News 1978, p. 6299.

See also In re Perry, 29 B.R. 787 at 793, 794 (Bankr. D. Md. 1983):

> Returning to the question as to the scope of protection afforded the
> debtor by Section 362, it is initially apparent that the automatic stay
> protects both property of the estate and property of the debtor.
> Specifically, Section 362(a)(3) stays "any act to obtain possession of
> property of the estate or of property from the estate," and Section
> 362(a)(5) stays
>> any act to create, perfect, or enforce against property of the
>> debtor any lien to the extent that such lien secures a claim that
>> arose before the commencement of the case under this title.

11 U.S.C. § 362(a)(3), 362(a)(5). *See In re Cruseturner, supra* at 589-90. Clearly then, the stay applies to property in the debtor's possession at the time of filing, and remains in effect should the trustee thereafter abandon such property.

Next, it is important to consider the duration of the stay. Section 362(c) provides:
. . . (1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate; . . . .

The House Report accompanying Section 362(c) explains this provision in the following terms:
Subsection (c) of Section 362 specifies the duration of the automatic stay. Paragraph (1) terminates a stay of an act against property of the estate when the property ceases to be property of the estate, such as by sale, abandonment, or exemption. It does not terminate the stay against property of the debtor if the property leaves the estate and goes to the debtor. . . . .

H.R. Rep. No. 95-595, *supra* at 343, 1978 U.S. Code Cong. Ad.News at 6299. It is therefore apparent (1) that the stay remains in effect as long as the property remains in the debtor's estate; and (2) that upon abandonment by the trustee, the property leaves the estate and goes back to the debtor, in which case it is protected from creditor action, absent circumstances justifying modification of the stay, until a discharge is either granted or denied in accordance with Section 362(c)(2)(C). *In re Cruseturner, supra* at 590.

Consequently, in the present case the foreclosure took place May 5, 2015 in violation of the stay under 11 U.S.C. § 362(a)(1) and/or §362(a)(5).   Upon the Smiths' discharge on June 1, 2016 the stay ended under 11 U.S.C. § 362(a)(1) and/or §362(a)(5).  However, the stay remained in effect under 11 U.S.C. § 362(a)(3) with regard to the Smiths' property and rights, including possessory rights which continued to be Estate property.  Therefore, the dispossessory action

23

which was initiated on May 6, 2016, **App. I,a-22,** took place in violation of 11

U.S.C. § 362(a)(1) and/or §362(a)(5) and/or § 362(a)(3).  Subsequent to the

Smiths' discharge on June 1, 2016, the acts of Appellees with regard to

dispossession took place in violation of 11 U.S.C. § 362(a)(3).   The Smiths'

bankruptcy case remains open and the stay remains in effect under 11 U.S.C. §

362(a)(3) with regard to estate property, including the Debtors/Smiths' property

and possessory rights, which are owned by the estate, until such time as the estate

is closed.

11U.S.C. §554:

> (c) Unless the court orders otherwise, any property scheduled under
> section 521(a)(1) of this title not otherwise administered <u>at the time of
> the closing of a case is abandoned to the debtor</u> and administered for
> purposes of section 350 of this title.

There is no abandonment to the debtors until the case is closed; at which time the

Smiths' property and rights will no longer be property of the Estate under 11

U.S.C. §362(c)(1).  Or, in some cases, even after the case is closed the Debtors'

rights continue to be property of the Estate:  <u>See</u> 11 U.S.C. § 554(d) ("[u]nless the

court orders otherwise, any property of the estate that is not abandoned...and that is

not administered in the case remains property of the estate."); In re Warmbrand,

2013 Bankr. LEXIS 4786, at *13 ("when a debtor fails to disclose litigation claims

or rights, those rights remain property of the bankruptcy estate even after a case is

closed..." (citations omitted))

Clearly, the Smiths possessory rights have been violated.  See *In Re Salov*,

510 B.R. 720 (2014), **App.U,a-96:**

> The Debtor filed a motion for contempt by Order to Show Cause
> against Federal National Mortgage Association ("FNMA") and
> Nationstar Mortgage, LLC ("Nationstar") alleging a violation of the
> automatic stay pursuant to 11 U.S.C. § 362(a)(1) and 11 U.S.C. §
> 362(a)(3). The asserted violation arises from the issuance of a post-
> petition summons and complaint seeking a writ of assistance where
> the parties were notified of the bankruptcy filing. For the reasons set
> forth in this memorandum decision, the Court finds that a violation of
> the automatic stay did occur and awards damages.

Id at 729

> "It is well settled that a debtor's mere possessory interest in premises,
> even absent any legal interest, is protected by the automatic stay." *In
> re Dominguez,* 312 B.R. 499, 506 (Bankr.S.D.N.Y.2004) (citing *In re
> 48th Street Steakhouse,* 835 F.2d 427, 430 (2d Cir.1987) ("A mere
> possessory interest in real property, without any accompanying legal
> interest, is sufficient to trigger the protection of the automatic stay.")).
> Courts in all ten circuits have found that the automatic stay protects a
> possessory interest in property. *See I.C.C. v. Holmes Transp., Inc.,*
> 931 F.2d 984 (1st Cir.1991); *Cuffee v. Atlantic Bus. & Cmty. Dev.
> Corp. (In re Atlantic Bus. & Cmty. Corp.),* 901 F.2d 325 (3d
> Cir.1990); *Conn. Pizza, Inc. v. Bell Atlantic-Washington, D.C., Inc.
> (In re Conn. Pizza, Inc.),* 193 B.R. 217 (Bankr.D.Md. 1996); *Boydstun
> v. Reed,* 218 B.R. 840 (N.D.Miss.1998); *Convenient Food Mart No.
> 144 v. Convenient Indus. America, Inc. (In re Convenient Food Mart
> No. 144, Inc.*), 968 F.2d 592 (6th Cir.1992); *In re Wright,* 183 B.R.
> 541 (Bankr.C.D.Ill.1995); *Lankford v. Advanced Equities (In re
> Lankford),* 305 B.R. 297 (Bankr.N.D.Iowa 2004); *Galam v. Carmel
> (In re Larry's Apartment, L.L.C.*), 249 F.3d 832 (9th Cir. 2001); *In re
> Gagliardi,* 290 B.R. 808 (Bankr.D.Colo.2003); *Addon Corp. v.
> Gaslowitz (In re Addon Corp.),* 231 B.R. 385 (Bankr.N.D.Ga.1999).
> "[Λ] possessory interest in real property is within the ambit of the
> estate in bankruptcy under Section 541, and thus the protection of the
> automatic stay of Section 362." *Atlantic Bus. & Cmty. Dev. Corp.,* 901
> F.2d at 328.

Judge Blackshear in *In re Reinhardt* discusses the fact that "federal legislative history supports the contention that Congress intended for residual possessory interest to fall within the definition of a bankruptcy estate." *In re Reinhardt,* 209 B.R. 183, 186-87 (Bankr.S.D.N.Y 1997). Judge Blackshear reasons that the failure of a 1992 bill to amend § 541(b) to include residential agreements is evidence of congressional intent to include mere possession in residential property as a protected interest under the Code. *Id.* at 187 ("The failure to enact this legislation ... is evidence of congressional intent to include mere possession in residential situations as an interest to be protected under the Code.").

**[510 B.R. 730]**

This conclusion is supported by the fact that a writ of assistance proceeding had to be commenced against the Debtor in the first place.

Id at 735:

Creditors could have prevented this outcome by doing a very simple thing — filing a motion for relief from the automatic stay prior to proceeding in state court against the Debtor. Instead, Creditors unilaterally concluded that no stay was in effect and the Debtor had no interest in the property. This was an incorrect assumption.

Accordingly, Debtor has met the requirements for punitive damages.

In the present case, violation of the stay has been repeatedly brought to the attention of Appellees by the Smiths; but Appellees, instead of filing a motion for relief of stay, incorrectly assumed and argued that no stay was in effect.  *In re Hardy*, 97 F.3d 1384, 1389–90 (11th Cir. 1996) the Eleventh Circuit  found that "the focus of the court's inquiry in civil contempt proceedings is not on the subjective beliefs or intent of the alleged contemnors in complying with the order, but whether in fact their conduct complied with the order at issue."

26

## **CONCLUSION**

For the reasons set forth in Appellants' Brief in the present case, incorporating Appellants' Brief Case No. 2:19-cv-76, and set forth in the present Reply Brief, incorporating herein Appellants' Reply Brief in Case 2:19-cv-76, this Court should reverse the Contempt Order, Bankr.Dkt.#758, and remand to the Bankruptcy Court with instruction to issue its Order compelling Respondents/Appellees to show cause why they should not be held in contempt of one or more orders of the Court with regard to the Bankruptcy Stay under 11 U.S.C. § 362(a) and/or the Discharge Injunction under 11 U.S.C. § 524(a).

Respectfully submitted this 15th day of October, 2019.

Marvin B. Smith, III

Sharon H. Smith

Debtors/Appellants *Pro se*

27

## CERTIFICATE OF SERVICE

We certify that we have this day served the parties below with a copy of this

**APPELLANTS' REPLY BRIEF:**

R. Michael Souther
P.O. Box 978
Brunswick, GA 31521
*Chapter 7 Trustee*

Matthew Mills
2 East Bryan Street, Ste. 725
Savannah, GA 31401
*U.S. Trustee*

Jennifer R. Burbine
McGuire Woods LLP
1230 Peachtree Street, N.E.
Promenade II, Suite 2100
Atlanta, GA 30309-3534
*Attorney for HSBC Bank USA, HSBC Bank USA, N.A., HSBC Bank USA, National
Assoc. as Trustee for the Holders of BCAP LLC Trust 2006-AA2,
McGuire Woods, LLP
Jarrod S. Mendel, Paul A. Rogers*

Patrick J. Burke
President and CEO of HSBC Bank USA, N.A.
2929 Walden Avenue
Depew, NY 14043
*Pro Se*

Geremy Gregory
Christopher Anulewicz
Balch & Bingham LLP
30 Ivan Allen Jr. Blvd. NW, Suite 700
Atlanta, GA 30308
*Attorneys for Balch & Bingham LLP and Pro Se*

Thomas R. Walker
Fisher Broyles, LLP
1200 Abernathy Road
Bldg. 600, Suite 1700
Atlanta, GA 30328
*Pro Se*

Bret Chaness
Rubin Lublin, LLC
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, Georgia 30071
*Pro se and Attorney for Rubin Lublin, LLC and Peter Lublin*

Ronnie Perry Realty Co., Inc.
c/o Jill Jernigan
Top Producers Coastal Georgia, Inc.
3144 Cypress Mill Road
Brunswick, GA 31525
*Pro Se*

Jill Jernigan
Top Producers Coastal Georgia, Inc.
3144 Cypress Mill Road
Brunswick, GA 31525
*Pro Se*

By placing the same in the United States Mail with sufficient postage affixed thereon to assure delivery.

Respectfully submitted this 15th day of October, 2019.

Marvin B. Smith, III

Sharon H. Smith
Debtors/ Appellants, *Pro se*
P.O. Box 22063
St. Simons Island, Georgia  31522
(912) 268-8117; smbsmith@comcast.net